1  **LAW OFFICES OF ALLA V. VOROBETS**
   Alla V. Vorobets, SBN 258586
2  *avorobets@vorobetslaw.com*
   Celia R. Bernal, SBN 150063
3  *cbernal.vorobetslaw@gmail.com*
   9270 Madison Avenue
4  Orangevale, CA 95662
   Tel:  (916) 966-8529
5  Fax:  (916) 966-8527
6
7  Attorney for Defendants
   TEACHBK, INC., ILYA KISELEV,
8  and ANDREI BURTSEV
9
                    **UNITED STATES DISTRICT COURT**
10                  **NORTHERN DISTRICT OF CALIFORNIA**
11

12 MIRIAM GOLDBERG, a/k/a Marina      )   **Case No.: 3:24-cv-4525**
   Sokolovskaya,                      )
13                                    )   **ANSWER TO PLAINTIFF'S COMPLAINT**
               Plaintiff,             )   **FOR DEFAMATION**
14        vs.                         )
                                      )
15 TEACHBK, INC., ILYA KISELEV, and   )
   ANDREI BURTSEV                     )
16                                    )
               Defendants.           )
17
   _____
18

19        Defendants TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV (collectively

20 "Defendants"), and each of them, deny this defamation-based action, the allegations contained in the

21 Complaint, and each of the claims contained therein, and hereby respectfully submit their Answer to

22 the Complaint filed by Plaintiff MIRIAM GOLDBERG a/k/a Marina Sokolovskaya

23 ("Sokolovskaya").  Defendants, and each of them, hereby admit, deny, and allege as follows:

24                              **I.  ANSWER**

25                          **NATURE OF THE CASE**

26        1.      Answering Paragraph 1 of the Complaint, Defendants state that Plaintiff purports to

27 bring a defamation action.  Except as expressly stated, Defendants deny they committed defamation,

28 deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

Plaintiff is entitled to any relief whatsoever.  Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations that she is the marketing director for a U.S. immigration law firm that assists Russian asylum seekers, and, on that basis, deny said allegations.  Defendants admit that Russian residents may, upon payment of a fee, obtain a personal interview with Defendants Kiselev and Burtsev (YouTubers, bloggers and formerly accredited journalists) to ask questions, discuss their situation, express concerns and learn additional details concerning Defendants' own experiences seeking asylum in the United States from persecution in Russia that may be pertinent to the subscriber's situation.  Defendants deny they offer immigration services.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 1.

## PARTIES, JURISDICTION AND VENUE

2.      Answering Paragraph 2 of the Complaint, Defendants state that Plaintiff Sokolovskaya has represented in videos she posts online that she is a resident of Brooklyn, New York, but Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about her residence, and, on that basis, deny said allegations.  Defendants admit that Modern Law Group appears to be a U.S.-based law firm that handles immigration cases.  Defendants deny that Plaintiff is a private figure or that Plaintiff lacks connection to the Russian government.  Plaintiff's allegation that "[t]o suggest that she has any support for or connection with the Russian government is false, defamatory…" are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required to this allegation, Defendants deny it.  Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and every remaining allegation in Paragraph 2.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that Defendant Kiselev is an individual residing in the state of California.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 3.

4.      Answering Paragraph 4 of the Complaint, Defendants admit that Defendant Burtsev is an individual that currently resides in Rocklin, California.  Except as expressly stated, Defendants

deny each and every remaining allegation in Paragraph 4.

5.     Answering Paragraph 5 of the Complaint, Defendants admit they run and administer various social media channels that post topics related to their personal travel/journey from Russia to the United States as Russian asylum seekers, as well as topics that are of general interest to the public related to the issues of immigration to the United States.  Defendants admit they incorporated TeachBK.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 5.

6.     Answering Paragraph 6 of the Complaint, Defendants admit Defendants Kiselev and Burtsev are the sole owners and shareholders of Defendant TeachBK, Inc.  Defendants admit Defendants Kiselev and Burtsev properly dissolved Defendant TeachBK's corporate status in Florida.  Defendants admit they administer accounts under the TeachBK moniker across various social media platforms.   Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 6.

7.     Answering Paragraph 7 of the Complaint, Defendants admit Plaintiff Sokolovskaya represented to Defendants that she was a resident of the state of New York.  Defendants admit Defendants Kiselev, Burtsev, and TeachBK are residents of the state of California, but deny that Defendant TeachBK is a former entity, and further deny that Defendant TeachBK's corporate status remains dissolved.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 7.  Paragraph 7 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8.     Answering Paragraph 8 of the Complaint, Defendants deny Defendant Kiselev resides in this District.  Defendants deny that any of their acts were or are wrongful.  Paragraph 8 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

9.     Answering Paragraph 9 of the Complaint, Defendants admit they received written

communications from Modern Law Group and Slater Legal law firms.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 9.

<b><u>INTRADISTRICT ASSIGNMENT</u></b>

10.     Answering Paragraph 10 of the Complaint, Defendants state that Paragraph 10 asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 10.

<b><u>GENERAL ALLEGATIONS</u></b>

11.     Answering Paragraph 11 of the Complaint, Defendants admit the TeachBK domain and website was created in October 2020 and that the TeachBK YouTube channel was launched in February 2021.  Defendants admit that neither Defendant Kiselev nor Defendant Burtsev are licensed as an attorney in the U.S. but deny any allegation that directly or impliedly alleges either of said Defendants offered any legal services or advice at any time and to any person as alleged in the Complaint.  Defendants deny that the translated language included in Paragraph 11 is correct or that it is a true representation of what Defendants posted on their social media accounts.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 11.

12.     Answering Paragraph 12 of the Complaint, Defendants deny each and every allegation in Paragraph 12.

13.     Answering Paragraph 13 of the Complaint, Defendants admit that Russian residents may, upon payment of a fee, obtain a personal interview with Defendants Kiselev and Burtsev (YouTubers, bloggers and formerly accredited journalists) to ask questions, discuss their situation, express concerns and learn additional details concerning Defendants' own experiences seeking asylum in the United States from persecution in Russia that may be pertinent to the subscriber's situation.  Defendants further admit their website contains a clear disclaimer they do not provide legal services and/or legal advice.  Defendants deny any allegation that directly or impliedly alleges Defendants offered any legal services or legal advice at any time and to any person without the benefit of a license.  Defendants deny they offer immigration services.  Defendants also deny that the translated language included in Paragraph 13 is correct or that it is a true representation of what Defendants posted on their social media accounts.  Except as expressly stated, Defendants deny each

1    and every remaining allegation in Paragraph 13.

2        14.   Answering Paragraph 14 of the Complaint, Defendants deny they promote any

3    particular vendors on their website.  Except as expressly stated, Defendants admit the remaining

4    allegations in Paragraph 14.

5        15.   Answering Paragraph 15 of the Complaint, Defendants deny each and every

6    allegation in Paragraph 15.

7        16.   Answering Paragraph 16 of the Complaint, Defendants deny each and every

8    allegation in Paragraph 16.  Further answering, Defendants deny that they violated any federal law

9    or California state law or otherwise violated any law related to any content they placed in any public

10   forum hosted on the various social media platforms at issue in this litigation whether related to

11   Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

12   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

13   whatsoever.

14       17.   Answering Paragraph 17 of the Complaint, Defendants admit they received written

15   communications from Modern Law Group and Slater Legal law firms, but deny they removed videos

16   in response to the substance of said communications.  Except as expressly stated, Defendants deny

17   each and every remaining allegation in Paragraph 17.  Further answering, Defendants deny that they

18   violated any federal law or California state law or otherwise violated any law related to any content

19   they placed in any public forum hosted on the various social media platforms at issue in this

20   litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

21   deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

22   Plaintiff is entitled to any relief whatsoever.

23       18.   Answering Paragraph 18 of the Complaint, Defendants deny Defendant Kiselev

24   threatened Plaintiff with sexual violence on Facebook.  Defendants deny Valeriy Katkov is or was a

25   member of the Russian political opposition.  Defendants further deny Valeriy Katkov is or was a

26   supporter of Aleksey Navalny.  Defendants admit Katkov had, in the past, initiated legal proceedings

27   against Defendant Kiselev in the Moscow courts but, answer further that Katkov was unsuccessful

28   because Defendant Kiselev was judged by the Court in Moscow to be the prevailing party in those

1  proceedings.  Defendants are without sufficient knowledge or information to form a belief as to the

2  truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and every

3  remaining allegation in Paragraph 18.

4        19.     Answering Paragraph 19 of the Complaint, Defendants admit Plaintiff reached out to

5  Valeriy Katkov, who is a Russian citizen, a current/former member of the Russian political elite, and

6  an owner of a news/media company used by the Russian political regime for purposes of

7  government propaganda, in September 2023.  Defendants admit they learned about Plaintiff's

8  contact with Valeriy Katkov shortly after it occurred.  Defendants further admit Katkov had, in the

9  past, initiated legal proceedings against Defendant Kiselev in the Moscow courts but Katkov was

10  unsuccessful because Defendant Kiselev was judged, by the Moscow courts, to be the prevailing

11  party in those proceedings.  Except as expressly stated, Defendants deny each and every remaining

12  allegation in Paragraph 19.

13        20.     Answering Paragraph 20 of the Complaint, Defendants admit that on September 7,

14  2023, they posted a video on their YouTube channel containing Defendants' fair comment and

15  opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the

16  Russian government.  Defendants deny that the translated language included in Paragraph 20 is

17  correct or that it is a true representation of what Defendants posted on their social media accounts.

18  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1,

19  Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached

20  as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal

21  law or California state law or otherwise violated any law related to any content they placed in any

22  public forum hosted on the various social media platforms at issue in this litigation whether related

23  to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was

24  harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any

25  relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation

26  in Paragraph 20.

27        21.     Answering Paragraph 21 of the Complaint, Defendants admit the title of a September

28  7, 2023, video posted on their YouTube channel reflects Defendants' fair comment and opinions

1    related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

2    government.  Defendants deny that the translated language included in Paragraph 21 is correct or

3    that it is a true representation of what Defendants posted on their social media accounts.  To the

4    extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

5    that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are

6    true or accurate.  Further answering, Defendants deny that they violated any federal law or

7    California state law or otherwise violated any law related to any content they placed in any public

8    forum hosted on the various social media platforms at issue in this litigation whether related to

9    Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

10   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

11   whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

12   Paragraph 21.

13          22.     Answering Paragraph 22 of the Complaint, Defendants admit the cover of the

14   September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment

15   and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to

16   the Russian government.  To the extent the allegations in the Complaint refer, incorporate, or are

17   based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of

18   the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they

19   violated any federal law or California state law or otherwise violated any law related to any content

20   they placed in any public forum hosted on the various social media platforms at issue in this

21   litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

22   deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

23   Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

24   every remaining allegation in Paragraph 22.

25          23.     Answering Paragraph 23 of the Complaint, Defendants admit that on September 7,

26   2023, they posted a video on their YouTube channel containing Defendants' fair comment and

27   opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the

28   Russian government.  To the extent the allegations in the Complaint refer, incorporate, or are based

1   on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

2   matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

3   violated any federal law or California state law or otherwise violated any law related to any content

4   they placed in any public forum hosted on the various social media platforms at issue in this

5   litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

6   deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

7   Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

8   every remaining allegation in Paragraph 23.

9          24.    Answering Paragraph 24 of the Complaint, Defendants admit that the summary to the

10  September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment

11  and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to

12  the Russian government.  Defendants deny that the translated language included in Paragraph 24 is

13  correct or that it is a true representation of what Defendants posted on their social media accounts.

14  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1,

15  Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached

16  as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal

17  law or California state law or otherwise violated any law related to any content they placed in any

18  public forum hosted on the various social media platforms at issue in this litigation whether related

19  to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was

20  harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any

21  relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation

22  in Paragraph 24.

23         25.    Answering Paragraph 25 of the Complaint, Defendants admit that the September 7,

24  2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

25  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

26  government.  Defendants deny that the translated language included in Paragraph 25 is correct or

27  that it is a true representation of what Defendants posted on their social media accounts.  To the

28  extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Defendants admit that the September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  Defendants deny that the translated language included in Paragraph 26 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Defendants admit that the September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  Defendants deny that the translated language included in Paragraph 27 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

1  that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is

2  true or accurate.  Further answering, Defendants deny that they violated any federal law or

3  California state law or otherwise violated any law related to any content they placed in any public

4  forum hosted on the various social media platforms at issue in this litigation whether related to

5  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

6  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

7  whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

8  Paragraph 27.

9        28.    Answering Paragraph 28 of the Complaint, Defendants admit that the September 7,

10  2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

11  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

12  government.  Further answering, Defendants deny that they violated any federal law or California

13  state law or otherwise violated any law related to any content they placed in any public forum hosted

14  on the various social media platforms at issue in this litigation whether related to Plaintiff or

15  otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result

16  of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

17  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 28.

18        29.    Answering Paragraph 29 of the Complaint, Defendants admit that the September 7,

19  2023 video they posted on their YouTube channel reflects Defendants' fair comment and opinions

20  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

21  government, and Defendants' fair comment and opinion regarding Plaintiff's posting of sensitive

22  information about Russian citizens seeking political asylum in the U.S. that placed those persons in

23  danger of persecution by Russian government.  Defendants deny that the translated language

24  included in Paragraph 29 is correct or that it is a true representation of what Defendants posted on

25  their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are

26  based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of

27  the matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

28  violated any federal law or California state law or otherwise violated any law related to any content

1  they placed in any public forum hosted on the various social media platforms at issue in this

2  litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

3  deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

4  Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

5  every remaining allegation in Paragraph 29.

6      30.    Answering Paragraph 30 of the Complaint, Defendants admit that the September 7,

7  2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

8  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

9  government.  Defendants deny that the translated language included in Paragraph 30 is correct or

10  that it is a true representation of what Defendants posted on their social media accounts.  To the

11  extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

12  that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is

13  true or accurate.  Further answering, Defendants deny that they violated any federal law or

14  California state law or otherwise violated any law related to any content they placed in any public

15  forum hosted on the various social media platforms at issue in this litigation whether related to

16  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

17  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

18  whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

19  Paragraph 30.

20      31.    Answering Paragraph 31 of the Complaint, Defendants are without sufficient

21  knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph

22  and, on that basis, deny each and every allegation in Paragraph 31.

23      32.    Answering Paragraph 32 of the Complaint, Defendants admit Defendant Kiselev

24  posted a comment on Instagram in 2022 in response to a post by Valeriy Katkov related to Katkov's

25  political candidacy.  Defendants deny Katkov was an independent or an opposition political figure in

26  Russian politics at any time, and further state that, during all relevant times herein and through

27  present, Katkov has had an active and direct role in the Russian government either as a deputy, as a

28  consultant, and/or as a leading theoretician and professor of municipal law-making who routinely

1  trains Russian government employees, deputies, and ministers on the dogma and practice of Russian

2  municipal law.  To the extent the allegations in the Complaint refer, incorporate, or are based on

3  Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

4  matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each

5  and every remaining allegation in Paragraph 32.

6      33.     Answering Paragraph 33 of the Complaint, Defendants admit Defendant Kiselev

7  posted a comment on Instagram in 2022 in response to a post by Valeriy Katkov related to Katkov's

8  political candidacy.  To the extent the allegations in the Complaint refer, incorporate, or are based on

9  Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

10  matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each

11  and every remaining allegation in Paragraph 33.

12      34.     Answering Paragraph 34 of the Complaint, Defendants state that to the extent the

13  allegations in the Complaint refer, incorporate, or are based on Exhibit 2, Defendants deny that

14  Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 2 are true

15  or accurate.

16      35.     Answering Paragraph 35 of the Complaint, Defendants admit Defendant Kiselev

17  posted a comment on Instagram August 30, 2022, in response to an open letter published by Valeriy

18  Katkov related to Katkov's political candidacy, but state that only a portion of Defendant Kiselev's

19  post is referenced in the Complaint.  Defendants deny that the translated language included in

20  Paragraph 35 is correct or that it is a true representation of what Defendants posted on their social

21  media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on

22  Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

23  matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each

24  and every remaining allegation in Paragraph 35.

25      36.     Answering Paragraph 36 of the Complaint, Defendants state that to the extent the

26  allegations in the Complaint refer, incorporate, or are based on Exhibit 3, Defendants deny that

27  Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 3 are true

28  or accurate.

1      37.     Answering Paragraph 37 of the Complaint, Defendants deny each and every

2   allegation set forth in Paragraph 37.  Paragraph 37 also asserts purported recitations and legal

3   conclusions of law to which no response is required.  To the extent a response is required,

4   Defendants further deny the allegations contained in Paragraph 37.  Further answering, Defendants

5   deny that they violated any federal law or California state law or otherwise violated any law related

6   to any content they placed in any public forum hosted on the various social media platforms at issue

7   in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed

8   defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and

9   deny that Plaintiff is entitled to any relief whatsoever.

10     38.     Answering Paragraph 38 of the Complaint, Defendants admit that the September 7,

11  2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

12  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

13  government.  Defendants deny that the translated excerpt included in Paragraph 38 is correct or is a

14  true representation of what either Defendant Kiselev or Defendant Burtsev stated in the September 7,

15  2023, video.  To the extent the allegations in the Complaint refer, incorporate, or are based on

16  Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

17  matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

18  violated any federal law or California state law or otherwise violated any law related to any content

19  they placed in any public forum hosted on the various social media platforms at issue in this

20  litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

21  deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

22  Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

23  every remaining allegation in Paragraph 38.

24     39.     Answering Paragraph 39 of the Complaint, Defendants admit that Defendant

25  Kiselev's and Defendant's Burtsev's fair comment and opinions in their September 7, 2023 video

26  included a reference to Plaintiff's own video – whereby she gave an interview to a Modern Law

27  attorney Deron Edward Smallcomb, who stated: "you can only poke a sleeping bear so many times

28  before he wakes up; well, we've been poked one too many times" – and the significance of the use

1   of the "Russian bear" symbolism in discussing Plaintiff's alleged dispute with Defendants.

2   Defendants admit that the inclusion of an excerpt from the Soviet television show following

3   Defendant Kiselev's and Defendant Burtsev's fair comment and opinions in their September 7,

4   2023, video about Plaintiff's "Russian bear" interview with attorney Deron Edward Smallcomb, was

5   a satire of said subject matter.  Defendants deny that the translated language included in Paragraph

6   39 is correct or that it is a true representation of what Defendants posted on their social media

7   accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit

8   1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters

9   attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any

10  federal law or California state law or otherwise violated any law related to any content they placed in

11  any public forum hosted on the various social media platforms at issue in this litigation whether

12  related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff

13  was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to

14  any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining

15  allegation in Paragraph 39.

16       40.     Answering Paragraph 40 of the Complaint, Defendants admit that, at the time

17  Plaintiff filed her Complaint, the September 7, 2023, video Defendants posted on their YouTube

18  channel had been viewed by almost 8,000 people.  Except as expressly stated, Defendants deny each

19  and every remaining allegation in Paragraph 40.

20       41.     Answering Paragraph 41 of the Complaint, Defendants admit the May 18, 2024,

21  video posted on Defendants' YouTube channel reflects Defendants' fair comment and opinions

22  related to Plaintiff's activities that signify her potential connection to the Russian government.  To

23  the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants

24  deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit

25  1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or

26  California state law or otherwise violated any law related to any content they placed in any public

27  forum hosted on the various social media platforms at issue in this litigation whether related to

28  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

1   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

2   whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

3   Paragraph 41.

4         42.      Answering Paragraph 42 of the Complaint, Defendants admit the May 18, 2024 video

5   posted on Defendants' YouTube channel included a thumbnail consisting of a composite of a photo

6   of Plaintiff and one of Plaintiff's associate, Kateryna Panova, satirically modified to include the

7   uniform of a defunct USSR interior ministry called NKVD (The People's Commissariat for Internal

8   Affairs) and the mostly obscured outline of  a Russian police emblem, as part of Defendants' fair

9   comment and opinions related to Plaintiff's activities that signify her potential connection to the

10  Russian government.  Further answering, Defendants deny that they violated any federal law or

11  California state law or otherwise violated any law related to any content they placed in any public

12  forum hosted on the various social media platforms at issue in this litigation whether related to

13  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

14  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

15  whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

16  Paragraph 42.

17        43.      Answering Paragraph 43 of the Complaint, Defendants deny each and every

18  allegation set forth in Paragraph 43.  Defendants deny that the translated language included in

19  Paragraph 43 is correct or that it is a true representation of what Defendants posted on their social

20  media accounts.  Further answering, Defendants deny that they violated any federal law or California

21  state law or otherwise violated any law related to any content they placed in any public forum hosted

22  on the various social media platforms at issue in this litigation whether related to Plaintiff or

23  otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result

24  of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

25        44.      Answering Paragraph 44 of the Complaint, Defendants deny each and every

26  allegation set forth in Paragraph 44.  Paragraph 44 also asserts purported recitations and legal

27  conclusions of law to which no response is required.  To the extent a response is required,

28  Defendants further deny the allegations contained in Paragraph 44.

45.     Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation set forth in Paragraph 45.  Paragraph 45 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants further deny the allegations contained in Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation set forth in Paragraph 46.  Paragraph 46 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants further deny the allegations contained in Paragraph 46 including, but not limited to allegations concerning Defendant Kiselev's knowledge concerning Plaintiff's subjective motivations for her actions.

47.     Answering Paragraph 47 of the Complaint, Defendants state that Plaintiff's allegations in Paragraph 47 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 including, but not limited to, that Defendants had or were conducting a "smear campaign" of any sort.

48.     Answering Paragraph 48, including footnote 2 of the Complaint, Defendants admit that on March 15, 2024, they posted a video on their YouTube channel containing Defendants' fair comment and opinions related to Plaintiff's activities that signify her potential connection to the Russian government.  Except as expressly stated, Defendants deny each and every allegation, including the allegations in footnote 2, set forth in Paragraph 48.  Defendants further deny that the translated language included in Paragraph 48 is correct or that it is a true representation of what either Defendant Kiselev or Defendant Burtsev posted on Defendants' Instagram account or stated in the videos on the Defendants' YouTube channel.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is true or accurate.  Paragraph 48 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 48. Further answering, Defendants deny that they violated any federal law or California state law or

1    otherwise violated any law related to any content they placed in any public forum hosted on the

2    various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.

3    Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any

4    conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

5        49.    Answering Paragraph 49 of the Complaint, Defendants admit there are hashtags

6    attached to posts they made on Defendants' Instagram account.  Defendants deny that the translated

7    language included in Paragraph 48 is correct or that it is a true representation of what either

8    Defendant Kiselev or Defendant Burtsev posted on Defendants' Instagram account.  Except as

9    expressly stated, Defendants deny each and every remaining allegation in Paragraph 49.

10       50.    Answering Paragraph 50 of the Complaint, Defendants deny each and every

11   allegation set forth in Paragraph 50.  Defendants further deny that the translated language included in

12   Paragraph 50 is correct or that it is a true representation of what Defendants posted on Defendants'

13   website or stated in the videos on the Defendants' YouTube channel.  Further answering, Defendants

14   deny that they violated any federal law or California state law or otherwise violated any law related

15   to any content they placed in any public forum hosted on the various social media platforms at issue

16   in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed

17   defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and

18   deny that Plaintiff is entitled to any relief whatsoever.

19       51.    Answering Paragraph 51 of the Complaint, Defendants admit they are in possession

20   of documentation that supports Defendants' fair comment and opinions they expressed in their May

21   18, 2024, video posted on Defendants YouTube channel related to Plaintiff's activities that signify

22   her potential connection to the Russian government.  Defendants deny that the translated language

23   included in Paragraph 51 is correct or that it is a true representation of what either Defendant Kiselev

24   or Defendant Burtsev stated. in the videos on the Defendants' YouTube channel.  Further answering,

25   Defendants deny that they violated any federal law or California state law or otherwise violated any

26   law related to any content they placed in any public forum hosted on the various social media

27   platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they

28   committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the

1    Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated,

2    Defendants deny each and every remaining allegation in Paragraph 51.

3        52.    Answering Paragraph 52 of the Complaint, Defendants admit that the videos

4    Defendants posted to their YouTube channel and referenced in Plaintiff's Complaint, reflect

5    Defendants' fair comment and opinions, and include questions Defendants posed to their subscribers

6    related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

7    government.  Defendants admit that Valeriy Katkov had, in the past, initiated legal proceedings

8    against Defendant Kiselev in the Moscow courts but Katkov was unsuccessful because Defendant

9    Kiselev was judged to be the prevailing party in those proceedings in September 2021.  Defendants

10   state that following his defeat in Moscow courts, Katkov initiated an appeal, which was also

11   unsuccessful for Katkov culminating in dismissal of Katkov's lawsuit against Defendant Kiselev in

12   July 2024.  Defendants deny that Katkov was suing Defendant Kiselev at the time that Plaintiff

13   alleges she contacted Katkov in September 2023.  Paragraph 52 also asserts purported recitations

14   and legal conclusions of law to which no response is required.  To the extent a response is required,

15   Defendants deny the allegations contained in Paragraph 52.  Defendants deny that the translated

16   language included in Paragraph 52 is correct or that it is a true representation of what Defendants

17   posted on their social media accounts.  Further answering, Defendants deny that they violated any

18   federal law or California state law or otherwise violated any law related to any content they placed in

19   any public forum hosted on the various social media platforms at issue in this litigation whether

20   related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff

21   was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to

22   any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining

23   allegation in Paragraph 52.

24       53.    Answering Paragraph 53 of the Complaint, Defendants admit that the videos

25   Defendants posted to their YouTube channel and referenced in Plaintiff's Complaint, reflect

26   Defendants' fair comment and opinions, and include questions Defendants posed to their subscribers

27   related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

28   government.  Defendants deny that the translated language included in Paragraph 53 is correct or

that it is a true representation of what either Defendant Kiselev or Defendant Burtsev stated in the videos on the Defendants' YouTube channel.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 53.

54.     Answering Paragraph 54 of the Complaint, Defendants admit the allegations set forth in Paragraph 54.

55.     Answering Paragraph 55 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph and, on that basis, deny each and every allegation in Paragraph 55.

56.     Answering Paragraph 56 of the Complaint, Defendants state that Plaintiff's allegations are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise. Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Defendants state that Plaintiff's allegations are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise. Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever. Except

1    as expressly stated, Defendants deny the allegations contained in Paragraph 57.

2        58.    Answering Paragraph 58 of the Complaint, Defendants state that Paragraph 58 asserts

3    purported recitations and legal conclusions of law to which no response is required.  To the extent a

4    response is required, Defendants deny each and every allegation contained in Paragraph 58.

5        59.    Answering Paragraph 59 of the Complaint, Defendants state that Paragraph 59 asserts

6    purported recitations and legal conclusions of law to which no response is required.  To the extent a

7    response is required, Defendants deny each and every allegation contained in Paragraph 59.

8        60.    Answering Paragraph 60 of the Complaint, Defendants state that Paragraph 60 asserts

9    purported recitations and legal conclusions of law to which no response is required.  To the extent a

10   response is required, Defendants deny each and every allegation contained in Paragraph 60 with the

11   exception that Defendants admit Russians seeking asylum in the United States could face serious

12   harm if their information and the basis for their asylum requests were leaked to the Russian

13   government. Defendants deny each and every remaining allegation in Paragraph 60.

14       61.    Answering Paragraph 61 of the Complaint, Defendants state that Paragraph 61 asserts

15   purported recitations and legal conclusions of law to which no response is required.  To the extent a

16   response is required, Defendants deny each and every allegation contained in Paragraph 61.

17       62.    Answering Paragraph 62 of the Complaint, Defendants state that Answering

18   Paragraph 62 of the Complaint, Defendants deny each and every remaining allegation in Paragraph

19   62.

20       63.    Answering Paragraph 63 of the Complaint, Defendants state that Paragraph 63 asserts

21   purported recitations and legal conclusions of law to which no response is required.  To the extent a

22   response is required, Defendants deny each and every allegation contained in Paragraph 63.  Further

23   answering, Defendants deny that they violated any federal law or California state law or otherwise

24   violated any law related to any content they placed in any public forum hosted on the various social

25   media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny

26   they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the

27   Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

28   //

1

2

## FIRST CLAIM FOR RELIEF

### (Defamation *Per Se* – Against All Defendants)

3    Defendants incorporate herein by reference its responses set forth in Paragraph Nos. 1

4    through 63 of this Answer as if fully incorporated herein.

5    64.    Answering Paragraph 64 of the Complaint, Defendants admit they posted the

6    September 7, 2023, and May 18, 2024, videos on their YouTube channel to express Defendants' fair

7    comment and opinions related to Plaintiff's activities that signify her potential connection to the

8    Russian government.  Defendants are unclear as to which specific video Plaintiff references as the

9    March Video, but fails to identify, in Paragraph 64.  Defendants admit they posted an interview with

10   Tatyana Tulin on March 15, 2024, on their YouTube channel which discussed the Rubic.us website

11   and its owner Ekaterina Panova's claim that Ms. Tulin is a spy and that said interview included

12   Defendants' fair comment and opinions related to Plaintiff's activities that signify Plaintiff's

13   potential connection to the Russian government.  Because Defendants are unclear which specific

14   video Plaintiff labels as the March Video in the Complaint, Defendants are without sufficient

15   knowledge or information to form a belief as to the truth of any of the allegations related to the

16   March Video in this Paragraph and, on that basis, deny the allegations related to the March Video in

17   Paragraph 64.  Except as expressly stated, Defendants deny each and every remaining allegation in

18   Paragraph 64.

19   65.    Answering Paragraph 65 of the Complaint, Defendants assert that Plaintiff's

20   allegations in Paragraph 65 are legal conclusions and/or legal descriptions for which no response is

21   required.  To the extent a response is required, Defendants admit that Plaintiff complains of events

22   and/or statements occurring in a public forum regarding issues that are of interest to the general

23   public.  Except as expressly stated, Defendants deny each and every allegation in Paragraph 65.

24   66.    Answering Paragraph 66 of the Complaint, Defendants assert that Plaintiff's

25   allegations in Paragraph 66 are legal conclusions and/or legal descriptions for which no response is

26   required.  To the extent a response is required, Defendants deny the allegations contained in

27   Paragraph 66.

28   67.    Answering Paragraph 67 of the Complaint, Defendants state that Plaintiff's

1  allegations in Paragraph 67 are legal conclusions and/or legal descriptions for which no response is

2  required.  To the extent a response is required, Defendants deny the allegations contained in

3  Paragraph 67.

4         68.     Answering Paragraph 68 of the Complaint, Defendants assert that Plaintiff's

5  allegations in Paragraph 68 are legal conclusions and/or legal descriptions for which no response is

6  required.  To the extent a response is required, Defendants deny the allegations contained in

7  Paragraph 68.

8         69.     Answering Paragraph 69 of the Complaint, Defendants assert that Plaintiff's

9  allegations in Paragraph 69 are legal conclusions and/or legal descriptions for which no response is

10  required.  To the extent a response is required, Defendants deny the allegations contained in

11  Paragraph 69.

12         70.     Answering Paragraph 70 of the Complaint, Defendants assert that Plaintiff's

13  allegations in Paragraph 70 are legal conclusions and/or legal descriptions for which no response is

14  required.  To the extent a response is required, Defendants deny the allegations contained in

15  Paragraph 70.

16         71.     Answering Paragraph 71 of the Complaint, Defendants assert that Plaintiff's

17  allegations in Paragraph 71 are legal conclusions and/or legal descriptions for which no response is

18  required.  To the extent a response is required, Defendants deny the allegations contained in

19  Paragraph 71.  Defendants further deny they committed defamation, deny that Plaintiff was harmed

20  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

21  whatsoever.

22         72.     Answering Paragraph 72 of the Complaint, Defendants assert that Plaintiff's

23  allegations in Paragraph 72 are legal conclusions and/or legal descriptions for which no response is

24  required.  To the extent a response is required, Defendants deny the allegations contained in

25  Paragraph 72.  Defendants further deny they committed defamation, deny that Plaintiff was harmed

26  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

27  whatsoever.

28         73.     Answering Paragraph 73 of the Complaint, Defendants assert that Plaintiff's

1    allegations in Paragraph 73 are legal conclusions and/or legal descriptions for which no response is

2    required.  To the extent a response is required, Defendants deny the allegations contained in

3    Paragraph 73.  Defendants further deny they committed defamation, deny that Plaintiff was harmed

4    as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

5    whatsoever.

6                                    **SECOND CLAIM FOR RELIEF**

7                         **(Defamation *Per Quod* – Against All Defendants)**

8            Defendants incorporate herein by reference its responses set forth in Paragraph Nos. 1

9    through 73 of this Answer as if fully incorporated herein.

10           74.     Answering Paragraph 74 of the Complaint, Defendants admit they posted the

11   September 7, 2023, and May 18, 2024, videos on their YouTube channel to express Defendants' fair

12   comment and opinions related to Plaintiff's activities that signify her connection to the Russian

13   government.  Defendants are unclear as to which specific video Plaintiff references as the March

14   Video, but fails to identify, in Paragraph 74.  Defendants admit they posted an interview with

15   Tatyana Tulin on March 15, 2024 on their YouTube channel which discussed the Rubic.us website

16   and its owner Ekaterina Panova's claim that Ms. Tulin is a spy, and included Defendants' fair

17   comment and opinions related to Plaintiff's activities that signify Plaintiff's potential connection to

18   the Russian government.  Because Defendants are unclear which specific video Plaintiff labels as

19   the March Video in the Complaint, Defendants are without sufficient knowledge or information to

20   form a belief as to the truth of any of the allegations related to the March Video in this Paragraph

21   and, on that basis, deny the allegations related to the March Video in Paragraph 74.  Except as

22   expressly stated, Defendants deny each and every remaining allegation in Paragraph 74.

23           75.     Answering Paragraph 75 of the Complaint, Defendants assert that Plaintiff's

24   allegations in Paragraph 75 are legal conclusions and/or legal descriptions for which no response is

25   required.  To the extent a response is required, Defendants admit that Plaintiff complains of events

26   and/or statements occurring in a public forum regarding issues that are of interest to the general

27   public.  Except as expressly stated, Defendants deny each and every allegation contained in

28   Paragraph 75.

76.     Answering Paragraph 76 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 76 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 76.

77.     Answering Paragraph 77 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 77 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 77.

78.     Answering Paragraph 78 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 78 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 78.

79.     Answering Paragraph 79 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 79 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80.     Answering Paragraph 80 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 80 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81.     Answering Paragraph 81 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph and, on that basis, deny each and every allegation in Paragraph 81.  Paragraph 81 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants further deny the allegations contained in Paragraph 81.

82.     Answering Paragraph 82 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 82 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in

1  Paragraph 82.   Defendants further deny they committed defamation, deny that Plaintiff was harmed
2  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief
3  whatsoever.

4        83.      Answering Paragraph 83 of the Complaint, Defendants assert that Plaintiff's
5  allegations in Paragraph 83 are legal conclusions and/or legal descriptions for which no response is
6  required.  To the extent a response is required, Defendants deny the allegations contained in
7  Paragraph 83.

8  **PRAYER FOR RELIEF**

9        84.      To the extent the Prayer for Relief section of the Complaint requires a response,
10  Defendants deny each and every allegation, claim, and demand contained therein, and further deny
11  that Plaintiff was damaged or injured in any way, or that she was damaged or injured as a result of
12  any of the Defendants' acts, omissions, or representations, and further respond that Plaintiff is not
13  entitled to the relief demanded therein.

14  **II.  AFFIRMATIVE DEFENSES**

15      Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants
16  allege the following affirmative defenses:

17  **FIRST AFFIRMATIVE DEFENSE**

18        85.      The Complaint fails to state facts sufficient to constitute a cause of action against any
19  of the Defendants.

20  **SECOND AFFIRMATIVE DEFENSE**

21        86.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to
22  assert the claims and/or because the claims are more properly asserted by another.

23  **THIRD AFFIRMATIVE DEFENSE**

24        87.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to join one or
25  more indispensable party(ies) as required by Cal. Civ. Proc. Code § 389 and/or Federal Rule of Civil
26  Procedure, Rule 19.

27  **FOURTH AFFIRMATIVE DEFENSE**

28        88.      Plaintiff's claims are barred, in whole or in part, because any alleged statements made

by Defendants concerning Plaintiff were true or substantially true.

## FIFTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on Defendants' part.

## SIXTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are barred, in whole or in part, because any statements and/or alleged implications that form the basis for Plaintiff's claims do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims are barred, in whole or in part, based upon consent.

## EIGHTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims are barred, in whole or in part, because in every action challenged in the Complaint, Defendants acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any statutorily impermissible factors.

## NINTH AFFIRMATIVE DEFENSE

93.     Plaintiff's Complaint is barred, in whole or in part, by the First and Fourteenth Amendments to the U.S. Constitution and by Article I, § 2(a) of the California Constitution.

## TENTH AFFIRMATIVE DEFENSE

94.     All of Plaintiff's claims against Defendants arise from Defendants' exercise of each of their right of free speech, or acts in furtherance of that right, in connection with an issue of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot meet her burden of demonstrating a probability that she will prevail on each of her claims (or any claim), the claims must be stricken, and Defendants must be awarded their attorneys' fees and costs incurred in defending against those claims.

## ELEVENTH AFFIRMATIVE DEFENSE

95.     All of Plaintiff's claims against Defendant Kiselev and Defendant Burtsev arise from

1  said Defendants' exercise of each of their right of petition, or acts in furtherance of that right, and

2  thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot

3  meet her burden of demonstrating a probability that she will prevail on each of her claims (or any

4  claim), the claims must be stricken, and Defendants must be awarded their attorneys' fees and costs

5  incurred in defending against those claims.

6  ### TWELFTH AFFIRMATIVE DEFENSE

7  96.    Plaintiff's Complaint is barred, in whole or in part, because Defendants' speech

8  involved matters of legitimate concern to the public, the publication of which is privileged under the

9  First and Fourteenth Amendments to the U.S. Constitution, and Article I, § 2 of the California

10  Constitution, and therefore cannot provide a basis for any recovery by the Plaintiff.

11  ### THIRTEENTH AFFIRMATIVE DEFENSE

12  97.    Plaintiff's claims are barred, in whole or in part, because Defendants, and each of

13  them, have not acted with the requisite degree of knowledge, intent, or fault.

14  ### FOURTEENTH AFFIRMATIVE DEFENSE

15  98.    Plaintiff's claims are barred, in whole or in part, to the extent that they arise from

16  conduct not attributable to the Defendants.

17  ### FIFTEENTH AFFIRMATIVE DEFENSE

18  99.    Plaintiff's claims are barred, in whole or in part, because some or all of the allegedly

19  defamatory statements and/or alleged implications that form the basis for Plaintiff's claims are not

20  "of and concerning" Plaintiff, and thus cannot give rise to a claim by Plaintiff against Defendants.

21  ### SIXTEENTH AFFIRMATIVE DEFENSE

22  100.    Plaintiff's claims are barred, in whole or in part, because some or all of the allegedly

23  defamatory statements and/or alleged implications that form the basis for Plaintiff's claims are not

24  reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against

25  Defendants.

26  ### SEVENTEETH AFFIRMATIVE DEFENSE

27  101.    Plaintiff's claims are barred, in whole or in part, by the fair comment privilege.

28  //

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2    102.    Plaintiff's claims are barred, in whole or in part, because to the extent that any

3 statements or alleged implications that form the basis for Plaintiff's claims could be interpreted as

4 asserting verifiable facts, those facts are substantially true, and thus cannot give rise to any claim

5 against Defendants.

6

### NINETEENTH AFFIRMATIVE DEFENSE

7    103.    Plaintiff's claims are barred, in whole or in part, because the subject of the alleged

8 statements or alleged implications that form the basis for Plaintiff's claims is related to an issue of

9 public interest, and Plaintiff cannot meet her burden of showing that the challenged statements or

10 implications are materially false.

11

### TWENTIETH AFFIRMATIVE DEFENSE

12    104.    Plaintiff's claims are barred, in whole or in part, because the subject of the alleged

13 statements or alleged implications that form the basis for Plaintiff's claims is related to an issue of

14 public interest, and Plaintiff cannot meet her burden of showing that Defendants acted with the

15 requisite degree of fault.

16

### TWENTY-FIRST AFFIRMATIVE DEFENSE

17    105.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is a public figure

18 and Plaintiff did not adequately allege, and cannot prove, that Defendants published any false

19 statement or implication about Plaintiff with constitutional actual malice.

20

### TWENTY-SECOND AFFIRMATIVE DEFENSE

21    106.    Plaintiff's claims are barred, in whole or in part, by the common interest privilege

22 under California Civil Code § 47(c).

23

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24    107.    Plaintiff's claims are barred, in whole or in part, by the fair report privilege under the

25 First Amendment to the U.S. Constitution, California Civil Code § 47(d) and the common law.

26

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

27    108.    Plaintiff's claims are barred, in whole or in part, because the statements or alleged

28 implications that form the basis for her claims are not defamatory per se, and Plaintiff has not

1  alleged special damages with sufficient particularity and cannot prove special damages.

2  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

3      109.    Plaintiff's claims are barred, in whole or in part, because the statements or alleged

4  implications that form the basis for her claims are not defamatory *per quod*, and Plaintiff has not

5  alleged special damages with sufficient particularity and cannot prove special damages.

6  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7      110.    Plaintiff's claims are barred, in whole or in part, by California's retraction-demand

8  statute, Civil Code § 48a, because Plaintiff failed to properly demand a retraction under California

9  law, has not alleged special damages with sufficient particularity, and cannot prove special damages

10  resulting from any actionable statement about the Plaintiff.

11  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

12      111.    To the extent that Plaintiff's Complaint could be construed to assert any cause of

13  action other than defamation, any such claim merely duplicates Plaintiff's defamation claims and is

14  barred by the same defenses.

15  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

16      112.    Plaintiff's claims are barred, in whole or in part, by the Uniform Single Publication

17  Act, Cal. Civil Code § 3425.3.

18  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

19      113.    Plaintiff's claims are barred, in whole or in part, by the incremental harm doctrine.

20  **THIRTIETH AFFIRMATIVE DEFENSE**

21      114.    Plaintiff's claims are barred, in whole or in part, by the doctrine of neutral reportage.

22  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

23      115.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, estoppel, and unclean hands.

25  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

26      116.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any

27  are vague, uncertain, and speculative.

28  //

## THIRTY-THIRD AFFIRMATIVE DEFENSE

117.     To the extent Plaintiff's alleged harm includes claims for mental and emotional distress, or other physical, emotional, or mental injury, those claims are barred by the exclusive remedy provisions of the California Workers' Compensation Act (Cal. Lab. Code §§ 3600(a) *et seq.*) and/or Section 29(6) of the New York Workers' Compensation Law (*see also*, *Siegel v. Garibaldi*, 158 A.D.3d 1049 (3rd Dep't 2018)).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

118.     Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff, if any, were not proximately caused by Defendants.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

119.     Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate her alleged damages, if any.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

120.     Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were the result, in whole or in part, of Plaintiff's own legal fault, and any recovery should be reduced in proportion to Plaintiff's fault.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

121.     Defendants, and each of them, deny that Plaintiff suffered any damages as a consequence of any actionable conduct by Defendants.  If, however, Plaintiff has suffered any damages, any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of persons, firms, corporations, or entities other than Defendants, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendants.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

122.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's misrepresentation, fraud, deception, and/or deceptive conduct, and by misrepresentations and/or actionable omissions made by Plaintiff in connection with matters related to or arising out of Plaintiff's relationship and dealings with Defendants, and/or events and allegations referenced in the Complaint.

//

1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

2      123.    Plaintiff's claims are barred, in whole or in part, or limited, to the extent that Plaintiff

3 and/or its partners, agents, and others acting in concert with Plaintiff or under its direction has or

4 have engaged in unfair and/or anti-competitive conduct.

5

### FOURTIETH AFFIRMATIVE DEFENSE

6      124.    Plaintiff's claims are barred, in whole or in part, because any award of damages

7 against Defendants would unjustly enrich Plaintiff.

8

### FORTY-FIRST AFFIRMATIVE DEFENSE

9      125.    Defendants, and each of them, allege, upon information and belief, that if there

10 presently exists or ever existed, any or all of the alleged rights, claims or obligations that Plaintiff

11 seeks by way of her Complaint, such claims or obligations are unenforceable by reason of unilateral

12 and/or mutual mistake.

13

### FORTY-SECOND AFFIRMATIVE DEFENSE

14      126.    If Plaintiff is entitled to recover any damages from Defendants, which Defendants

15 deny, Plaintiff is limited by California's retraction-demand statute, Civil Code § 48a, to special

16 damages resulting from any actionable statement about Plaintiff, due to Plaintiff's failure to properly

17 demand a retraction under California law.

18

### FORTY-THIRD AFFIRMATIVE DEFENSE

19      127.    Plaintiff is not entitled to punitive or exemplary damages because the statements

20 and/or alleged implications that form the basis for Plaintiff's claims involve matters of public

21 concern and no statement or implication about Plaintiff was published with the requisite degree of

22 fault.

23

### FORTY-FOURTH AFFIRMATIVE DEFENSE

24      128.    Plaintiff is barred, in whole or in part, from recovering punitive damages because

25 Defendants at all times made a good faith effort to comply with the law, and any actions taken with

26 respect to Plaintiff were done without malice, conscious disregard or reckless indifference to

27 Plaintiff's rights.

28 *//*

1

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

2      129.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants,

3  violates Defendants', and each of their, rights to procedural and substantive due process under the

4  Fourteenth Amendment to the United States Constitution and Article I, § 7 of the California

5  Constitution because, among other things, of the vagueness and uncertainty of the criteria for the

6  imposition of punitive damages and the lack of fair notice of what conduct will result in the

7  imposition of such damages. Therefore, Plaintiff cannot recover punitive damages against

8  Defendants in this case.

9

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

10      130.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants,

11  violates Defendants', and each of their, rights to procedural and substantive due process under the

12  Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the

13  California Constitution because, among other things, there is no legitimate state interest in punishing

14  Defendants' allegedly unlawful conduct at issue here, or in deterring its possible repetition.

15  Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

16

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

17      131.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants

18  violates Defendants', and each of their, rights to procedural and substantive due process under the

19  Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the

20  California Constitution because, among other things, the alleged wrongful conduct at issue here is

21  not sufficiently reprehensible to warrant any punitive damage recovery. Therefore, Plaintiff cannot

22  recover punitive damages against Defendants in this case.

23

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

24      132.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants

25  violates Defendants', and each of their, rights to procedural and substantive due process under the

26  Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the

27  California Constitution because, among other things, any punitive damage award would be grossly

28  out of proportion to the alleged wrongful conduct at issue here. Therefore, Plaintiff cannot recover

1  punitive damages against Defendants in this case.

2  ### FORTY-NINTH AFFIRMATIVE DEFENSE

3  133.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants,

4  violates Defendants', and each of their, rights to protection from "excessive fines" under Article 1, §

5  17 of the California Constitution, and it violates Defendants', and each of their, rights to substantive

6  due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution

7  and Article 1, § 7 of the California Constitution. To the extent that the Complaint seeks punitive

8  damages authorized under Civil Code § 3294 or any other California law, no punitive damages may

9  constitutionally be awarded because that statute is unconstitutional under the Fifth and Fourteenth

10  Amendments to the United States Constitution and Article I, § 7 and Article IV, § 16 of the

11  California Constitution because neither it, nor any other law of California, establishes the maximum

12  punitive damages award which may be imposed in this case. Therefore, Plaintiff cannot recover

13  punitive damages against Defendants in this case.

14  ### FIFTIETH AFFIRMATIVE DEFENSE

15  134.    The imposition of punitive damages against Defendants would deny equal protection

16  of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution

17  and Article I, § 7 and Article IV, § 16 of the California Constitution. Therefore, Plaintiff cannot

18  recover punitive damages against Defendants.

19  ### FIFTY-FIRST AFFIRMATIVE DEFENSE

20  135.    Plaintiff's request for injunctive relief is barred, in whole or in part, because any such

21  injunction would be an unconstitutional prior restraint on speech in violation of the First and

22  Fourteenth Amendments to the United States Constitution and Article I, § 2(a) of the California

23  Constitution.

24  ### FIFTY-SECOND AFFIRMATIVE DEFENSE

25  136.    Plaintiff's request for injunctive relief is barred, in whole or in part, because it is

26  overbroad.

27  ### FIFTY-THIRD AFFIRMATIVE DEFENSE

28  137.    Defendants have insufficient knowledge or information upon which to form a belief

1   as to whether they may have additional, as yet unstated, separate defenses available to them.

2   Defendants, and each of them, reserve their right to assert additional separate defenses in the event

3   discovery indicates that such defenses would be appropriate.  Defendants, and each of them, further

4   reserve the right to supplement, amend, or modify their separate and additional defenses, as

5   appropriate, based on information obtained during the course of this litigation.

6                                              **PRAYER**

7           WHEREFORE, Defendants TEACHBK, INC., ILYA KISELEV and ANDREY BURTSEV

8   pray that:

9           1.      The Court deny Plaintiff's prayer for relief;

10          2.      The Court dismiss Plaintiff's Complaint in its entirety with prejudice;

11          3.      That judgment be entered in favor of each of the Defendants and against Plaintiff;

12          4.      Defendants be awarded cost of suit incurred in this action, including reasonable

13                  attorney's fees to the fullest extent allowed by law; and

14          5.      The Court grant such other further relief as may be deemed just and proper.

15

16  DATED:  September 30, 2024                  LAW OFFICES OF ALLA V. VOROBETS

17                                              /s/ Alla V. Vorobets_____
                                                Alla V. Vorobets, Attorney for Defendants
18                                              TEACHBK, INC., ILYA KISELEV and
                                                ANDREY BURTSEV
19

20

21

22

23

24

25

26

27

28

1

2
## **DEMAND FOR JURY TRIAL**

3
　　Defendants TEACHBK, INC., ILYA KISELEV and ANDREY BURTSEV hereby demand a

4
trial by jury of all issues triable of right by jury in connection with the above-captioned action,

5

6
including, without limitation, the Plaintiff's Complaint and the claims and causes of actions alleged

7
therein, and Defendants' Answer and affirmative defenses to the foregoing.

8
DATED:  September 30, 2024　　　　　　　　LAW OFFICES OF ALLA V. VOROBETS

9
　　　　　　　　　　　　　　　　　　　/s/ Alla V. Vorobets_____

10
　　　　　　　　　　　　　　　　　　　Alla V. Vorobets, Attorney for Defendants
　　　　　　　　　　　　　　　　　　　TEACHBK, INC., ILYA KISELEV and

11
　　　　　　　　　　　　　　　　　　　ANDREY BURTSEV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28