**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.com*
9270 Madison Avenue
Orangevale, CA 95662
Tel: (916) 966-8529
Fax: (916) 966-8527
Email: avorobets@vorobetslaw.com

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV, and
ANDREI BURTSEV

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>Plaintiff,<br>vs.<br><br>TEACHBK, INC., ILYA KISELEV and ANDREI BUTSEV<br><br>Defendants. | **Case No.: 3:24-cv-4525**<br><br>**DECLARATION OF ANDREI BURTSEV IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>**[Cal. Civ. Proc. Code § 425.16]**<br><br>**Date:      November 12, 2024**<br>**Time:      10:30 a.m.**<br>**Judge:     Hon. Lisa J. Cisneros**<br>**Dept:      Courtroom G, 15th Floor**<br>**Location: San Francisco Courthouse**<br>               450 Golden Gate Ave.,<br>               San Francisco, CA 94102<br><br>**Action Filed:  July 26, 2024** |

I, ANDREI BURTSEV, declare:

1. I am a Defendant in the above-referenced matter.

2. I have personal knowledge of the facts set forth in this Declaration and can and will testify to the same if called as a witness in this action.

3. I make this Declaration in support of my, Ilya Kiselev's and TeachBK Inc's Special Motion to Strike Plaintiff's Complaint.

4. I attained admission to the United States after fleeing for my life from political persecution in Russia.

5. Prior to escaping Russia, I was credentialed journalist.

6. Valeriy Katkov ("Katkov") a pro-Putin Russian politician served in government from 2005 to 2024. While he was removed from the position because of protests against his blatant misuse of his position, he remains an integral part of the pro-Putin propaganda machine in that, among other things, he owns and operates a Kremlin-approved propaganda publication and teaches law-making at the Moscow University.

7. Katkov is not, and never has been, identified with the Opposition which seeks to reform Russia's corrupt government and judiciary.

8. In an effort to help others avoid some of the difficulties Ilya Kiselev ("Kiselev") and I experienced, Kiselev and I joined forces and eventually founded TeachBK, Inc. ("TeachBK") a former Florida corporation.

9. Kiselev and I are the only members and/or employees of TeachBK.

10. TeachBK was originally incorporated in Florida and was properly dissolved shortly before Plaintiff filed her Complaint.

11. TeachBK was re-incorporated in California on August 30, 2024.

12. Kiselev and I created the TeachBK website to provide information about the process of immigrating to the United States (including via asylum) and later, when demand for our information became increasingly requested, a YouTube channel, Instagram, and a host of other social media accounts by the same moniker.

13. The goal of our channel and accounts is to discuss current issues and trends related to the U.S. immigration system, post educational information on adaptation to life in the

U.S., and conduct interviews with political, social, and community leaders of the Russian refugee diaspora in the U.S. and abroad.

14. The majority of the content posted on our accounts, however, centers on issues of immigration and petitioning for asylum by Russians who oppose the current Russian government to the U.S.

15. We enjoy the largest social media following of its kind in the U.S.

16. Commencing in or around 2021, I began receiving concerning communications from asylees and émigrés (some still in Russia; others in the United States) that their personal information – including their present location – was getting back to the authorities in Russia placing them in grave danger of personal injury and/or death.

17. Eventually, I learned through asylum seekers Kiselev and I spoke with and/or interviewed on our YouTube channel that Plaintiff was connected to this information leak.

18. I know Plaintiff only as Marina Sokolovskaya. Not until I received a copy of the Complaint at issue did I know that Plaintiff claims her true name is Miriam Goldberg.

19. In or about September of 2023, a Russian attorney, V.V. Andreev, told us that Plaintiff told Katkov where to find Kiselev (and, as a result, me). However, I had no personal interaction with Plaintiff until January of 2023 when she accused me, Kiselev and TeachBK of selling fake identification documents via our Telegram Channel.

20. In or about October of 2023, the pro-Putin Russian publication owned by Katkov printed an article about Kiselev's request for asylum in the U.S., and that Plaintiff's "associates" are doing everything they can to ensure Kiselev is unsuccessful in his efforts.

21. These events prompted me to relocate to California, along with Kiselev.

22. I have never labeled Plaintiff nor accused her of being a "Kremlin agent" or a "spy".

23. I have discussed the risk presented to asylees if their information made its way back to Russian authorities.

24. In YouTube interviews and conversations, I have posed questions and/or speculated and/or opined whether Plaintiff, among others, was a person who contributed to this risk, discussing the information provided by: (1) persons who had interacted with Plaintiff (2)

DECLARATION OF ANDREI BURTSEV IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE

Kiselev's Russian attorney (3) Deputy Katkov's newspaper article and (4) Plaintiff's own words on her public platforms.

25. I advised consumers (émigrés and asylum seekers like myself) to be discerning in whom they shared their information with, which necessarily included warning them about people who are not careful with that information (referring to, i.e. the posting Plaintiff made on her public platform revealing the details concerning her "client"), and/or persons who allowed that information to reach the ears of the political machine in Russia.

26. Plaintiff has over 30,000 followers/subscribers on her social platforms.

27. After learning that Plaintiff had contacted Katkov about Kiselev's legal case and petition for asylum, Kiselev and I discussed, on our YouTube channel, some of the details of Kiselev's legal case in Russia, which was ongoing (at the appellate level) at the time of Plaintiff's inquiry.

28. We also discussed the information received from Kiselev's attorney who said he had been approached by Katkov during a court session in Russia. According to the attorney, Katkov claimed he had evidence – provided by Plaintiff - of wrongdoing by Kiselev in his asylum case in the U.S.

29. In another video, our commentary touched upon Plaintiff's work with other asylees – specifically details disclosed by an asylee about Plaintiff's conduct before and during their asylum hearings.

30. I have no feelings of hatred or ill will toward Plaintiff, nor did I have such feelings at the time Plaintiff claims I made the challenged statements.

31. Any of my postings, comments or acts were made in good faith and on the basis of the information provided by Defendant Kiselev's attorney in Russia, Katkov in his publication, other political asylees' who interacted with Plaintiff or gleaned from Plaintiff's own postings.

32. I reasonably believed that of my postings, comments or acts were based upon reliable and true information.

33. My efforts in this regard are for the purpose of protecting others, not to harm Plaintiff.

34. My efforts are aimed at protecting an already vulnerable population of Russian political asylees from perceived harm they often encounter after departure from Russia and once when arrive in the U.S.

35. The crux of my posts are a call to our subscribers –consisting mostly of recent refugees fleeing the Russian regime and coming to the U.S. – to exercise caution during various phases of the immigration process (i.e. travel, border crossing, and asylum petition).

36. Any posts, statements or acts by me were truthful assertions of fact based on reliable information I received and/or my own opinions based on that information.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this declaration was executed in California on the date indicated below.

Dated: October 7, 2024

_____
Andrei Burtsev