**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.com*
9270 Madison Avenue
Orangevale, CA 95662
Tel: (916) 966-8529
Fax: (916) 966-8527
Email: avorobets@vorobetslaw.com

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV, and
ANDREI BURTSEV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,

Plaintiff,

vs.

TEACHBK, INC., ILYA KISELEV and ANDREI BUTSEV

Defendants.

**Case No.: 3:24-cv-4525**

**REPLY IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

**[Cal. Civ. Proc. Code § 425.16]**

**Date:** **November 12, 2024**
**Time:** **10:30 a.m.**
**Judge:** **Hon. Lisa J. Cisneros**
**Dept:** **Courtroom G, 15th Floor**
**Location:** **San Francisco Courthouse**
**450 Golden Gate Ave.,**
**San Francisco, CA 94102**

**Action Filed: July 26, 2024**

**TABLE OF CONTENTS**

INTRODUCTION ……………………………………………………………………………1

FRAMEWORK . ……………………………………………………………………...……...1

LEGAL DISCUSSION ….……………………..……………..……………………………………2

A. Defendants Have Met Their Threshhold Showing ….………….….……………….....….2

B. Plaintiff Has Failed to Carry Her Burden……… ……….….…………………..….…. 2

1. As a Matter of Law, The Challenged Statements Are Privileged On At Least Four (4) Separate Grounds …………………………………….……..…....3

a. Plaintiff Has Not Overcome The Common Interest Privilege ..………...4

b. Plaintiff Has Not Overcome The Fair Comment Privilege …..………...4

c. Plaintiff Has Not Overcome The Litigation and the Noerr-Pennington Privileges ……………………………………………...………...7

2. Plaintiff Is a Public Figure As a Matter of Law ………………. ..……..…..…9

3. Plaintiff Has Failed to Show Actual Malice, Recklessness Or Even Negligence By Defendant..………..……………………………………………9

4. Plaintiff's Claims Fail Even if Plaintiff is Not a Public Figure ……..…..…10

a. Plaintiff Has Waived Any Argument for Negligence ……..…..……..10

CONCLUSION……………………………………………………………..……………19

**TABLE OF AUTHORITIES**

**CASES**

*Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal.App.4th 869, 883 (2020) ...……….………1

*Jenkins v. County of Riverside*, 398 F.3d 1093, 1095, fn. 4 (9th Cir. 2005) ……………….……..…2

*Chavez v. Wynar,* 421 F.Supp.3d 891, 909-910 (N.D.Cal. 2019) ……………………...………2

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) ………………………...…2

*Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 819-820 (2011) ………………………..…2

*Murray v. Tran*, 55 Cal.App.5th 10, 37 (2020) ……………………………………….……..2

*Gasperini v. Ctr. For Humanities*, 518 U.S. 415, 427(1996) ……………………………….…2

*Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021) ………………..…2, 3, 14

*Ugorji v. Cty. of Lake*, 2020 U.S.Dist.LEXIS 118139, at *19 (N.D.Cal. July 6, 2020) …………2

*Oviedo v. Windsor Twelve Properties, LLC*, 212 Cal.App.4th 97, 109 ………………………….3

*Paiva v. Nichols*, 168 Cal.App.4th 1007, 1017 (2008) ………………………………………...3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ……………………………………...3

*Rohde v. Wolf*, 154 Cal.App.4th 28, 38 (2007) ……………………………………………...3

*Aschutz Ent. Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643 (2009) …………………………...3

*Pridonoff v. Balokovich*, 36 Cal.2d 788, 792 (1951) ……………………………………………..3

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 981 (N.D. Cal. 2013) ……………………………………………………………………………..3

*Erlich v. Etner*, 224 Cal.App.2d 69, 73 (1964) ……………………………………………...3

*Baral v. Schnitt*, 1 Cal.5th 376, 392-93 (2016) ……………………………………………...3

*Kashian v. Harriman*, 98 Cal.App.4th 892, 914 (2002) …………………………….…4, 5, 8

*Williams v. Taylor*, 129 Cal.App.3d 745, 751 (1982) ………………………………………4

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, F.Supp.2d 1188, 1198 (C.D. Cal. 2006) ……………………………………………………………..……………4

*SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 963 (9th Cir. 2008) ……………………………5

*Paiva v. Nichols*, 168 Cal.App.4th 1007, 1017 (2008) …………………………….……………5

*San Diegans for Open Gov't v. San Diego State Univ. Research Found.*, 13 Cal.App.5th 76, 84 (2017) ........ 5, 8

*Hawran v. Hixson*, 209 Cal.App.4th 256, 287 (2012) ........ 5

*Newton v. National Broadcasting Co.*, 930 F.2d 662 (1990) ........ 5

*Hicks v. Richard*, 39 Cal.App.5th 1167, 1177 (2019) ........ 5

*McClatchy Newsp., Inc. v. Superior Court*, 189 Cal.App.3d 961, 976-977 (1987) ........ 5, 7

*Sipple v. Fdn. For Nat. Progress*, 71 Cal.App.4th 226, 240 (1999) ........ 5, 6

*Beroiz v. Wahl*, 84 Cal.App.4th 485, 494 (2000) ........ 5-6

*Silberg v. Anderson*, 50 Cal.3d 205, 213 (1990) ........ 6, 7

*Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.*, 59 Cal.App.5th 995, 1005-6 (2021) ........ 6

*Tiedemann v. Superior Court*, 83 Cal.App.3d 918, 925 (1978) ........ 6

*Healthsmart Pacific, Inc. v. Kabateck*, 7 Cal.App.5th 416, 427 (2016) ........ 7

*Green v. Cortez*, 151 Cal.App.3d 1068, 1074 (1984) ........ 7

*American Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP*, 134 Cal.App.4th 1332, 1343 (2005) ........ 7

*Edwards v. Centex Real Estate Corp*. (1997) 53 Cal.App.4th 15, 29 ........ 7

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 784 (1996) ........ 7

*Rubin v. Green*, 4 Cal.4th 1187, 1194-1195 (1993) ........ 7

*Mission Oaks Ranch, Ltd. v. County of Santa Barbara* (1998) 65 Cal.App.4th 713, 728 ........ 7

*Neurelis, Inc. v. Aquestive Therapeutics, Inc.*, 71 Cal.App.5th 769 (2021) ........ 8

*Hi-Top Steel Corp. v. Lehrer*, 24 Cal.App.4th 570, 575 (1994) ........ 8

*Dean v. Friends of Pine Meadow*, 21 Cal.App.5th 91, 110 (2018) ........ 8

*Reader's Digest Assn. v. Superior Court*, 37 Cal.3d 244, 252 (1984) ........ 9

*Gertz v. Welch*, 418 U.S. 323, 351 (1974) ........ 9

*Rudnick v. McMillan*, 25 Cal.App.4th 1183, 1190 (1994) ........ 9

*Waldbaum* v. *Fairchild Publications, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980) ........ 9

*Mosesian v. McClatchy Newspapers*, 233 Cal.App.3d 1685, 1689 (1991) ........ 9

*Okun* v. *Superior Court*, 29 Cal.3d 442, 451 (1981) ........ 9

*Copp v. Paxton*, 45 Cal.App.4th 829 (1996) ..........9
*Kaufman v. Fid. Fed. Sav. & Loan Ass'n*, 140 Cal.App.3d 913 (1983) ..........9

*Lundquist v. Reusser*, 7 Cal.4th 1193, 1212 (1994) ..........10
*Nygard, Inc. v. Uusi-Kerttula*, 159 Cal.App.4th 1027, 1048 (2008) ..........10
*Cuenca v. Safeway Employees Federal Credit Union*, 180 Cal.App.3d 985, 999 (1986) ..........10
*Oviedo v. Windsor Twelve Properties, LLC*, 212 Cal.App.4th 97, 109, fn. 10 (2012) ..........10

*Jenkins v. County of Riverside*, 398 F.3d 1093, 1095, fn. 4 (9th Cir. 2005) 10-11 ..........11

*Chavez v. Wynar*, 421 F.Supp.3d 891, 909-910 (N.D. Cal. 2019) ..........11

*GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141,154 (2013) ..........11

*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal.App.4th 87, 100 (2016) ..........11

*Reed v. Gallagher*, 248 Cal.App.4th 841, 855-856 (2016) ..........11

*Nygard, Inc. v. Uusi-Kerttula* 159 Cal.App.4th 1027, 1048 (2008) ..........11

*Ruiz v. Harbor View Community Assn.*, 134 Cal.App.4th 1456, 1471 (2005) ..........11

*Gallagher v. Connell*, 123 Cal.App.4th 1260, 1270 (2004) ..........11

*Reed v. Gallagher*, 248 Cal.App.4th 841, 856 (2016) ..........12

*Carver v. Bonds*, 135 Cal.App.4th 328, 348 (2005) ..........12

*Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995) ..........12

*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 291 (2014) ..........12

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986) ..........12

*Jansen Asso., Inc. v. Codercard, Inc.*, 218 Cal.App.3d 1166 (1990). ..........13

*Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) ..........13

*DCD Programs, Ltd. v. Leighton* 833 F.2d 183, 186. (9th Cir. 1987) ..........13

**STATUTES**

CCP §128.5 ..........13

Cal. Civ. Proc. Code (“CCP”) §425.16(b)(1) ..........2

Cal. Civ. Code §47(c) ..........4

Defendants TEACHBK, INC., ILYA KISELEV, and ANDREY BURTSEV (collectively, "Defendants") submit this Reply in response to Plaintiff MIRIAM GOLDBERG, a/k/a/ Marina Sokolovskaya's ("Plaintiff") Opposition to Defendants' anti-SLAPP Motion ("Motion") to Strike the Complaint.

## I. INTRODUCTION

Defendants' Motion should be granted because:

1. Plaintiff concedes that her defamation cause of action arises from protected activity;
2. Plaintiff has not, and cannot, demonstrate a probability of prevailing on her defamation claim because:
   a. As a matter of law, the challenged statements are privileged on at least four (4) separate grounds;
   b. As a matter of law, the challenged statements are not defamatory;
   c. The challenged statements were not made with malice or reckless disregard for their truth, or lack thereof;
   d. Plaintiff concedes that the challenged statements were not negligently made; and
3. Plaintiff has not demonstrated the existence of a disputed material that would prevent the Court from granting the Motion.

Plaintiff's failure to meet her burden on a single aspect of any of these issues means that Defendants' Motion must be granted.

## II. FRAMEWORK

"[T]he issues in an anti-SLAPP motion are framed by the pleadings. Thus, the act or acts underlying a claim for purposes of an anti-SLAPP statute is *determined from the plaintiffs' allegations. Medical Marijuana, Inc. v. ProjectCBD.com*, 46 Cal.App.4th 869, 883 (2020) (*emphasis* in original). As stated in the Motion, despite 53 paragraphs of "General Allegations", the issue framed by Plaintiff's Complaint is limited to her claim Defendants accused her of (1) "being a Kremlin agent" and (2) sending "clients' personal information to the Russian government". Complaint (ECF 1), ¶1. The Complaint also sets out the sole issue of Defendants' alleged motivation: "to harm the reputation of their perceived competition [Plaintiff]." *Id.*

With this framework in mind, it is clear that Plaintiff has not met her burden in opposing the Motion and the Motion must be granted.

## III. LEGAL DISCUSSION

### A. Defendants Have Met Their Threshold Showing

The Court first decides whether Defendants have met the first prong – "made a threshold showing that the challenged cause of action is one arising from protected activity." Cal. Civ. Proc. Code ("CCP") §425.16(b)(1). **Plaintiff concedes this issue**. *See*, ECF 31, 6, fn. 5[1]; *see also, generally*, *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095, fn. 4 (9th Cir. 2005) [claims abandoned by failure to raise in opposition]; *accord*, *Chavez v. Wynar*, 421 F.Supp.3d 891, 909-910 (N.D.Cal. 2019). Thus, the first part of the anti-SLAPP two-prong test has been satisfied. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Neither the Court nor Defendants need to waste resources on this issue.

The Court need only consider the second prong – whether Plaintiff has demonstrated a probability of prevailing on her defamation claims. *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 819-820 (2011); *Murray v. Tran*, 55 Cal.App.5th 10, 37 (2020) [Plaintiff, once the burden has shifted, must establish a probability of prevailing on "this defamation claim"; i.e., the one pled].

### B. Plaintiff Has Failed to Carry Her Burden

In a diversity action, the Court considers substantive state law and procedural federal law. *Gasperini v. Ctr. For Humanities*, 518 U.S. 415, 427(1996).

An anti-SLAPP motion filed in Federal court may challenge the legal sufficiency of the complaint or the factual sufficiency. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021). It may also challenge both. *See, e.g.*, *Ugorji v. Cty. of Lake*, 2020 U.S.Dist.LEXIS 118139, at *19 (N.D.Cal. July 6, 2020). Legal sufficiency is "analyzed pursuant to Rule 12", "factual sufficiency … pursuant to Rule 56." *Id.* Defendants "determine[] which motions [they] file[], not the plaintiff." *Id.*

[1] This Reply will reference documents as follows: Complaint (ECF 1), Motion (ECF 28), Kiselev Declaration ISO Motion (ECF 28-1), Opposition (ECF 31), and Goldberg Declaration ISO Opposition (ECF 31-1). References to the pages in said documents will be to page number of the document as submitted to Court and prior to the document's assignment of the ECF #.

Under the 12(b)(6) analysis, "[t]he district court must grant the defendant's motion and dismiss the complaint if [as is the case here] the 'plaintiff presents an insufficient legal basis for the claims' or "'no reasonable jury' could find for the plaintiff.'" *Herring*, at 1155. Even if the Court determines that the Motion addresses factual insufficiency, Plaintiff's incompetent, irrelevant, inadmissible submissions are inadequate to carry her burden under the anti-SLAPP analysis. Plaintiff may not rely solely on her complaint – she must provide to the Court competent, admissible evidence. *Oviedo v. Windsor Twelve Properties, LLC*, 212 Cal.App.4th 97, 109. While the Court does not *weigh* the evidence, it must determine whether Plaintiff "has made a prima facie showing of facts necessary to establish its claim at trial." *Paiva v. Nichols,* 168 Cal.App.4th 1007, 1017 (2008).

Furthermore, those facts must be material and "the substantive law will identify which facts are material". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it could affect the outatemetn is actiontcome of the suit under the governing law and becomes a genuine issue if it can reasonably be resolved in favor of the nonmoving party. *Id.* at 248-249.

Plaintiff failed to carry her burden of establishing legal sufficiency, and to the extent the Court might consider it necessary, her burden regarding factual sufficiency of her claims[2].

**1. As a Matter Of Law, The Challenged Statements Are Privileged On At Least Four (4) Separate Grounds**

A finding by the Court that *any one* of the privileges applies defeats Plaintiff's cause of action for defamation such that the Motion must be granted. *Rohde v. Wolf*, 154 Cal.App.4th 28, 38 (2007).

---

[2] Plaintiff's Complaint does not set forth specifically the pecuniary loss she alleges to have sustained as a result of the challenged statements. *See e.g., Aschutz Ent. Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643 (2009) [affirming order striking claims]; *Pridonoff v. Balokovich*, 36 Cal.2d 788, 792 (1951) ["general allegations of loss will not suffice]; *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 981 (N.D. Cal. 2013) [special damages are actual out-of-pocket losses and must be pled with specificity]. The requirement to prove special damages are "rigorous," (*Erlich v. Etner*, 224 Cal.App.2d 69, 73 (1964)) and are no and are not satisfied by "mere conclusions" or a "guess" as to what have motivated the actions of others, nor a generalized decline in business (*Id.* at 75). The Opposition and its vague, inadmissible supporting declaration of Plaintiff, likewise, ignores in their entirety, the mandate described in *Baral v. Schnitt*, 1 Cal.5th 376, 392-93 (2016) that Plaintiff must establish that each allegedly defamatory statement is actionable (including substantiation of special damages), or that statement must be stricken.

***a. Plaintiff Has Not Overcome the Common Interest Privilege***

The existence of the common interest privilege, codified at Cal. Civ. Code §47(c), is a question of law for the court. *Kashian v. Harriman*, 98 Cal.App.4th 892, 914 (2002)[3].

The Opposition appears to argue the privilege applies only to statements disseminated to small groups, and it does not apply here because Defendants allegedly communicated to a large group. Opposition. (ECF 31 at 13:26-28, 14:1-8). This position is contrary to the law. The privilege exists where "the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest", including a pecuniary interest. *Williams v. Taylor*, 129 Cal.App.3d 745, 751 (1982); *Kashian* at 914.

Here, Plaintiff alleges that Defendants "offer help to Russians who are seeking to move to the United States" (Complaint ¶5), provide "[a]ssistance in protecting the right to political asylum" (*Id.* ¶11), "assistance in preparing for asylum proceedings" (*Id.* ¶12), and preparation "for interviews with immigration officials (*Id.* ¶13). These allegations are an admission by Plaintiff that Defendants were communicating with persons sharing a common interest in U.S. immigration and asylum issues.

The privilege is overcome only if Plaintiff submits *admissible* prima facie evidence that Defendants made statements with *actual malice*, meaning "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy, or injure another person." *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 899. Paragraph 1 of Complaint concedes Defendants were *not* motivated by ill will, a desire to vex, annoy or injure her. "Defendants … engaged in this campaign to harm the reputation of their perceived competition." Complaint ¶1 (ECF 1 at 2:8-9).

The Opposition does not include competent evidence of Defendants' malice. Plaintiff's Declaration is irrelevant[4] and has no tendency to show that Defendants' alleged statements that: (1) Plaintiff is a Kremlin agent, and (2) Plaintiff leaks information to the Russian government

---

3 Cited with approval by *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, F.Supp.2d 1188, 1198 (C.D. Cal. 2006).

4 Plaintiff's declaration: (a) incorporates the Complaint (¶30) which is not evidence, (b) admits Defendants' statement was not "of or concerning Plaintiff" ["it's not about her…"] (¶17), (c) refers to other persons' statements – not Defendants' (¶17); avers to matters that are irrelevant and establish nothing concerning the challenged statements alleged in the Complaint (¶17, ¶19 and ¶39).

were made with actual malice or a reckless disregard for the truth of those two statements. *See also*, fn. 7-9 *infra*.

> A showing that malice merely exists is not sufficient to defeat the privilege. "If the occasion is conditionally privileged, if the defendant's primary motive is the advancement of the interest which the privilege protects and if he speaks in good faith, the mere fact that he harbors ill will toward the plaintiff should be a neutral factor."

*SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 963 (9th Cir. 2008) (citation omitted).

Plaintiff's proclamations [Ms. Goldberg has established actual malice (ECF 31 at 19:10)] are neither supported by nor constitute admissible evidence. Likewise, Plaintiff's citations to the Complaint (ECF 31, 14:14-15, 14:27-28, 15:1-7) is no substitute for the requirement she submit competent evidence; as such, it must be disregarded. *Paiva v. Nichols*, 168 Cal.App.4th 1007, 1017 (2008); *San Diegans for Open Gov't v. San Diego State Univ. Research Found.*, 13 Cal.App.5th 76, 84 (2017) [attempt to fill the evidentiary void by relying on allegations in a verified complaint is insufficient as a matter of law in an anti-SLAPP context].

Further, the caselaw cited by Plaintiff supports Defendants' position (*Kashian and SDV/ACCI* cited above); is cited in violation of the Rules of Court[5] or is distinguishable. *Hawran v. Hixson*, 209 Cal.App.4th 256, 287 (2012) involved a "press release … disseminated to the PR Newswire" and *Newton v. National Broadcasting Co.*, 930 F.2d 662 (1990) was a lawsuit against a *national* television company. The common interest privilege is, therefore, a complete defense to Plaintiff's lawsuit. *See, Hicks v. Richard*, 39 Cal.App.5th 1167, 1177 (2019).

***b. Plaintiff Has Not Overcome the Fair Comment Privilege***

Application of the privilege is a question of law. *McClatchy Newsp., Inc. v. Superior Court*, 189 Cal.App.3d 961, 976-977 (1987). Plaintiff attempt to narrow the scope of the privilege to a "report of … official proceedings" (ECF 31 at 21:18-19) is a misstatement of law. Contrary to Plaintiff's argument, the privilege includes reports about official proceedings and records, or anything said in the course thereof, to a public journal, including that in other countries. *Sipple v. Fdn. For Nat. Progress*, 71 Cal.App.4th 226, 240 (1999); *Beroiz v. Wahl*, 84

---

[5] Cal.Rules of Court, Rule 8.115(a) prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published. *Lee v. Azar*, 2024 WL 239248 (Jan. 23, 2024, No. C096185) [designated as "not been certified for publication or ordered published for the purposes of Rule 8.1115].

Cal.App.4th 485, 494 (2000). The privilege is also designed to allow access to the courts. *Silberg v. Anderson*, 50 Cal.3d 205, 213 (1990).

The challenged statements, as defined by Plaintiff, are – Defendants accused Plaintiff of (1) being a Kremlin Agent and (2) sending client personal information to the Russian government. Complaint ¶1, ECF 2:6-7. In support of her position that Defendants' statements were defamatory and untrue, Plaintiff offers a justification for her contact with Katkov – a Russian political figure in Moscow – which was to inquire about Kiselev's legal case(s), while referencing portions of videos allegedly posted by Defendants. Complaint (ECF 1), ¶ 19. However, the videos where Defendants supposedly defamed Plaintiff, involve Defendants reporting the details of Kiselev's legal case in Russia initiated by Katkov, and Kiselev's Russian attorney and Katkov's interactions related to said legal case. ABD ¶¶27-28; IKD ¶¶14, 16. The videos also reported on events occurring in another person's bid for asylum – prefiling actions undertaken before that person's actual legal case in the U.S. ABD ¶29; IKD ¶14. This is the epitome of "reports about official proceedings and records, or anything said in the course thereof…" *Sipple, supra*, 71 Cal.App.4th at 240. *Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.*, 59 Cal.App.5th 995, 1005-6 (2021) [privilege encompasses statements made in connection with an issue before a judicial body, even if made before and after the commencement of proceeding][6].

Plaintiff's declaration, again, lacks any competent evidence on this issue; it merely expands on the excuses for the contact with Katkov and/or explanations that Katkov was not a deputy at the time of said contact (ECF 31-1, ¶20-21, 23, 23). The latter are inadmissible on the basis of relevance, hearsay, lack of personal knowledge, among other issues. Furthermore, the excuses offered by Plaintiff's declaration do not overcome Defendants' evidence that Katkov's government role remains active and involved. IKD ¶6. Any doubts "are to be resolved in favor of a finding of privilege." *Tiedemann v. Superior Court*, 83 Cal.App.3d 918, 925 (1978). The

[6] "Statements made before an 'official proceeding' or in connection with an issue under consideration or review by a … judicial body … are not limited to statements made after the commencement of such a proceeding… Statements made "in anticipation of a court action" may be entitled to protection under the anti-SLAPP statute. "'[J]ust as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege … [,] … such statements are equally entitled to the benefits of section 425.16." *Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.*, 59 Cal.App.5th 995, 1005-6 (2021) (citations omitted).

privilege is absolute. *Healthsmart Pacific, Inc. v. Kabateck*, 7 Cal.App.5th 416, 427 (2016). Truth, falsity & Defendants' motives are all irrelevant. *McClatchy*, *supra*, 189 Cal.App.3d at 974-5; *Green v. Cortez*, 151 Cal.App.3d 1068, 1074 (1984).

Further, the only law cited in support of Plaintiff's position that fair report privilege does not apply is a Southern District ruling that is not a binding precedent. *Camreta v. Greene*, 563 U.S. 692, 709, fn. 7 (2011). As such, Plaintiff's assertion that fair comment privilege is inapplicable here is not supported by competent evidence or law.

***c. Plaintiff Has Not Overcome The Litigation And Noerr-Pennington Privileges***

Whether the privileges apply is a question of law and any doubt must be resolved in favor of applying it. *American Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP*, 134 Cal.App.4th 1332, 1343 (2005) [litigation privilege is question of law where operative facts are not in dispute].

Plaintiff's claim that the litigation privilege does not apply because the challenged statements "were not made 'in judicial or quasi-judicial proceedings'" (ECF 31, 17:7-9, *see also,* 13:14) or made "after proceedings or on the courthouse steps" (ECF 31, 17:14-17) exhibits a clear and basic misunderstanding of the law.

The litigation privilege has been given broad application and covers communications that have some connection or logical relation to a lawsuit. *Silberg v. Anderson* 50 Cal.3d 205, 212 (1990). "[T]he privilege has been extended to *any* communication, whether or not it is a publication, and to *all* torts other than malicious prosecution." *Edwards v. Centex Real Estate Corp*. (1997) 53 Cal.App.4th 15, 29. The absolute privilege is unconditional and unqualified – all that must be demonstrated is that there is a logical relationship to an official proceeding: "Just as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b), . . . such statements are equally entitled to the benefits of section 425.16." *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 784 (1996) (*citing Rubin v. Green*, 4 Cal.4th 1187, 1194-1195 (1993); *see also, Mission Oaks Ranch, Ltd. v. County of Santa Barbara* (1998) 65 Cal.App.4th 713, 728 (overruled on different grounds). The litigation

privilege applies regardless whether the communication was made with malice or the intent to harm. *Kashian v. Harriman*, 98 Cal.App.4th 892, 913 (2002).

Plaintiff does not dispute that Defendants' statements at issue are about: a) Kiselev's legal case in Russia; b) Kiselev's asylum case in the U.S.; and c) other asylees' immigration cases[7]. Indisputably and actually, these statements have direct connection to Defendants' and/or other asylees and/or Defendants' subscribers' litigation activity, particularly in the U.S. immigration courts.

Plaintiff's argument that Defendants have not established applicability of the Noerr-Pennington doctrine because she believes it only applies in an antitrust context (ECF 31, 17:23-28, 18:1-2, and 18:5-6), and further that Plaintiff can readily satisfy the sham exception (ECF 31, 18:16) is equally misguided and unavailing. Plaintiff's citations to her Complaint plus the single paragraph of Goldberg's declaration (which is yet another reference to her Complaint) in support of this position are not equivalent to competent evidence, as is required. *San Diegans for Open Gov't v. San Diego State Univ. Research Found.*, 13 Cal.App.5th 76, 84 (2017).

The *Noerr-Pennington* doctrine, which originated in antitrust law, has been extended to various contexts, and "generally shields a defendant's petitioning activity before courts as well as administrative and other government agencies." *Neurelis, Inc. v. Aquestive Therapeutics, Inc.*, 71 Cal.App.5th 769 (2021). Party resisting application of the doctrine must show efforts to influence government are merely a sham. *Hi-Top Steel Corp. v. Lehrer*, 24 Cal.App.4th 570, 575 (1994).

Just as with application of the litigation privilege, the challenged statements at issue her are clearly connected to Defendants' and/or other immigration asylees' petitioning activity. Defendants' videos containing the statements at issue, aimed to caution their fellow immigration asylees to exercise caution when submitting information related to their petitioning activity.

Because Defendants statements fit squarely within the litigation privilege and/or the *Noerr-Pennington* privilege, it was Plaintiff's burden to prove the sham exception applied, which she failed to do. *Dean v. Friends of Pine Meadow*, 21 Cal.App.5th 91, 110 (2018).

---

[7] In fact, in support of her argument that litigation privilege does not apply, Plaintiff does not offer any factual, admissible support for this position in her Opposition.

**2. Plaintiff Is a Public Figure As a Matter of Law**

Whether Plaintiff is a public figure is a question of law. *Reader's Digest Assn. v. Superior Court*, 37 Cal.3d 244, 252 (1984). Contrary to the Opposition, whether Plaintiff is a public figure is not based solely on "working for an immigration law firm, posting videos about immigration issues for that law firm, and helping to find missing persons." ECF 31, p. 15:16-19. Plaintiff's Complaint (ECF 1) – a judicial admission – establishes her status as a public figure. She uses a "professional name", has injected herself into the public interest issues of immigration and the search for missing persons, she submits posts and videos to public forums and she created and appeared in a documentary film about the public issues in which she is involved. Complaint, ¶2 (ECF 1, p. 2:13-14), ¶16 (ECF 1, p. 5:22-23), ¶55 (ECF 1, pp. 15:27–16:2), ¶62 (ECF 1, p. 17:5) Plaintiff's public YouTube channel boasts 30,000 subscribers, Plaintiff identifies herself as a blogger and journalist, and holds herself out as an expert on immigration and missing persons. AVV Dec., ¶¶ 9-11; ABD ¶26; IKD ¶ 13[8].

A single paragraph in Plaintiff's declaration is insufficient to abrogate the judicial admissions of her Complaint. At a minimum, Plaintiff is a "public figure for a limited range of issues". *Gertz v. Welch*, 418 U.S. 323, 351 (1974); *Rudnick v. McMillan*, 25 Cal.App.4th 1183, 1190 (1994)[9]. She has injected herself into public issues on account of her admittedly active, public, and continuous participation in public discourse on immigration and missing persons. *Waldbaum* v. *Fairchild Publications, Inc.*, 627 F.2d 1287, 1297 (D.C. Cir. 1980) ("[i]f the issue was being debated publicly and if it had foreseeable and substantial ramifications for nonparticipants, it was a public controversy.").

**3. Plaintiff Has Failed to Show Actual Malice, Recklessness Or Even Negligence By Defendants**

To overcome the common interest privilege and/or her status as a public figure, and demonstrate the required probability of prevailing at trial, Plaintiff must show Defendants acted

[8] Plaintiff's Declaration confirms the audience of the YouTube channel she's associated with is 30,000. ECF 31-1, ¶ 5.

[9] *See also*, *Mosesian v. McClatchy Newspapers*, 233 Cal.App.3d 1685, 1689 (1991); *Okun* v. *Superior Court*, 29 Cal.3d 442, 451 (1981); *see also*, *Copp v. Paxton*, 45 Cal.App.4th 829 (1996) (president of two corporations that opposed rezoning issues affecting his property); *Kaufman v. Fid. Fed. Sav. & Loan Ass'n*, 140 Cal.App.3d 913 (1983) (self-proclaimed expert in earthquake safety).

with actual malice toward her. *See*, *Lundquist v. Reusser*, 7 Cal.4th 1193, 1212 (1994) (actual malice required to defeat common interest privilege); *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal.App.4th 1027, 1048 (2008) (public figure required to show actual malice). Whether Plaintiff has established actual malice is a question of law. *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657 (1989). The Opposition claims, without providing material evidence, that Defendants "acted with reckless disregard for the truth when publishing their statements accusing her of leaking information to the Russian government as part of a "major espionage network". ECF 31, p 17:1-4.

First, there is no malice if Defendants had reasonable grounds to believe the challenged statements[10]. *See*, *Cuenca v. Safeway Employees Federal Credit Union*, 180 Cal.App.3d 985, 999 (1986). Defendants' grounds consist of: (1) Plaintiff's affirmation that she contacted Katkov, (2) information provided by Kiselev's attorney in Russia, (3) Katkov's publication, (4) the personal experience of other political asylees who interacted with Plaintiff and (5) information gleaned from Plaintiff's own postings. ABD ¶31; IKD ¶18.

Second, Plaintiff's Opposition does not overcome Defendants' evidence. Plaintiff's Complaint does not constitute competent evidence. *Oviedo v. Windsor Twelve Properties, LLC*, 212 Cal.App.4th 97, 109, fn. 10 (2012) [Pleadings allege ultimate facts, not evidentiary facts]. Plaintiff's declaration (¶22, 25-29[11]), likewise does not advance her position either because it contains incompetent, irrelevant or inadmissible evidence.

**4. Plaintiff's Claims Fail Even if Plaintiff is Not a Public Figure**

***a. Plaintiff Has Waived Any Argument for Negligence***

Plaintiff does not address or provide any admissible, sufficient proof Defendants acting negligently in making statements about Plaintiff as a private person. *See*, *Jenkins v. County of*

---

10 Defendants deny calling Plaintiff a spy or an agent for the Kremlin. ABD ¶31; IKD ¶18. Plaintiff provides no admissible evidence to contradict this denial.

11 ¶22: Katkov's filing date is not a material fact; Plaintiff lacks personal knowledge regarding information on a website or in a publication she does not maintain or operate, nor does she provide a printed copy of either. Hearsay allegations and documents without foundation cannot overcome Defendants' personal knowledge. ¶¶25-29: the Complaint is not evidence; hearsay statements are inadmissible; *when* Defendants relocated to California is not a material fact.

*Riverside*, 398 F.3d 1093, 1095, fn. 4 (9th Cir. 2005) [claims abandoned by failure to raise in opposition]; *accord*, *Chavez v. Wynar*, 421 F.Supp.3d 891, 909-910 (N.D. Cal. 2019). Because the Opposition does not address this issue, it is waived.

***b. Truth and Opinions are Not Actionable***

In this case, any statements actually made by Defendants were either truthful assertions of fact or non-actionable statements of opinion. Truth is a complete defense to defamation. *GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141,154 (2013). Opinions are not actionable defamation. *J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal.App.4th 87, 100 (2016).

It is undisputably true that Plaintiff made contact with Katkov and that she posted personal information about an asylee she interviewed on her public YouTube. Complaint (ECF 1), ¶19; ECF 31, 2:7-16, 9:21-26, 17:10-11; ECF 3-1, ¶20, 33-35; IKD (ECF 28-1), ¶13; PLD (ECF 28-3), ¶¶3-7. These two truths, in turn, negate any allegation Defendants acted with reckless disregard for the truth.

> "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." [Citations.]'"
> ….
> "To state a defamation claim that survives a First Amendment challenge, … a plaintiff must present evidence of a statement of fact that is 'provably false.' [Citation.] '"Statements do not imply a provably false factual assertion and thus cannot form the basis of a defamation action if they cannot '"reasonably [be] interpreted as stating actual facts" about an individual.' [Citations.] Thus, 'rhetorical hyperbole,' 'vigorous epithet[s],' 'lusty and imaginative expression[s] of … contempt,' and language used 'in a loose, figurative sense' have all been accorded constitutional protection. [Citations.]" [Citation.] The dispositive question … is whether a reasonable trier of fact could conclude that the published statements imply a provably false factual assertion.'"
>
> *Reed v. Gallagher*, 248 Cal.App.4th 841, 855-856 (2016) (citing *Nygard, Inc. v. Uusi-Kerttula* 159 Cal.App.4th 1027, 1048 (2008).

"Whether a statement declares or implies a provably false assertion of fact is a question of law…" *Ruiz v. Harbor View Community Assn.*, 134 Cal.App.4th 1456, 1471 (2005). A "subjective judgment" is a statement that implies a provably false factual allegation. *Gallagher v.*

*Connell*, 123 Cal.App.4th 1260, 1270 (2004); *Reed v. Gallagher*, 248 Cal.App.4th 841, 856 (2016) [“Reed is an unscrupulous lawyer” would be a nonactionable statement of opinion, rather than a provably false assertion of fact]. Statements are nondefamatory if based on “entirely subjective matters rather than provably false factual assertions”. *Carver v. Bonds*, 135 Cal.App.4th 328, 348 (2005).

Plaintiff is a “Kremlin agent” is just such a statement – it is not a provably true or false statement. It, therefore, cannot be the basis for a cause of action for defamation. *See, Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995).

***c. Statements In The Complaint That Are Not “Of and Concerning” Plaintiff Cannot Support Plaintiff’s Defamation Claim***

A plaintiff may not base her claim for defamation on statements made about others. *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 291 (2014) [the false statements alleged must specifically refer to, or be ‘of and concerning,’ the plaintiff in some way”]. Thus, Plaintiff’s complaints on behalf of her employer and/or her associate Kateryna Panova (for example: Complaint ¶¶ 2, 16, 57, and 62) may not be used to shore up Plaintiff’s own claim of defamation.

**5. No Disputed Material Fact Prevents the Court from Granting the Motion**

The proposition that a conflict in the evidence compels denial of the Motion (ECF 31, p. 11:1-14) requires Plaintiff to provide the Court with “facts” supported by admissible evidence AND those facts must be “material”. “Factual disputes that are irrelevant or unnecessary will not be counted.” *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986).

Again, the Complaint is not competent, admissible evidence. Whether Katkov was a “municipal deputy” is not a genuine dispute of a material fact. The undisputed fact is that Katkov, even if a *former* politician, took Plaintiff’s call. The fact Katkov (even if no longer holding title, but certainly still connected with the Russian government’s propaganda machine) would actually speak with Plaintiff speaks volumes concerning her connections.

**6. Plaintiff’s Fee Request Is Not Warranted**

Plaintiff’s demand for expenses is baseless.

First, Defendants note Plaintiff’s failure to comply with procedural requirements

necessary for an award of costs and fees. Expenses pursuant to CCP §128.5 (referenced in CCP 425.16(c)(1)) "shall not be imposed except on notice contained in a party's…responding papers." *Jansen Asso., Inc. v. Codercard, Inc.* 218 Cal.App.3d 1166 (1990) [adequacy of notice a due process Constitutional mandate]. Such a notice must state, clearly, against whom sanctions are sought, the basis therefore, and generally, the amount.

Second, Plaintiff's declaration *does not* establish that anything Defendants stated in their declarations was untrue[12]. More importantly, it is not possible for a CCP § 425.16 motion to strike to be frivolous when the opposing party does not dispute either that the challenged statements occurred in a public forum or that they concern a public issue. "'Frivolous" means totally and completely without merit or for the sole purpose of harassing an opposing party." *See,* CCP § 128.5(b)(2). Plaintiff is not entitled to fees.

**7. The Court Is Not Required to Grant a Futile Amendment**

The court is not required to grant leave to amend when amendment would be futile. *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) (Plaintiff's failure to state a claim for defamation or false light renders amendment futile.) The legal (and to the extent necessary) factual deficiencies in Plaintiff's case cannot be overcome. While the Federal courts' "liberality in granting leave to amend … is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." *DCD Programs, Ltd. v. Leighton* 833 F.2d 183, 186. (9th Cir. 1987). Here, the Court should find, and so rule, that amendment is futile.

## IV. CONCLUSION

Public discussion of and questions whether persons interacting with the public have Russian connections is nothing new – nor is it defamatory:

---

[12] ¶¶13-15: *When* TeachBK was created, other people selling fake IDs (even if true), Plaintiff's exclusion from Defendants' Telegram account are immaterial to Plaintiff's claims Defendants defamed her; untranslated documents in a foreign language are inadmissible; Plaintiff lacks personal knowledge. ¶¶24-29: Kiselev does not claim Katkov did not know he had fled to the United States – he attests that Katkov did not know Kiselev's location *in* the U.S. before he spoke with Plaintiff (and it is immaterial); Plaintiff's Complaint is not evidence; the documents referenced have no foundation; why Defendants relocated is not a material fact; untranslated documents in a foreign language are inadmissible; the requirements of Florida's secretary of state are immaterial.

> "This completes the merger between Russian state-sponsored propaganda and American conservative media. . . . We used to think of it as 'They just have the same views' or 'They use the same story leads.' But now they have the same personnel."
>
> *Herring Networks, Inc. v. Maddow,* 8 F.4th 1148, 1152 (9th Cir. 2021) [quote of former Federal Bureau of Investigation (FBI) agent reported in 2019 article].

The statement alleged to be defamatory in *Herring* is startingly similar to the case at bar, as is each Plaintiff's response:

*Herring*:
- The challenged statement: "OAN 'really literally is paid Russian propaganda'"
- Response: "'OAN has never been paid or received a penny from Russia or the Russian government.'"

*Plaintiff*:
- The challenged statement: "Plaintiff is a Kremlin agent." [Complaint.]
- Plaintiff's Response: "I'm not a spy." [Complaint.]

As in *Herring*, Defendants' statements are not defamatory. Plaintiff has not met her burden to show legal or factual sufficiency by way of reasoned argument, applicable law, or admissible evidence. Defendants' Motion should be granted.

Dated: October 29, 2024

LAW OFFICES OF ALLA V. VOROBETS

Alla V. Vorobets
Attorneys for Defendants