**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.com*
9270 Madison Avenue
Orangevale, CA 95662
Tel: (916) 966-8529
Fax: (916) 966-8527
Email: avorobets@vorobetslaw.com

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV, and
ANDREI BURTSEV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>Plaintiff,<br>vs.<br><br>TEACHBK, INC., ILYA KISELEV and ANDREI BUTSEV<br><br>Defendants. | **Case No.: 3:24-cv-4525**<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY TO OPPOSITION TO SPECIAL MOTION TO STRIKE**<br><br>**[Cal. Civ. Proc. Code § 425.16]**<br><br>**Date: November 5, 2024**<br>**Time: 10:30 a.m.**<br>**Judge: Hon. Lisa J. Cisneros**<br>**Dept: Courtroom G, 15th Floor**<br>**Location: San Francisco Courthouse**<br>**450 Golden Gate Ave.,**<br>**San Francisco, CA 94102**<br><br>**Action Filed: July 26, 2024** |

Defendants TEACHBK, INC., ILYA KISELEV, and ANDREY BURTSEV (collectively, "Defendants") submit the following evidentiary objections to the Declaration of Plaintiff, MIRIAM GOLDBER a/k/a Marina Sokoslovskaya ("Plaintiff")

## I. INTRODUCTION

Defendants acknowledge Rule 7-3(c) which states "[a]ny evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum. To that end, Defendants *have* included in their Reply Brief ("Reply") objections to the parts of Plaintiff's Declaration that are actually cited in Plaintiff's Opposition Brief ("Opposition").

However, because the majority of Plaintiff's Declaration (not just the few paragraphs referenced in the Opposition) is objection, Defendants submit the following chart of applicable objections for the Court's ease of reference. The following chart addresses inadmissible documents and assertions based thereon as well as statements that are, themselves inadmissible - including those made without supporting evidence. By including conclusory statements as though they are factually corroborated, Plaintiff, in essence, asks the Court to accept her assertions as fact, despite having provided inadmissible or no evidence for the conclusory statements. Defendants, therefore, object to the following portions of Plaintiff's Declaration as set forth below.

| Citation to ECF 31-1 (pg:ln) ¶ | Statement in Declaration | Evidentiary Objection |
|---|---|---|
| 2:6-7 ¶3 | I … moved to the United States from the Russian Federation because of my opposition to Russian President Vladimir Putin. | <u>Immaterial; not relevant; FRE 401.</u> No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 2:708 ¶3 | I am not now, nor have I ever, been a Russian agent, spy, or part of a criminal network. | •<u>Immaterial; not relevant; FRE 401.</u> Not relevant for purposes of Motion whether Plaintiff actually IS a Russian agent, spy, or part of a criminal network; does not create a |

| | | |
|---|---|---|
| | | genuine dispute of material fact. Has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 2:8-10 ¶3 | I have not now, nor ever, sent any prospective client's information to the Russian government. | •Immaterial; not relevant; FRE 401. Not relevant for purposes of Motion whether Plaintiff actually sent information to the Russian government; does not create a genuine dispute of material fact. Has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 2:10 ¶3 | I have never sent anyone's information to the Russian government. | Immaterial; not relevant; FRE 401. Not relevant for purposes of Motion whether Plaintiff actually sent information to the Russian government; does not create a genuine dispute of material fact. Has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 2:10-11 ¶3 | Any assertion to the contrary would be false. | •Improper opinion testimony; lack of foundation; conclusory; FRE 701. Plaintiff has no basis for her opinion.<br><br>•Lacks personal knowledge, speculation; FRE 602 What another person asserts is not within Plaintiff's knowledge<br><br>•Legal Conclusion. |
| 2:12-13 ¶4 | Plaintiff's professional name "borrows from [her] birth name and [her] grandmother's surname. | •Immaterial; not relevant; FRE 401. Not relevant for purposes of Motion; does not create a genuine dispute of material fact; has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 2:13-16 ¶4 | Defendants refer to me in their videos and posts as Marina Sokolovskaya and have made references to the fact that I use a moniker in professional settings to support their defamatory claims that I am a spy or | •Immaterial; not relevant; FRE 401. Not relevant for purposes of Motion; does not create a genuine dispute of material fact; has no tendency to prove the legal or factual sufficiency |

| | | |
|---|---|---|
| | affiliated with the Russian government. | of Plaintiff's Complaint<br><br>•<u>Hearsay; FRE 802.</u><br>Both the statements attributed to Defendants as well as those contained within the alleged videos are hearsay.<br><br>•<u>Lacks personal knowledge, speculation; FRE 602</u><br>Plaintiff can have no personal knowledge regarding Defendants' personal motivation;<br><br>• <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>Plaintiff simply makes reference to a video and expects the Court to take her word for it that such evidence exists. She provides no foundation for the alleged document(s), nor any authentication as to its reliability. |
| 2:16-20 ¶4 | I understand from Andrey Burtsev's declaration that he stated under oath that he did not know my last name until later, when he was served with the lawsuit [ECF No. 28-2 ¶8], even though Ilya Kiselev used that name on the May 2024 video in which both individuals appeared. [ECF No. 1 at 28]. | •<u>Immaterial; not relevant; FRE 401.</u><br>Not relevant for purposes of Motion; does not create a genuine dispute of material fact; has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint<br><br>•<u>Hearsay; FRE 802.</u><br>Regarding Kiselev's alleged statements as well as the video<br><br>• <u>Lacks personal knowledge, speculation; FRE 602</u><br>Plaintiff's statement is based upon a video that is inadmissible in its entirety;<br><br>• <u>Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.</u><br>Plaintiff simply makes reference |

| | | |
|---|---|---|
| | | to a video and expects the Court to take her word for it that such evidence exists. She provides no foundation for the alleged video, nor any authentication as to its reliability.<br><br>•<u>Misstates Defendants' declarations</u> Defendants knew Plaintiff as Marina Sokolovskaya. They were unaware that her real name is Miriam Goldberg until they were served with the lawsuit.<br><br>•<u>Immaterial; not relevant; FRE 401.</u> What Defendants knew about Plaintiff's various names is immaterial to resolution of whether Plaintiff has establish legal and factual sufficiency for her defamation claim. |
| 2:21-27 ¶5 | I am the Development Director and Intake Manager for the New York office of Modern Law Group, a U.S.-based immigration law firm. As part of that role, I post videos and social media post on immigration matters based on topics decided by my employer. Publishing that content is a term and condition of my employment and not something I do on my own initiative. These posts and videos are made on my employer's social media accounts, which my employer started in December 2022. As of September 2024, my employer's subscriber count reached 30,000. | •<u>Immaterial; not relevant; FRE 401.</u> Not relevant for purposes of Motion; does not create a genuine dispute of material fact; has no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 3:1-9 ¶6 | I know from Defendants' declarations that they claimed to have received communications in or around 2021 from asylees about the Russian government obtaining their personal information. In 2020, I was not employed. And in 2021, 1 was receiving disability benefits related to a car accident that occurred in March 2021, and I was also not employed. I did not | •<u>Immaterial; not relevant; FRE 401.</u> Plaintiff's employment, or lack thereof, has no relevance to the issues raised by the Motion and does not create a genuine dispute of material fact; Has no tendency to prove the factual or legal sufficiency of Plaintiff's Complaint. |

| | | |
|---|---|---|
| | return to work until June 2022, when I began my employment with Modern Law Group. I was not working for any immigration law firm during 2021, and so I did not have access to any asylees' personal information. And neither then, nor at any time, have I ever sent any asylee's personal information to the Russian government. | • Lacks personal knowledge, speculation; FRE 602<br>Plaintiff can have no personal knowledge of Defendants' communications with third parties. |
| 3:10-14 ¶7 | I have read Defendants' declarations in support of their motion to strike in detail. I have also watched their videos and read their social media in Russian, which I speak fluently. Below I refer to certain posts and videos, which I will append Google translations to, when appropriate. I can certify that my translations of these materials to be accurate because I am fluent in both English and Russian. | •Hearsay; FRE 802.<br>As to any statements made in the alleged videos, the videos themselves and the Google translation (i.e., the translation is accurate and the statements therein are offered for the truth of the matter asserted.)<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701.<br>Plaintiff has not been qualified as a Russian translator/expert; there is no foundation or authentication of any of the translations (see, i.e., CRC 3.1110(g).)<br><br>•Legal Conclusion.<br>Whether Plaintiff is sufficiently fluent to accurately translate Russian has not been established; Google translations are not authenticated, not reliable |
| 9:17 – 10:18 ¶9 | On January 2, 2015, Ilya Kiselev, under the monikor "RamboK" wrote a blog post on the website <drive2.ru>, titled "B CIIIA Ha HM7K ..." or "To the United States for permanent residence." In the blog post, Kiselev wrote that he wanted to move to Florida to be near his friends for economic reasons. He wrote:<br>Where I want... I want to go to Florida... where it's warm, cultured and my friends live...<br>The issue of money is also relevant... we will then work three times harder...<br>What was the last straw? ... To be honest, there's a video on the Internet | •Hearsay; FRE 802.<br>The purported author's statements are hearsay within the hearsay of the post;<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff has no personal knowledge of whether the post is true, was actually made by Kiselev or even what the author (whoever it is) intends by the setatements.<br><br>• Assumes facts not in evidence; lack of foundation (including |

| | | |
|---|---|---|
| | where Uncle Vova says that the country will even benefit from the fall of the ruble, that at 30 we were getting little, and now at 70 we'll be getting a lot... That's when I finally realized I'm an asshole! I graduated from school, graduated from a university with a 100-year history and formidable teachers... and at that moment I realized that I'm an asshole, because I don't understand what our ruler is saying! And then on TV Uncle Vova was surprised why gasoline is getting more expensive in our country... HE WAS SURPRISED... IT'S GETTING MORE EXPENSIVE... A PLAGUE simply... and he didn't know... didn't know... had no idea that in our country his whole life. f...k gasoline is getting more expensive! It's getting cheaper all over the world, but here it's getting more expensive, and why is that? It's all fucking simple - before, a loaf of bread was 30, and now it's 70, and the country's treasury will grow, and we'll really feel how the country has benefited from the crisis and sanctions... I'm petty, I'm greedy, nothing's enough for me, my ass is bigger than a sofa from fat... that's probably what patriots think... and I'm just tired of feeling like an "asshole" ...<br>A translated version of the post is attached as Exhibit 1 hereto. The original post is located at https://www.drive2.rU/b/1541471/. (In the comments to the post attached as Exhibit 1, a user asked Kiselev if he would be seeking employment-based immigration, to which Kiselev responded "Nah, I'll be using political asylum.") | authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. There is no foundation/authentication for Plaintiff's claim she has/can accurately translate Russian to English; she has not been qualified as an expert; her claim the translation is accurate is conclusory.<br><br>Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶10 | I understand from reviewing Kiselev's social media that he was affiliated with the Liberal Democratic Party of Russia (LDPR) and Andrey Viktorovich Shakh. Specifically, on August 25, 2021, Kiselev | •Hearsay; FRE 802. As to the any statement purportedly by Kiselev as well as the website<br><br>• Lacks personal knowledge, |

| | | |
|---|---|---|
| | posted a picture of his LDPR party card on Instagram.. I have seen other posts where he has supported LDPR, such as: https://www.instagram.eom/p/CSrCA53iSo4/. | speculation; FRE 602<br>Plaintiff can have no personal knowledge of the events described or concerning the website<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>Immaterial; not relevant; FRE 401.<br>No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶11 | Although LDPR is not affiliated with Putin's United Russia party, I understand that it is part of Putin's "systemic opposition," which Radio Free Europe has described thusly: "the so-called systemic opposition—the Communist Party, the Liberal Democratic Party of Russia (LDPR), and A Just Russia, which purport to oppose United Russia but often vote in lockstep with it—is bent on clearing a path for the ruling party." https://www.rferl.org/a/sagging-popularity-forces-russia-s-rulingpartv-to-dig-into-its-box-of-election-tricks/30036639.html. | •Hearsay; FRE 802.<br>As to the any statement purportedly by Kiselev as well as the website<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff can have no personal knowledge of the events described or concerning the website<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701.<br>x<br><br>Immaterial; not relevant; FRE 401.<br>No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual |

| | | |
|---|---|---|
| | | sufficiency of Plaintiff's Complaint |
| ¶12 | I have also seen at least one post in which Kiselev collaborated with Albert Yumadilov, who was part of the Kremlin's United Russia party, and I understand that Kiselev attempted to enter municipal Russian politics, but not as part of the Russian opposition heralded by the late Aleksey Navalny. I learned about Kiselev working for Yumadilov through an article written by Katkov. He published this article in his newsletter on 24 August 2022. In the article, Katkov stated, "lOMaflnjiOB He rHyinaercji HHueM. Ohobhaho, b npoTHBocToamie co mhoh bshji b copaTHHKH OMurpupoBaBmero b (J)eBpajie 2022 rofla b CIIIA Herofla a." ("Yumadilov does not shun anything. Obviously, in opposition to me, he took as an ally a scoundrel who emigrated to the United States in February 2022.") Kiselev later reposted that article on his Instagram page, acknowledging that Katkov's article referred to him. | •<u>Hearsay; FRE 802.</u><br>As to the any statement purportedly by Kiselev as well as the website<br><br>• <u>Lacks personal knowledge, speculation; FRE 602</u><br>Plaintiff can have no personal knowledge of the events described or concerning the website<br><br>• <u>Assumes facts not in evidence; lack of foundation (including authentication)</u>; FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•<u>Improper opinion testimony; lack of foundation; conclusory; FRE 701.</u><br>There is no foundation/authentication for Plaintiff's claim she has/can accurately translate Russian to English; she has not been qualified as an expert; her claim the translation is accurate is conclusory.<br><br><u>Immaterial; not relevant; FRE 401.</u><br>No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶12 | I learned about Kiselev working for Yumadilov through an article written by Katkov. He published this article in his newsletter on 24 August 2022. In the article, Katkov stated, "lOMaflnjiOB He rHyinaercji HHueM. Ohobhaho, b npoTHBocToamie co mhoh bshji b copaTHHKH OMurpupoBaBmero b (J)eBpajie 2022 rofla b CIIIA Heroflaa." ("Yumadilov does not shun anything. Obviously, in opposition to me, he took as | •<u>Hearsay; FRE 802.</u><br>As to the any statement purportedly by Kiselev as well as the website<br><br>• <u>Lacks personal knowledge, speculation; FRE 602</u><br>Plaintiff can have no personal knowledge of the events described or concerning the website<br><br>• <u>Assumes facts not in evidence;</u> |

| | | |
|---|---|---|
| | an ally a scoundrel who emigrated to the United States in February 2022.") Kiselev later reposted that article on his Instagram page, acknowledging that Katkov's article referred to him. | lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. There is no foundation/authentication for Plaintiff's claim she has/can accurately translate Russian to English; she has not been qualified as an expert; her claim the translation is accurate is conclusory.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶14 | But Kiselev and Burtsev created their TeachBK presence earlier. I know this because I personally joined one of the Telegram channels in which they permitted people to sell fake identification documents to individuals crossing the border from Mexico into the United States. When I pointed this out, I was banned from the channel. According to Telegram, one of these channels was created in March 2021:<br><br>SCREEN SHOT OF DOCUMENTS | • Lacks personal knowledge, speculation; FRE 602 Plaintiff can have no personal knowledge concerning Defendants' alleged business decisions.<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. Regarding the selling of fake identification documents.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |

| | | |
|---|---|---|
| ¶15 | I also reviewed the TeachBK YouTube channel and the first video posted there is dated February 7, 2021, before Kiselev attests that he relocated to the United States: https://www.youtube.com/watch?v=8F71tPMcUCA. | •Hearsay; FRE 802.<br>As to the any statement purportedly by Defendant(s) as well as the website<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff can have no personal knowledge of the events described or concerning the website<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it. |
| ¶16 | In January 2023, TeachBK published two videos about me. In these videos they did not mention anything about receiving any messages from asylees. Instead, they accused me of fraud based on one of my employer's videos. My employer Modern Law Group reached out the attorney who appears on the TeachBK YouTube channel. Through those conversations, Defendants removed the videos in exchange for my employer posting a video on the Modern Law Group channel stating that I am not a lawyer. | •Hearsay; FRE 802.<br>As to the any statement purportedly by Defendant(s) as well as the website<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff can have no personal knowledge of the events described or concerning the website/videos.<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901.<br>Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401.<br>No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶17 | Since the publication of those videos, Defendants' subscribers have posted hateful | •Hearsay; FRE 802.<br>Concerning alleged statements as |

| | | |
|---|---|---|
| | messages about me, which Defendants have "liked" with heart emojis and positive comments. One comment said "Lynch Kikimora" (Kikimora is a female negative spirit or creature in Slavic folklore). Defendants responded to that post with a heart emoji. Defendants have consistently encouraged negative comments about me on their YouTube channel and there are many comments on where viewers have said that I should be lynched or stabbed to death. The negative comments are ongoing. | well as the website where allegedly posted<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. Plaintiff's interpretation of alleged symbolism is a lay opinion; she is not an expert; there is foundation; and her interpretation is a conclusion<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶18 | Defendants have posted other videos since January 2023 after they deleted two at my employer's request. Defendants did not respond to a presuit request to delete the videos at issue in this lawsuit. Instead, they posted more videos about me. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| ¶19 | In or around August 2023, Kiselev made a comment on Facebook in which he threatened me with sexual violence. It was at that time that I decided I needed to take some action to stop the continued | •Hearsay; Hearsay within hearsay; FRE 802. As to the alleged statements as well as the website. |

| | | |
|---|---|---|
| | campaign of hate and lies. | • Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint<br><br>•Probative value outweighed by prejudicial effect; FRE 403. Plaintiff's unsubstantiated claim, unsupported by any evidence (which is false per Defendants) has no probative value and serves only to scandalize and create prejudice. |
| 7:18-19 ¶20 | In or around September 2023, I reached out to Valeriy Katkov, who is a former municipal deputy in Russia. At the time I reached out to him, he was not a government official. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. Plaintiff is not an expert in Russian politics, nor has she laid any foundation that would establish her qualifications to render the conclusory statement that Katkov is not a government official.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency |

| | | |
|---|---|---|
| | | to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 7:20-21 ¶20 | As of the date of this declaration, I do not believe he is in any way affiliated with the Russian government. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. Plaintiff is not an expert in Russian politics, nor has she laid any foundation that would establish her qualifications to render the conclusory statement that Katkov is not a government official.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint |
| 7:21-22 ¶20 | I spoke to Katkov because I understood that Katkov sued Kiselev in July 2020. I never demanded anything from Katkov. | •Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. |
| ¶21 | The Complaint appends various screenshots from Kiselev's Instagram page where he acknowledged that Katkov was taken off the ballots in August 2022. See Compl. Exs. 2 & 3. Despite this, I understand that Defendants continue to assert that Katkov is affiliated with the Russian government. | •Hearsay; FRE 802.<br>X<br><br>• Lacks personal knowledge, speculation; FRE 602<br>x<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. |

| | | |
|---|---|---|
| | | Plaintiff has laid no foundation for the document(s), nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 8:1-2 ¶22 | Kiselev wrote in his declaration that his lawsuit against Kiselev was filed in September 2019, but my review of the records indicates that he filed it in July 2020. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 8:3-5 ¶22 | He also wrote in paragraph 7 that the Judge (Matlina) was removed from her | •Hearsay; FRE 802. The statements therein as well as the |

| | | |
|---|---|---|
| | position; however, I recently reviewed the official court website and have confirmed that she is still serving on the same court. | website itself.<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff cannot know whether the information is authentic or accurate.<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701.<br>Plaintiff is not an expert in Russian jurisprudence, nor has she laid any foundation that would establish her qualifications to render the conclusory statement that the Judge referred to has retained the same position she held when Kiselev was appearing before her.<br><br>•Immaterial; not relevant; FRE 401.<br>No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 8:5-9<br>¶22 | I also understand that Kiselev stated his lawyer went into hiding because of the judge's decision in Kiselev's favor. I have reviewed Katkov's September 2022 newsletter—published a year after the September 2021 court decision in Kiselev's favor—in which Kiselev's lawyer | •Hearsay; FRE 802.<br>The statements in the publication; as well as the publication itself<br><br>• Lacks personal knowledge, speculation; FRE 602<br>Plaintiff can have no personal |

| | | |
|---|---|---|
| | Andreev purchased a half-page advertisement to advertise his legal services. | knowledge as to whether the ad was actually placed by the attorney.<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶23 | In paragraph 14 of Kiselev's affidavit, he states that "shortly after" the interview with Mr. Ledestemminov, he was contacted by Andreev about my contact with Katkov. I had not spoken with Katkov before September 2023, more than a year after he was taken off the ballots for municipal elections in Russia. | •Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶25 | The Complaint attaches an article Katkov wrote in August 2022. That article was written more than a year before I contacted Katkov, and in it Katkov discussed Kiselev fleeing to the United States. In an Instagram post from August 2022, Kiselev confirmed that Katkov's August 2022 letter was about him: | •Hearsay; FRE 802. As to the statements and the article.<br><br>• Lacks personal knowledge, speculation; FRE 602 It is not Plaintiff's post, she can have no personal knowledge. |

| | | |
|---|---|---|
| | https://www.instagram.eom/p/Ch5zruLJf8E/; see also Compl. Ex. 3. | • Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶26 | Defendants assert in their declarations that they relocated to California because of Kiselev's lawyer's statements regarding Katkov in September 2023. I believe those statements to be false for several reasons. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Improper opinion testimony; lack of foundation; conclusory; FRE 701. |
| ¶27 | First, in March 2022, Kiselev posted on Facebook about needing an apartment in California. For example, on March 26, 2022 in the Facebook group called "Sacramento Immigrants," where he wrote that he was searching for a one-bedroom apartment in San Francisco, Mountain View, or San Jose. The next day, he wrote a similar request in the group titled "Russian-speaking community in Sacramento." SCREEN SHOT OF RUSSIAN POST | •Hearsay; FRE 802. The statements themselves; the website are both hearsay<br><br>• Lacks personal knowledge, speculation; FRE 602 Plaintiff can have no personal knowledge of the posts as they are not hers.<br><br>• Assumes facts not in evidence; lack of foundation (including |

| | | |
|---|---|---|
| | | authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶28 | Second, I have also reviewed Kiselev's social media posts and I can attest that he posted pictures of his cars with California license tags with vanity plates in January 2023, again before I spoke with Katkov. Screenshots of Kiselev and 2 cars NOTE - TEACHdK; | •Hearsay; FRE 802. The statements are all hearsay as are the pictures<br><br>• Lacks personal knowledge, speculation; FRE 602 Plaintiff has no personal knowledge of who posted, when, where or why the post was made<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable |

| | | |
|---|---|---|
| | | basis for believing the information provided to them and which they reported. |
| ¶29 | Third, I have reviewed the filings of the Florida Department of State for the inactive company TeachBK, Inc., which was established and incorporated by Burtsev and Kiselev. According to the February 6, 2023 articles of incorporation for TeachBK, Kiselev and Burtsev listed both Florida and California addresses for the company and Mountain View, California addresses for themselves in every place except where Kiselev listed himself as the company's registered agent. I understand from reviewing the rules on the Florida Department of State website that the registered agent must use a Florida address. A copy of the TeachBK Articles of Incorporation is attached as **Exhibit 2** hereto. | •Hearsay; FRE 802. The documents contain hearsay statements<br><br>• Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 10:23-28 ¶30 | I understand from Defendants' declarations that they have stated under oath that they have not called me a "spy" or a "Russian agent." The Complaint includes excerpts from Defendants' posts and videos in which they call me a "double agent," manipulate images to depict me wearing Soviet spy apparel, call me the "Russian bear" while playing the theme song to a Soviet spy T.V. show, say that I am part of a spy ring or criminal network that is being investigated by the FBI, and more. | •Hearsay; FRE 802. The complaint is not evidence; the statements therein are hearsay<br><br>• Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it. |

| | | |
|---|---|---|
| | | •Improper opinion testimony; lack of foundation; conclusory; FRE 701.<br><br>•Plaintiff's Complaint does not constitute competent, admissible evidence.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 10:23<br>11:11<br>¶30 | After I filed this lawsuit, Defendants posted several videos about me, continuing their smear campaign. In response to a comment on one of those videos about whether I was responding to all of Defendants' accusations, Defendants wrote the following, which was translated from Google and which I, as a native Russian speaker who is fluent in English, attest to: "It's not about her, she's just a pawn and cover for the main 'sponsors' who we are preventing from making money." (https://www.youtube.com/watch?v=XNoIeVnA9ms.)<br>screenshot of something in Russian | •Hearsay; FRE 802. The alleged statements, the Google translation are all hearsay<br><br>• Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it or the translation.<br><br>•Plaintiff's Complaint does not constitute competent, admissible evidence.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency |

| | | |
|---|---|---|
| | | to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 11:15-17 ¶32 | In his declaration, Mr. Ledestemminov states that he believed I was a lawyer. Each of my employer's videos includes a disclaimer that I am not a lawyer and that the videos are for informational purposes only | •Hearsay; FRE 802. |
| 11:17-21 ¶32 | In fact, when my employer reached out to Defendants to delete two of their videos in January 2023, Defendants only agreed to do so if we posted a short video explaining that I am not a lawyer. Modern Law Group agreed to those terms and that video is still active on my employer's channel. | •Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶33 | When I received information from Ledestemminov, I was never given his last name, only sparse details (first name, age, city). We only spoke via Telegram. Based on Ledestemminov's correspondence, I believed that his general information was problematic, and I explained what was wrong to him. | •Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶34 | I have watched Ledestimminov's video on Defendants' YouTube about me. His | • Lacks personal knowledge, speculation; FRE 602 |

| | | |
|---|---|---|
| | version of the facts is incorrect. | The videos are not Plaintiff's.<br><br>• <u>Assumes facts not in evidence; lack of foundation (including authentication)</u>; FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it or the translation thereof.<br><br><u>•Immaterial; not relevant; FRE 401.</u> No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 12:1-5 ¶35 | I admit that Modern Law Group posted a video in which I explained circumstances like those which Ledestemminov expressed in his conversation with me on Telegram, but his story was merely inspiration based on other similar stories from potential asylees. I did not include any details other than the city where Ledestemminov was from, which has more than 300,000 people. | •<u>Hearsay; FRE 802.</u><br><br><u>•Immaterial; not relevant; FRE 401.</u> No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 12:5-8 ¶35 | Moreover, Pavel is a common name in Russia, even if information about "Pavel who wanted to immigrate to the United States" was circulated online or otherwise, it would not be possible to tie that information to Ledestemminov without | • <u>Lacks personal knowledge, speculation; FRE 602</u><br><br><u>•Immaterial; not relevant; FRE 401.</u> No relevance to the issues raised by the Motion; does not create a genuine |

| | | |
|---|---|---|
| | more information. | dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| 12:8-10 ¶35 | Finally, the case study video about this female potential asylum seeker was approved by Modern Law Group for publication on its social media platform. | • Lacks personal knowledge, speculation; FRE 602<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶36 | I have reviewed Ledestemminov's Facebook page, where he only began posting against Putin and the Russian government after he left Russia. The video I posted on behalf of Modern Law Group was a cautionary tale about individuals who only claim persecution after they leave their home country. Ledestemminov also posts about how the Earth is flat, that Satan rules it, and that planes spread poison in the air. | •Hearsay; FRE 802. As to the statements made as well as the website<br><br>• Lacks personal knowledge, speculation; FRE 602. Not Plaintiff's posting<br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency |

| | | |
|---|---|---|
| | | to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported.<br><br>•Probative value outweighed by prejudicial effect; FRE 403. Plaintiff's statements are designed to humiliate, embarrass and demean the witness. The statements have o probative value as to any issue in the case. |
| ¶37 | The video Ledestemminov complains of, which has no identifying information about him, was closed for viewing after 2 days and 4,000 views. I have never contacted the Russian authorities or government about Ledestemminov. I have not passed on any information about him to the Russian Federation or its agencies at all—nor have I done that about any potential client of my employer or anyone else. | • Lacks personal knowledge, speculation; FRE 602<br><br>• Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶38 | I have seen a video Defendants posted about Ledestemminov, which included his voice, which may or may not be | • Lacks personal knowledge, speculation; FRE 602 |

| | | |
|---|---|---|
| | recognizable to Russian officials. Defendants have reposted Modern Law Group's video, amplifying it with more than 15,000 views. | •Assumes facts not in evidence; lack of foundation (including authentication); FRE 901. Plaintiff has laid no foundation for the document, nor has she properly authenticated it.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |
| ¶39 | Finally, Defendants assert in their declarations that they harbored no ill will toward me. That is false. They repeatedly mocked and harassed me even before the campaign of videos referenced in the Complaint. Kiselev threatened on social media to sexually assault me and told his viewers in a video dated June 4, 2023 that I was "repugnant" to him. | •Hearsay; FRE 802. The statements as well as the websites are hearsay.<br><br>•Probative value outweighed by prejudicial effect; FRE 403. Plaintiff's unsubstantiated claim, unsupported by any evidence (which is false per Defendants) has no probative value and serves only to scandalize and create prejudice.<br><br>•Immaterial; not relevant; FRE 401. No relevance to the issues raised by the Motion; does not create a genuine dispute of material fact; no tendency to prove the legal or factual sufficiency of Plaintiff's Complaint. The issue (assuming the truth of Plaintiff's allegations that Defendant made the challenged statements) is whether Defendants had a reasonable basis for believing the information provided to them and which they reported. |

Dated: October 29, 2024

LAW OFFICES OF ALLA V. VOROBETS

Alla V. Vorobets
Attorneys for Defendants

-i27- CASE NO.3:24-cv-04525-LJC
DEFENDANTS' EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY TO OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE