ETHAN JACOBS LAW CORPORATION
Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

SLATER LEGAL PLLC
James M. Slater (*admitted* pro hac vice)
james@slater.legal
2296 Henderson Mill Rd. NE #116
Atlanta, GA 30345
Telephone: (404) 458-7283

*Attorneys for Plaintiff*
*Miriam Goldberg*

LAW OFFICES OF ALLA V. VOROBETS
Alla V. Vorobets (SBN 258586)
avorobets@vorobetslaw.com
9270 Madison Ave.
Orangevale, CA 95662
Telephone: (916) 966-8529

*Attorneys for Defendants*
*TeachBK, Inc., Ilya Kiselev*
*& Andrei Burstev*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miriam Goldberg,<br><br>    Plaintiff,<br><br>v.<br><br>TeachBK, Inc., *et al*.,<br><br>    Defendants. | Case No.: 3:24-cv-4525<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: 1/23/2025<br>Time: 1:30 p.m.<br>Courtroom: Via Zoom<br>Judge: Hon. Lisa J. Cisneros |

Pursuant to Northern District Local Rule 16-9, the Court's Orders Setting Case Management Conference, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines [ECF Nos. 12, 30 and 37], Plaintiff Miriam Goldberg and Defendants TeachBK, Inc., Ilya Kiselev, and Andrei Burtsev, by and through their respective counsel of record, submit the following Joint Case Management Statement.

**I.     JURISDICTION AND SERVICE**

No issues exist regarding jurisdiction, venue, or service.

///

## II. STATEMENT OF FACTS

### A. Plaintiff's Statement

This case involves Defendants' continued false and defamatory attacks against Plaintiff, in which they accused her—an employee at a U.S. immigration law firm—of unlawfully acting as an agent of the Russian Federation, including by sending the personal information of potential clients of her employer law firm to the Russian government.

Defendants' campaign of lies began in or around January 2023, when they began posting attack videos about Plaintiff on their YouTube channel and posting negative comments through Telegram and other social media channels. Relevant to the claims in this lawsuit are various YouTube videos and associated materials published by Defendants.

As an example from the Complaint, Defendants posted a video on their YouTube channel titled *Connection between Marina Sokolovskaya from the US and the Russian government. Who does the immigration consultant leak information to?* The title of the video and its cover image—which says that Plaintiff has a "connection with the Kremlin, what does she leak and to whom"—falsely portrays Plaintiff as an agent of the Russian government who leaks information from prospective clients to the Russian Federation government apparatus. Within the video, Defendants make various false and defamatory statements against Plaintiff, including, for example: "Is it normal for a Russian citizen, being in the United States and working for an American attorney at the Modern Law Group, to receive protection from the American government and then provide personal data to the Russian authorities about people who immigrate to the United States?" And: "It means there is some connection between [Plaintiff] and the current Russian authorities, where there is a channel through which information goes in both directions. It means that the phone is answered, listened to, and then hung up. It means the phone is not thrown away when [Plaintiff] calls from the U.S. to Russia. This is simple logic; no need to speculate. […] How she violates all personal data laws, international and others, leaking all the information to a hostile state of one country or another? Maybe she is a double agent." The other videos, statements, and imagery posted and published by Defendants contains the same or similar false statements accusing Plaintiff of being a

Russian spy and providing her law firm's client information to the Russian government.

**B.    Defendants' Statement**

Defendants Kiselev and Burtsev are political refugees from Russia who operate a YouTube channel TeachBK and other forms of social media dedicated to providing immigration-related content to primarily Russian-speaking people interested in and/or seeking political refuge from the Russian regime.

The content on social platforms provided by Defendants included truthful, helpful, substantiated information about Plaintiff that is of interest to their audience.  In response Plaintiff filed her lawsuit alleging defamation-based claims.

Plaintiff's lawsuit seeks to (1) chill Defendants' exercise of free speech and right of petition regarding important issues of, *inter alia*, immigration, (2) deter the ability of persons she perceives as her "competition" from helping potential émigrés and asylees, and (3) reinforce her own public persona/reputation.  Defendants have made no false or defamatory statements regarding Plaintiff.

Plaintiff admits in her Complaint that the allegedly defamatory material concerns matters of public interest and collectively comment on the effects of:

1.  The propriety of contacts by Plaintiff (who solicits clients for a law firm that provides services to émigrés) with a particular Russian politician/publisher/professor of municipal law-making ("Russian Politician") about Defendant Kiselev's residency in and application for political asylum in the U.S.;

2.  An article published in the Russian Politician's pro-Putin publication disparaging Defendant Kiselev's attempts to obtain political asylum in the U.S.;

3.  Russian asylees (Plaintiff's clients) reporting that their confidential information was disseminated by Plaintiff to third parties.

Defendants deny they committed defamation against Plaintiff, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Defendants believe Plaintiff cannot establish her claims of defamation or that she was damaged by any act or statements allegedly made by Defendants.

### III. LEGAL ISSUES

Whether Plaintiff is a private or public figure.

Whether California's retraction statute applies to Defendants.

Whether any statements by Defendants are false.

Whether any statements by Defendants are defamatory.

Whether any statements by Defendants were made with malice.

Whether Defendants acted negligently and/or with reckless disregard for the truth.

Whether Defendants are entitled to any privileges.

Plaintiff's entitlement to damages, if any, and if so, the type of said damages and amount thereof.

Whether Plaintiff is entitled to an injunction.

Whether Plaintiff has engaged in any conduct (including misrepresentations, fraud and/or deception) whereby her claims are barred.

Whether Plaintiff's lawsuit should be dismissed pursuant to California's Anti-SLAPP statute.

### IV. MOTIONS

Plaintiff – None anticipated at this time.

In the event Defendants' anti-SLAPP motion is denied, Defendants anticipate filing a motion for summary judgment and/or summary adjudication.

In the event Defendants' anti-SLAPP motion is granted, but with leave to amend the Complaint, Defendants anticipate the possibility of a subsequent anti-SLAPP motion if the Complaint is amended.

### V. AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate amending the complaint to add additional parties or causes of action, but does anticipate a possible amendment to assert continued defamatory conduct she alleges Defendants engaged in after receiving notice of this lawsuit.

Defendants intend to amend their Answer if the Court denies their anti-SLAPP motion.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties are aware of and are taking reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

## VII. DISCLOSURES

Plaintiff served Initial Disclosures via email and certified mail on December 23, 2024.

Defendants anticipate providing Initial Disclosures no later than January 10, 2025.

## VIII. DISCOVERY

Plaintiff served requests for production of documents via email and certified mail on December 23, 2024.

The parties do not presently foresee the need for any modification or limitation of the standard discovery rules except as they may be impacted by Defendants' anti-SLAPP motion(s). However, Defendants believe the parties and Court should take into consideration the possibility of requiring information and/or discovery from Russia.

The parties have agreed to serve and receive discovery requests and materials electronically.

## IX. CLASS ACTION

Not applicable.

## X. RELATED CASES

There are no related cases in this district or before another court.

## XI. RELIEF

The relief sought by Plaintiff is fully set forth on page 20 of her Complaint. [ECF No. 1]. The bases on which damages for Defendants' tort may be calculated, depending on what information is revealed through discovery, include the following:

(1) defamation per se damages are presumed. "[N]o standard or method of calculation is prescribed by law" nor is evidence of actual harm required for defamation per se claims. *Wallace v. Henderson*, 2010 WL 1290911, at *4 (S.D. Cal. Mar. 30, 2010) (quoting *Sommer v. Gabor*, 40 Cal.App.4th 1455, 1472-73, 48 Cal.Rptr.2d 235 (1995)).

(2) defamation per quod requires Plaintiff to show special damages. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 694 (9th Cir. 1998).

Plaintiff also seeks an injunction requiring Defendants to remove all of the defamatory materials and issue a retraction.

Defendants believe Plaintiff cannot establish her claims of defamation or that she was damaged by any act or statements allegedly made by Defendants.

Defendants also seek relief consisting of the protection of their Constitutionally protected rights under California's anti-SLAPP statutes and damages as may be awarded pursuant to that statute and related Federal rules and/or as prevailing parties after summary judgment or trial.

**XII.    SETTLEMENT AND ADR**

The parties have agreed to participate in a mediation by a mediator on the Court's panel pursuant to ADR Local Rule 6. No date has been set. To the extent a mediator on the Court's panel is not available, the parties would alternatively agree to a settlement conference with a Magistrate Judge.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to magistrate judge jurisdiction.

**XIV.    OTHER REFERENCES**

The case is not suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.     NARROWING OF ISSUES**

None at this time.

**XVI.    EXPEDITED TRIAL PROCEDURE**

The parties do not intend to proceed under the Expedited Trial Procedure.

**XVII.   SCHEDULING**

The parties are in some disagreement regarding the proposed schedule. Defendants believe the parties and Court need to take into consideration the possibility of discovery from Russia, the additional time required for communication with parties and/or witnesses who do

not speak English fluently as well as the special procedures required for translation of documentary evidence in a foreign language.

In addition, the pleadings in this matter are in flux. If the Court grants Defendants anti-SLAPP motion with leave to amend and Plaintiff elects to do so, Defendants will need to file an Answer to the amended complaint. If the Court denies the anti-SLAPP motion, Defendants will be amending their Answer as has been discussed between the parties previously.

Finally, counsel for Defendants both anticipate absences due to medical issues.[1] Following is a chart setting for the Parties' proposed dates:

| Deadline | Plaintiff's Proposed Dates | Defendants' Proposed Dates |
| --- | --- | --- |
| Document Discovery Cutoff: | July 25, 2025 | January 15, 2026 |
| Fact Discovery Cutoff: | September 26, 2025 | March 27, 2026 |
| Opening Expert Reports: | October 17, 2025 | April 17, 2026 |
| Rebuttal Expert Reports: | November 14, 2025 | May 15, 2026 |
| Expert Discovery Cutoff: | December 19, 2025 | June 12, 2026 |
| Hearing of Dispositive Motions | January 23, 2026 | July 10, 2026 |
| Pretrial Conference: | April 10, 2026: 1:30 pm | October 9, 2026; 1:30 pm |
| Trial: | April 20, 2026 | October 19, 2026 |

## XVIII. TRIAL

Plaintiff and Defendants have each demanded a trial. Plaintiff estimates trial will take no more than 4-5 days; Defendants estimate 5-7 days.

---

[1] Ms. Bernal is scheduled for surgery January 28, 2025, will be completely unavailable for two weeks thereafter and have limited availability an additional 6 weeks. Ms. Vorobets is awaiting confirmation of a future procedure that appears will result in her unavailability for three to four weeks.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed her Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. The following are the persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

Plaintiff: none.

Defendant: none.

### XX. PROFESSIONAL CONDUCT

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER MATTERS

None.

### CONCLUSION

The parties request that the Court enter an Order adopting or consistent with the foregoing proposals. Counsel will submit a proposed order, should the Court so request.

Dated: January 3, 2025          Respectfully submitted,

SLATER LEGAL PLLC

By: */s/ James M. Slater*
    James M. Slater (*admitted* pro hac vice)

*Attorney for Plaintiff Miriam Goldberg*

LAW OFFICES OF ALLA V. VOROBETS

By: */s/ Alla V. Vorobets*
    Alla V. Vorobets (SBN 258586)

*Attorney for Defendants TeachBK, Inc., Ilya Kiselev, and Andrei Burtsev*

## ATTESTATION OF CONCURRENCE

I, James M. Slater, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**. I attest that, pursuant to United States District Court, Northern District of California L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained from Counsel for Defendants. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   January 3, 2025                              SLATER LEGAL PLLC

By: */s/ James M. Slater*
     James M. Slater (admitted *pro hac vice*)