**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.com*
9270 Madison Avenue
Orangevale, CA 95662
Tel:  (916) 966-8529
Fax:  (916) 966-8527

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV,
and ANDREI BURTSEV

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya, | **Case No.: 3:24-cv-04525-LJC** |
| Plaintiff, | **FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DEFAMATION** |
| vs. | |
| TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV | |
| Defendants. | |

Defendants TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV (collectively "Defendants"), and each of them, deny this defamation-based action, the allegations contained in the Complaint, and each of the claims contained therein, and hereby respectfully submit their First Amended Answer to the Complaint filed by Plaintiff MIRIAM GOLDBERG a/k/a Marina Sokolovskaya ("Sokolovskaya").  Defendants, and each of them, hereby admit, deny, and allege as follows:

## I.  ANSWER

### NATURE OF THE CASE

1.  Answering Paragraph 1 of the Complaint, Defendants state that Plaintiff purports to bring a defamation action.  Except as expressly stated, Defendants deny they committed defamation,

1   deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

2   Plaintiff is entitled to any relief whatsoever.  Defendants are without sufficient knowledge or

3   information to form a belief as to the truth of Plaintiff's allegations that she is the marketing director

4   for a U.S. immigration law firm that assists Russian asylum seekers, and, on that basis, deny said

5   allegations.  Defendants admit that Russian residents may, upon payment of a fee, obtain a personal

6   interview with Defendants Kiselev and Burtsev (YouTubers, bloggers and formerly accredited

7   journalists) to ask questions, discuss their situation, express concerns and learn additional details

8   concerning Defendants' own experiences seeking asylum in the United States from persecution in

9   Russia that may be pertinent to the subscriber's situation.  Defendants deny they offer immigration

10  services.  Except as expressly stated, Defendants deny each and every remaining allegation in

11  Paragraph 1.

12                                 **PARTIES, JURISDICTION AND VENUE**

13          2.      Answering Paragraph 2 of the Complaint, Defendants state that Plaintiff

14  Sokolovskaya has represented in videos she posts online that she is a resident of Brooklyn, New

15  York, but Defendants are without sufficient knowledge or information to form a belief as to the truth

16  of Plaintiff's allegations about her residence, and, on that basis, deny said allegations.  Defendants

17  admit that Modern Law Group appears to be a U.S.-based law firm that handles immigration cases.

18  Defendants deny that Plaintiff is a private figure or that Plaintiff lacks connection to the Russian

19  government.  Plaintiff's allegation that "[t]o suggest that she has any support for or connection with

20  the Russian government is false, defamatory…" are legal conclusions and/or legal descriptions for

21  which no response is required.  To the extent a response is required to this allegation, Defendants

22  deny it.  Defendants are without sufficient knowledge or information to form a belief as to the truth

23  of any of the remaining allegations in this Paragraph and, on that basis, deny each and every

24  remaining allegation in Paragraph 2.

25          3.      Answering Paragraph 3 of the Complaint, Defendants admit that Defendant Kiselev is

26  an individual residing in the state of California.  Except as expressly stated, Defendants deny each

27  and every remaining allegation in Paragraph 3.

28          4.      Answering Paragraph 4 of the Complaint, Defendants admit that Defendant Burtsev

1    is an individual that currently resides in Rocklin, California.  Except as expressly stated, Defendants

2    deny each and every remaining allegation in Paragraph 4.

3          5.      Answering Paragraph 5 of the Complaint, Defendants admit they run and administer

4    various social media channels that post topics related to their personal travel/journey from Russia to

5    the United States as Russian asylum seekers, as well as topics that are of general interest to the

6    public related to the issues of immigration to the United States.  Defendants admit they incorporated

7    TeachBK.  Except as expressly stated, Defendants deny each and every remaining allegation in

8    Paragraph 5.

9          6.      Answering Paragraph 6 of the Complaint, Defendants admit Defendants Kiselev and

10   Burtsev are the sole owners and shareholders of Defendant TeachBK, Inc.  Defendants admit

11   Defendants Kiselev and Burtsev properly dissolved Defendant TeachBK's corporate status in

12   Florida.  Defendants admit they administer accounts under the TeachBK moniker across various

13   social media platforms.   Except as expressly stated, Defendants deny each and every remaining

14   allegation in Paragraph 6.

15         7.      Answering Paragraph 7 of the Complaint, Defendants admit Plaintiff Sokolovskaya

16   represented to Defendants that she was a resident of the state of New York.  Defendants admit

17   Defendants Kiselev, Burtsev, and TeachBK are residents of the state of California, but deny that

18   Defendant TeachBK is a former entity, and further deny that Defendant TeachBK's corporate status

19   remains dissolved.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a

20   result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

21   whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

22   Paragraph 7.  Paragraph 7 also asserts purported recitations and legal conclusions of law to which no

23   response is required.  To the extent a response is required, Defendants deny the allegations contained

24   in Paragraph 7.

25         8.      Answering Paragraph 8 of the Complaint, Defendants deny Defendant Kiselev resides

26   in this District.  Defendants deny that any of their acts were or are wrongful.  Paragraph 8 also

27   asserts purported recitations and legal conclusions of law to which no response is required.  To the

28   extent a response is required, Defendants deny the allegations contained in Paragraph 8.

1    9.      Answering Paragraph 9 of the Complaint, Defendants admit they received written

2    communications from Modern Law Group and Slater Legal law firms.  Except as expressly stated,

3    Defendants deny each and every remaining allegation in Paragraph 9.

4                                    **INTRADISTRICT ASSIGNMENT**

5    10.     Answering Paragraph 10 of the Complaint, Defendants state that Paragraph 10 asserts

6    purported recitations and legal conclusions of law to which no response is required.  To the extent a

7    response is required, Defendants deny the allegations contained in Paragraph 10.

8                                    **GENERAL ALLEGATIONS**

9    11.     Answering Paragraph 11 of the Complaint, Defendants admit the TeachBK domain

10   and website was created in October 2020 and that the TeachBK YouTube channel was launched in

11   February 2021.  Defendants admit that neither Defendant Kiselev nor Defendant Burtsev are

12   licensed as an attorney in the U.S. but deny any allegation that directly or impliedly alleges either of

13   said Defendants offered any legal services or advice at any time and to any person as alleged in the

14   Complaint.  Defendants deny that the translated language included in Paragraph 11 is correct or that

15   it is a true representation of what Defendants posted on their social media accounts.  Except as

16   expressly stated, Defendants deny each and every remaining allegation in Paragraph 11.

17   12.     Answering Paragraph 12 of the Complaint, Defendants deny each and every

18   allegation in Paragraph 12.

19   13.     Answering Paragraph 13 of the Complaint, Defendants admit that Russian residents

20   may, upon payment of a fee, obtain a personal interview with Defendants Kiselev and Burtsev

21   (YouTubers, bloggers and formerly accredited journalists) to ask questions, discuss their situation,

22   express concerns and learn additional details concerning Defendants' own experiences seeking

23   asylum in the United States from persecution in Russia that may be pertinent to the subscriber's

24   situation.  Defendants further admit their website contains a clear disclaimer they do not provide

25   legal services and/or legal advice.  Defendants deny any allegation that directly or impliedly alleges

26   Defendants offered any legal services or legal advice at any time and to any person without the

27   benefit of a license.  Defendants deny they offer immigration services.  Defendants also deny that the

28   translated language included in Paragraph 13 is correct or that it is a true representation of what

Defendants posted on their social media accounts.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 13.

14.    Answering Paragraph 14 of the Complaint, Defendants deny they promote any particular vendors on their website.  Except as expressly stated, Defendants admit the remaining allegations in Paragraph 14.

15.    Answering Paragraph 15 of the Complaint, Defendants deny each and every allegation in Paragraph 15.

16.    Answering Paragraph 16 of the Complaint, Defendants deny each and every allegation in Paragraph 16.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

17.    Answering Paragraph 17 of the Complaint, Defendants admit they received written communications from Modern Law Group and Slater Legal law firms, but deny they removed videos in response to the substance of said communications.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 17.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

18.    Answering Paragraph 18 of the Complaint, Defendants deny Defendant Kiselev threatened Plaintiff with sexual violence on Facebook.  Defendants deny Valeriy Katkov is or was a member of the Russian political opposition.  Defendants further deny Valeriy Katkov is or was a supporter of Aleksey Navalny.  Defendants admit Katkov had, in the past, initiated legal proceedings against Defendant Kiselev in the Moscow courts but, answer further that Katkov was unsuccessful

1  because Defendant Kiselev was judged by the Court in Moscow to be the prevailing party in those

2  proceedings.  Defendants are without sufficient knowledge or information to form a belief as to the

3  truth of any of the remaining allegations in this Paragraph and, on that basis, deny each and every

4  remaining allegation in Paragraph 18.

5      19.    Answering Paragraph 19 of the Complaint, Defendants admit Plaintiff reached out to

6  Valeriy Katkov, who is a Russian citizen, a current/former member of the Russian political elite, and

7  an owner of a news/media company used by the Russian political regime for purposes of

8  government propaganda, in September 2023.  Defendants admit they learned about Plaintiff's

9  contact with Valeriy Katkov shortly after it occurred.  Defendants further admit Katkov had, in the

10  past, initiated legal proceedings against Defendant Kiselev in the Moscow courts but Katkov was

11  unsuccessful because Defendant Kiselev was judged, by the Moscow courts, to be the prevailing

12  party in those proceedings.  Except as expressly stated, Defendants deny each and every remaining

13  allegation in Paragraph 19.

14      20.    Answering Paragraph 20 of the Complaint, Defendants admit that on September 7,

15  2023, they posted a video on their YouTube channel containing Defendants' fair comment and

16  opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the

17  Russian government.  Defendants deny that the translated language included in Paragraph 20 is

18  correct or that it is a true representation of what Defendants posted on their social media accounts.

19  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1,

20  Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached

21  as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal

22  law or California state law or otherwise violated any law related to any content they placed in any

23  public forum hosted on the various social media platforms at issue in this litigation whether related

24  to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was

25  harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any

26  relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation

27  in Paragraph 20.

28      21.    Answering Paragraph 21 of the Complaint, Defendants admit the title of a September

7, 2023, video posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  Defendants deny that the translated language included in Paragraph 21 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, Defendants admit the cover of the September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Defendants admit that on September 7, 2023, they posted a video on their YouTube channel containing Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the

1    Russian government.  To the extent the allegations in the Complaint refer, incorporate, or are based

2    on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

3    matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

4    violated any federal law or California state law or otherwise violated any law related to any content

5    they placed in any public forum hosted on the various social media platforms at issue in this

6    litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

7    deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

8    Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

9    every remaining allegation in Paragraph 23.

10        24.     Answering Paragraph 24 of the Complaint, Defendants admit that the summary to the

11   September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment

12   and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to

13   the Russian government.  Defendants deny that the translated language included in Paragraph 24 is

14   correct or that it is a true representation of what Defendants posted on their social media accounts.

15   To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1,

16   Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached

17   as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal

18   law or California state law or otherwise violated any law related to any content they placed in any

19   public forum hosted on the various social media platforms at issue in this litigation whether related

20   to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was

21   harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any

22   relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation

23   in Paragraph 24.

24        25.     Answering Paragraph 25 of the Complaint, Defendants admit that the September 7,

25   2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

26   related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

27   government.  Defendants deny that the translated language included in Paragraph 25 is correct or

28   that it is a true representation of what Defendants posted on their social media accounts.  To the

extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Defendants admit that the September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  Defendants deny that the translated language included in Paragraph 26 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Defendants admit that the September 7, 2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian government.  Defendants deny that the translated language included in Paragraph 27 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the

1  extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

2  that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is

3  true or accurate.  Further answering, Defendants deny that they violated any federal law or

4  California state law or otherwise violated any law related to any content they placed in any public

5  forum hosted on the various social media platforms at issue in this litigation whether related to

6  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

7  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

8  whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

9  Paragraph 27.

10      28.      Answering Paragraph 28 of the Complaint, Defendants admit that the September 7,

11  2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

12  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

13  government.  Further answering, Defendants deny that they violated any federal law or California

14  state law or otherwise violated any law related to any content they placed in any public forum hosted

15  on the various social media platforms at issue in this litigation whether related to Plaintiff or

16  otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result

17  of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

18  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 28.

19      29.      Answering Paragraph 29 of the Complaint, Defendants admit that the September 7,

20  2023 video they posted on their YouTube channel reflects Defendants' fair comment and opinions

21  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

22  government, and Defendants' fair comment and opinion regarding Plaintiff's posting of sensitive

23  information about Russian citizens seeking political asylum in the U.S. that placed those persons in

24  danger of persecution by Russian government.  Defendants deny that the translated language

25  included in Paragraph 29 is correct or that it is a true representation of what Defendants posted on

26  their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are

27  based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of

28  the matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

1    violated any federal law or California state law or otherwise violated any law related to any content

2    they placed in any public forum hosted on the various social media platforms at issue in this

3    litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

4    deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

5    Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

6    every remaining allegation in Paragraph 29.

7            30.    Answering Paragraph 30 of the Complaint, Defendants admit that the September 7,

8    2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

9    related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

10   government.  Defendants deny that the translated language included in Paragraph 30 is correct or

11   that it is a true representation of what Defendants posted on their social media accounts.  To the

12   extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny

13   that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is

14   true or accurate.  Further answering, Defendants deny that they violated any federal law or

15   California state law or otherwise violated any law related to any content they placed in any public

16   forum hosted on the various social media platforms at issue in this litigation whether related to

17   Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

18   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

19   whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

20   Paragraph 30.

21           31.    Answering Paragraph 31 of the Complaint, Defendants are without sufficient

22   knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph

23   and, on that basis, deny each and every allegation in Paragraph 31.

24           32.    Answering Paragraph 32 of the Complaint, Defendants admit Defendant Kiselev

25   posted a comment on Instagram in 2022 in response to a post by Valeriy Katkov related to Katkov's

26   political candidacy.  Defendants deny Katkov was an independent or an opposition political figure in

27   Russian politics at any time, and further state that, during all relevant times herein and through

28   present, Katkov has had an active and direct role in the Russian government either as a deputy, as a

consultant, and/or as a leading theoretician and professor of municipal law-making who routinely trains Russian government employees, deputies, and ministers on the dogma and practice of Russian municipal law.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 32.

33.     Answering Paragraph 33 of the Complaint, Defendants admit Defendant Kiselev posted a comment on Instagram in 2022 in response to a post by Valeriy Katkov related to Katkov's political candidacy.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 33.

34.     Answering Paragraph 34 of the Complaint, Defendants state that to the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 2 are true or accurate.

35.     Answering Paragraph 35 of the Complaint, Defendants admit Defendant Kiselev posted a comment on Instagram August 30, 2022, in response to an open letter published by Valeriy Katkov related to Katkov's political candidacy, but state that only a portion of Defendant Kiselev's post is referenced in the Complaint.  Defendants deny that the translated language included in Paragraph 35 is correct or that it is a true representation of what Defendants posted on their social media accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 2, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 2 are true or accurate.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 35.

36.     Answering Paragraph 36 of the Complaint, Defendants state that to the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 3, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 3 are true

1     or accurate.

2         37.     Answering Paragraph 37 of the Complaint, Defendants deny each and every

3     allegation set forth in Paragraph 37.  Paragraph 37 also asserts purported recitations and legal

4     conclusions of law to which no response is required.  To the extent a response is required,

5     Defendants further deny the allegations contained in Paragraph 37.  Further answering, Defendants

6     deny that they violated any federal law or California state law or otherwise violated any law related

7     to any content they placed in any public forum hosted on the various social media platforms at issue

8     in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed

9     defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and

10    deny that Plaintiff is entitled to any relief whatsoever.

11        38.     Answering Paragraph 38 of the Complaint, Defendants admit that the September 7,

12    2023, video they posted on their YouTube channel reflects Defendants' fair comment and opinions

13    related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

14    government.  Defendants deny that the translated excerpt included in Paragraph 38 is correct or is a

15    true representation of what either Defendant Kiselev or Defendant Burtsev stated in the September 7,

16    2023, video.  To the extent the allegations in the Complaint refer, incorporate, or are based on

17    Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the

18    matters attached as Exhibit 1 is true or accurate.  Further answering, Defendants deny that they

19    violated any federal law or California state law or otherwise violated any law related to any content

20    they placed in any public forum hosted on the various social media platforms at issue in this

21    litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation,

22    deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that

23    Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and

24    every remaining allegation in Paragraph 38.

25        39.     Answering Paragraph 39 of the Complaint, Defendants admit that Defendant

26    Kiselev's and Defendant's Burtsev's fair comment and opinions in their September 7, 2023 video

27    included a reference to Plaintiff's own video – whereby she gave an interview to a Modern Law

28    attorney Deron Edward Smallcomb, who stated: "you can only poke a sleeping bear so many times

1  before he wakes up; well, we've been poked one too many times" – and the significance of the use

2  of the "Russian bear" symbolism in discussing Plaintiff's alleged dispute with Defendants.

3  Defendants admit that the inclusion of an excerpt from the Soviet television show following

4  Defendant Kiselev's and Defendant Burtsev's fair comment and opinions in their September 7,

5  2023, video about Plaintiff's "Russian bear" interview with attorney Deron Edward Smallcomb, was

6  a satire of said subject matter.  Defendants deny that the translated language included in Paragraph

7  39 is correct or that it is a true representation of what Defendants posted on their social media

8  accounts.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit

9  1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters

10  attached as Exhibit 1 are true or accurate.  Further answering, Defendants deny that they violated any

11  federal law or California state law or otherwise violated any law related to any content they placed in

12  any public forum hosted on the various social media platforms at issue in this litigation whether

13  related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff

14  was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to

15  any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining

16  allegation in Paragraph 39.

17       40.    Answering Paragraph 40 of the Complaint, Defendants admit that, at the time

18  Plaintiff filed her Complaint, the September 7, 2023, video Defendants posted on their YouTube

19  channel had been viewed by almost 8,000 people.  Except as expressly stated, Defendants deny each

20  and every remaining allegation in Paragraph 40.

21       41.    Answering Paragraph 41 of the Complaint, Defendants admit the May 18, 2024,

22  video posted on Defendants' YouTube channel reflects Defendants' fair comment and opinions

23  related to Plaintiff's activities that signify her potential connection to the Russian government.  To

24  the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants

25  deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit

26  1 are true or accurate.  Further answering, Defendants deny that they violated any federal law or

27  California state law or otherwise violated any law related to any content they placed in any public

28  forum hosted on the various social media platforms at issue in this litigation whether related to

Defendants' First Amended Answer to Plaintiff's Complaint

1   Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

2   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

3   whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

4   Paragraph 41.

5        42.    Answering Paragraph 42 of the Complaint, Defendants admit the May 18, 2024 video

6   posted on Defendants' YouTube channel included a thumbnail consisting of a composite of a photo

7   of Plaintiff and one of Plaintiff's associate, Kateryna Panova, satirically modified to include the

8   uniform of a defunct USSR interior ministry called NKVD (The People's Commissariat for Internal

9   Affairs) and the mostly obscured outline of  a Russian police emblem, as part of Defendants' fair

10  comment and opinions related to Plaintiff's activities that signify her potential connection to the

11  Russian government.  Further answering, Defendants deny that they violated any federal law or

12  California state law or otherwise violated any law related to any content they placed in any public

13  forum hosted on the various social media platforms at issue in this litigation whether related to

14  Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed

15  as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

16  whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in

17  Paragraph 42.

18       43.    Answering Paragraph 43 of the Complaint, Defendants deny each and every

19  allegation set forth in Paragraph 43.  Defendants deny that the translated language included in

20  Paragraph 43 is correct or that it is a true representation of what Defendants posted on their social

21  media accounts.  Further answering, Defendants deny that they violated any federal law or California

22  state law or otherwise violated any law related to any content they placed in any public forum hosted

23  on the various social media platforms at issue in this litigation whether related to Plaintiff or

24  otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result

25  of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

26       44.    Answering Paragraph 44 of the Complaint, Defendants deny each and every

27  allegation set forth in Paragraph 44.  Paragraph 44 also asserts purported recitations and legal

28  conclusions of law to which no response is required.  To the extent a response is required,

Defendants further deny the allegations contained in Paragraph 44.

45.    Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation set forth in Paragraph 45.  Paragraph 45 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants further deny the allegations contained in Paragraph 45.

46.    Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation set forth in Paragraph 46.  Paragraph 46 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants further deny the allegations contained in Paragraph 46 including, but not limited to allegations concerning Defendant Kiselev's knowledge concerning Plaintiff's subjective motivations for her actions.

47.    Answering Paragraph 47 of the Complaint, Defendants state that Plaintiff's allegations in Paragraph 47 are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 including, but not limited to, that Defendants had or were conducting a "smear campaign" of any sort.

48.    Answering Paragraph 48, including footnote 2 of the Complaint, Defendants admit that on March 15, 2024, they posted a video on their YouTube channel containing Defendants' fair comment and opinions related to Plaintiff's activities that signify her potential connection to the Russian government.  Except as expressly stated, Defendants deny each and every allegation, including the allegations in footnote 2, set forth in Paragraph 48.  Defendants further deny that the translated language included in Paragraph 48 is correct or that it is a true representation of what either Defendant Kiselev or Defendant Burtsev posted on Defendants' Instagram account or stated in the videos on the Defendants' YouTube channel.  To the extent the allegations in the Complaint refer, incorporate, or are based on Exhibit 1, Defendants deny that Plaintiff's characterization, translation, and/or summary of the matters attached as Exhibit 1 is true or accurate.  Paragraph 48 also asserts purported recitations and legal conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 48.

1   Further answering, Defendants deny that they violated any federal law or California state law or

2   otherwise violated any law related to any content they placed in any public forum hosted on the

3   various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.

4   Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any

5   conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

6          49.    Answering Paragraph 49 of the Complaint, Defendants admit there are hashtags

7   attached to posts they made on Defendants' Instagram account.  Defendants deny that the translated

8   language included in Paragraph 48 is correct or that it is a true representation of what either

9   Defendant Kiselev or Defendant Burtsev posted on Defendants' Instagram account.  Except as

10  expressly stated, Defendants deny each and every remaining allegation in Paragraph 49.

11         50.    Answering Paragraph 50 of the Complaint, Defendants deny each and every

12  allegation set forth in Paragraph 50.  Defendants further deny that the translated language included in

13  Paragraph 50 is correct or that it is a true representation of what Defendants posted on Defendants'

14  website or stated in the videos on the Defendants' YouTube channel.  Further answering, Defendants

15  deny that they violated any federal law or California state law or otherwise violated any law related

16  to any content they placed in any public forum hosted on the various social media platforms at issue

17  in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed

18  defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and

19  deny that Plaintiff is entitled to any relief whatsoever.

20         51.    Answering Paragraph 51 of the Complaint, Defendants admit they are in possession

21  of documentation that supports Defendants' fair comment and opinions they expressed in their May

22  18, 2024, video posted on Defendants YouTube channel related to Plaintiff's activities that signify

23  her potential connection to the Russian government.  Defendants deny that the translated language

24  included in Paragraph 51 is correct or that it is a true representation of what either Defendant Kiselev

25  or Defendant Burtsev stated. in the videos on the Defendants' YouTube channel.  Further answering,

26  Defendants deny that they violated any federal law or California state law or otherwise violated any

27  law related to any content they placed in any public forum hosted on the various social media

28  platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they

1  committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the

2  Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated,

3  Defendants deny each and every remaining allegation in Paragraph 51.

4       52.     Answering Paragraph 52 of the Complaint, Defendants admit that the videos

5  Defendants posted to their YouTube channel and referenced in Plaintiff's Complaint, reflect

6  Defendants' fair comment and opinions, and include questions Defendants posed to their subscribers

7  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

8  government.  Defendants admit that Valeriy Katkov had, in the past, initiated legal proceedings

9  against Defendant Kiselev in the Moscow courts but Katkov was unsuccessful because Defendant

10  Kiselev was judged to be the prevailing party in those proceedings in September 2021.  Defendants

11  state that following his defeat in Moscow courts, Katkov initiated an appeal, which was also

12  unsuccessful for Katkov culminating in dismissal of Katkov's lawsuit against Defendant Kiselev in

13  July 2024.  Defendants deny that Katkov was suing Defendant Kiselev at the time that Plaintiff

14  alleges she contacted Katkov in September 2023.  Paragraph 52 also asserts purported recitations

15  and legal conclusions of law to which no response is required.  To the extent a response is required,

16  Defendants deny the allegations contained in Paragraph 52.  Defendants deny that the translated

17  language included in Paragraph 52 is correct or that it is a true representation of what Defendants

18  posted on their social media accounts.  Further answering, Defendants deny that they violated any

19  federal law or California state law or otherwise violated any law related to any content they placed in

20  any public forum hosted on the various social media platforms at issue in this litigation whether

21  related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff

22  was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to

23  any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining

24  allegation in Paragraph 52.

25       53.     Answering Paragraph 53 of the Complaint, Defendants admit that the videos

26  Defendants posted to their YouTube channel and referenced in Plaintiff's Complaint, reflect

27  Defendants' fair comment and opinions, and include questions Defendants posed to their subscribers

28  related to Plaintiff's contact with Valeriy Katkov and thereby potential connection to the Russian

government.  Defendants deny that the translated language included in Paragraph 53 is correct or that it is a true representation of what either Defendant Kiselev or Defendant Burtsev stated in the videos on the Defendants' YouTube channel.  Further answering, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 53.

54.     Answering Paragraph 54 of the Complaint, Defendants admit the allegations set forth in Paragraph 54.

55.     Answering Paragraph 55 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph and, on that basis, deny each and every allegation in Paragraph 55.

56.     Answering Paragraph 56 of the Complaint, Defendants state that Plaintiff's allegations are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise. Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.  Except as expressly stated, Defendants deny each and every remaining allegation in Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Defendants state that Plaintiff's allegations are legal conclusions and/or legal descriptions for which no response is required.  To the extent a response is required, Defendants deny that they violated any federal law or California state law or otherwise violated any law related to any content they placed in any public forum hosted on the various social media platforms at issue in this litigation whether related to Plaintiff or otherwise. Defendants deny they committed defamation, deny that Plaintiff was harmed as a result of any

1  conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever. Except

2  as expressly stated, Defendants deny the allegations contained in Paragraph 57.

3      58.    Answering Paragraph 58 of the Complaint, Defendants state that Paragraph 58 asserts

4  purported recitations and legal conclusions of law to which no response is required.  To the extent a

5  response is required, Defendants deny each and every allegation contained in Paragraph 58.

6      59.    Answering Paragraph 59 of the Complaint, Defendants state that Paragraph 59 asserts

7  purported recitations and legal conclusions of law to which no response is required.  To the extent a

8  response is required, Defendants deny each and every allegation contained in Paragraph 59.

9      60.    Answering Paragraph 60 of the Complaint, Defendants state that Paragraph 60 asserts

10  purported recitations and legal conclusions of law to which no response is required.  To the extent a

11  response is required, Defendants deny each and every allegation contained in Paragraph 60 with the

12  exception that Defendants admit Russians seeking asylum in the United States could face serious

13  harm if their information and the basis for their asylum requests were leaked to the Russian

14  government. Defendants deny each and every remaining allegation in Paragraph 60.

15      61.    Answering Paragraph 61 of the Complaint, Defendants state that Paragraph 61 asserts

16  purported recitations and legal conclusions of law to which no response is required.  To the extent a

17  response is required, Defendants deny each and every allegation contained in Paragraph 61.

18      62.    Answering Paragraph 62 of the Complaint, Defendants state that Answering

19  Paragraph 62 of the Complaint, Defendants deny each and every remaining allegation in Paragraph

20  62.

21      63.    Answering Paragraph 63 of the Complaint, Defendants state that Paragraph 63 asserts

22  purported recitations and legal conclusions of law to which no response is required.  To the extent a

23  response is required, Defendants deny each and every allegation contained in Paragraph 63.  Further

24  answering, Defendants deny that they violated any federal law or California state law or otherwise

25  violated any law related to any content they placed in any public forum hosted on the various social

26  media platforms at issue in this litigation whether related to Plaintiff or otherwise.  Defendants deny

27  they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the

28  Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

1

2

### FIRST CLAIM FOR RELIEF

### (Defamation *Per Se* – Against All Defendants)

3       Defendants incorporate herein by reference its responses set forth in Paragraph Nos. 1

4 through 63 of this Answer as if fully incorporated herein.

5       64.    Answering Paragraph 64 of the Complaint, Defendants admit they posted the

6 September 7, 2023, and May 18, 2024, videos on their YouTube channel to express Defendants' fair

7 comment and opinions related to Plaintiff's activities that signify her potential connection to the

8 Russian government.  Defendants are unclear as to which specific video Plaintiff references as the

9 March Video, but fails to identify, in Paragraph 64.  Defendants admit they posted an interview with

10 Tatyana Tulin on March 15, 2024, on their YouTube channel which discussed the Rubic.us website

11 and its owner Ekaterina Panova's claim that Ms. Tulin is a spy and that said interview included

12 Defendants' fair comment and opinions related to Plaintiff's activities that signify Plaintiff's

13 potential connection to the Russian government.  Because Defendants are unclear which specific

14 video Plaintiff labels as the March Video in the Complaint, Defendants are without sufficient

15 knowledge or information to form a belief as to the truth of any of the allegations related to the

16 March Video in this Paragraph and, on that basis, deny the allegations related to the March Video in

17 Paragraph 64.  Except as expressly stated, Defendants deny each and every remaining allegation in

18 Paragraph 64.

19       65.    Answering Paragraph 65 of the Complaint, Defendants assert that Plaintiff's

20 allegations in Paragraph 65 are legal conclusions and/or legal descriptions for which no response is

21 required.  To the extent a response is required, Defendants admit that Plaintiff complains of events

22 and/or statements occurring in a public forum regarding issues that are of interest to the general

23 public.  Except as expressly stated, Defendants deny each and every allegation in Paragraph 65.

24       66.    Answering Paragraph 66 of the Complaint, Defendants assert that Plaintiff's

25 allegations in Paragraph 66 are legal conclusions and/or legal descriptions for which no response is

26 required.  To the extent a response is required, Defendants deny the allegations contained in

27 Paragraph 66.

28       67.    Answering Paragraph 67 of the Complaint, Defendants state that Plaintiff's

allegations in Paragraph 67 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 67.

68. Answering Paragraph 68 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 68 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68.

69. Answering Paragraph 69 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 69 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 69.

70. Answering Paragraph 70 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 70 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 70.

71. Answering Paragraph 71 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 71 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 71. Defendants further deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

72. Answering Paragraph 72 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 72 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 72. Defendants further deny they committed defamation, deny that Plaintiff was harmed as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief whatsoever.

73. Answering Paragraph 73 of the Complaint, Defendants assert that Plaintiff's

1    allegations in Paragraph 73 are legal conclusions and/or legal descriptions for which no response is

2    required.  To the extent a response is required, Defendants deny the allegations contained in

3    Paragraph 73.  Defendants further deny they committed defamation, deny that Plaintiff was harmed

4    as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

5    whatsoever.

6                            **SECOND CLAIM FOR RELIEF**

7                    **(Defamation *Per Quod* – Against All Defendants)**

8            Defendants incorporate herein by reference its responses set forth in Paragraph Nos. 1

9    through 73 of this Answer as if fully incorporated herein.

10           74.     Answering Paragraph 74 of the Complaint, Defendants admit they posted the

11   September 7, 2023, and May 18, 2024, videos on their YouTube channel to express Defendants' fair

12   comment and opinions related to Plaintiff's activities that signify her connection to the Russian

13   government.  Defendants are unclear as to which specific video Plaintiff references as the March

14   Video, but fails to identify, in Paragraph 74.  Defendants admit they posted an interview with

15   Tatyana Tulin on March 15, 2024 on their YouTube channel which discussed the Rubic.us website

16   and its owner Ekaterina Panova's claim that Ms. Tulin is a spy, and included Defendants' fair

17   comment and opinions related to Plaintiff's activities that signify Plaintiff's potential connection to

18   the Russian government.  Because Defendants are unclear which specific video Plaintiff labels as

19   the March Video in the Complaint, Defendants are without sufficient knowledge or information to

20   form a belief as to the truth of any of the allegations related to the March Video in this Paragraph

21   and, on that basis, deny the allegations related to the March Video in Paragraph 74.  Except as

22   expressly stated, Defendants deny each and every remaining allegation in Paragraph 74.

23           75.     Answering Paragraph 75 of the Complaint, Defendants assert that Plaintiff's

24   allegations in Paragraph 75 are legal conclusions and/or legal descriptions for which no response is

25   required.  To the extent a response is required, Defendants admit that Plaintiff complains of events

26   and/or statements occurring in a public forum regarding issues that are of interest to the general

27   public.  Except as expressly stated, Defendants deny each and every allegation contained in

28   Paragraph 75.

76.     Answering Paragraph 76 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 76 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 76.

77.     Answering Paragraph 77 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 77 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 77.

78.     Answering Paragraph 78 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 78 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78.

79.     Answering Paragraph 79 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 79 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80.     Answering Paragraph 80 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 80 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81.     Answering Paragraph 81 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of any of the allegations in this Paragraph and, on that basis, deny each and every allegation in Paragraph 81. Paragraph 81 also asserts purported recitations and legal conclusions of law to which no response is required. To the extent a response is required, Defendants further deny the allegations contained in Paragraph 81.

82.     Answering Paragraph 82 of the Complaint, Defendants assert that Plaintiff's allegations in Paragraph 82 are legal conclusions and/or legal descriptions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in

1   Paragraph 82.   Defendants further deny they committed defamation, deny that Plaintiff was harmed

2   as a result of any conduct by any of the Defendants, and deny that Plaintiff is entitled to any relief

3   whatsoever.

4         83.      Answering Paragraph 83 of the Complaint, Defendants assert that Plaintiff's

5   allegations in Paragraph 83 are legal conclusions and/or legal descriptions for which no response is

6   required.  To the extent a response is required, Defendants deny the allegations contained in

7   Paragraph 83.

8                              **<u>PRAYER FOR RELIEF</u>**

9         84.      To the extent the Prayer for Relief section of the Complaint requires a response,

10  Defendants deny each and every allegation, claim, and demand contained therein, and further deny

11  that Plaintiff was damaged or injured in any way, or that she was damaged or injured as a result of

12  any of the Defendants' acts, omissions, or representations, and further respond that Plaintiff is not

13  entitled to the relief demanded therein.

14                       **II.  AFFIRMATIVE DEFENSES**

15        Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants

16  allege the following affirmative defenses:

17                         **<u>FIRST AFFIRMATIVE DEFENSE</u>**
18                         **(Failure to State a Cause of Action)**

19        85.      The Complaint fails to state facts sufficient to constitute a cause of action against any

20  of the Defendants.

21                        **<u>SECOND AFFIRMATIVE DEFENSE</u>**
22                              **(Lack of Standing)**

23        86.      Plaintiff's claims are barred, in whole or in part, because, with regard to allegations of

24  alleged actions by and/or statements by these answer Defendants as against persons other that

25  Plaintiff,  Plaintiff lacks standing to assert the claims and/or because the claims are more properly

26  asserted by another.

27  ///

28  ///

### THIRD AFFIRMATIVE DEFENSE
### (Truth)

87.    Plaintiff's claims are barred, in whole or in part, because to the extent that any alleged statements or alleged implications that form the basis for Plaintiff's claims could be interpreted as asserting verifiable facts, said statements and/or facts are true or substantially true and thus cannot give rise to any claim against Defendants.

### FOURTH AFFIRMATIVE DEFENSE
### (Privilege, Legal Justification)

88.    Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable, legally justified, and/or privileged pursuant to, among others the fair comment privilege, the common interest privilege under California Civil Code § 47(c), and the fair report privilege under the First Amendment to the U.S. Constitution and California Civil Code §47(d)  and cannot give rise to any liability on Defendants' part including, by the fair comment privileged

### FIFTH AFFIRMATIVE DEFENSE
### (No Defamation)

89.    Plaintiff's claims are barred, in whole or in part, because any statements and/or alleged implications that form the basis for Plaintiff's claims do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Consent)

90.    Plaintiff's claims are barred, in whole or in part, based upon consent in that Plaintiff willingly placed herself in the stream of commerce with regard to the issues of public concern alleged in her Complaint and, Plaintiff herself, made comments about others providing services the same as or similar to those offered by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Reasons)

91.    Plaintiff's claims are barred, in whole or in part, because in every action challenged in

the Complaint, Defendants acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any statutorily impermissible factors.

### EIGHTH AFFIRMATIVE DEFENSE
**(Constitutional Protections)**

92.     Plaintiff's Complaint is barred, in whole or in part, in that the alleged statements of which Plaintiff complains involve matters of legitimate concern to the public, are protected by Defendants' right of free speech and/or Defendants' right to petition the government guaranteed by the First Amendment to the U.S. Constitution as applicable to the states through the Fourteenth Amendment and Fourteenth Amendments to the U.S. Constitution as well as their right to freely speak, write and publish their sentiments on all subjects as guaranteed by Article I, § 2(a) of the California Constitution.

### NINTH AFFIRMATIVE DEFENSE
**(Violation of Anti-SLAPP Provisions as to Issues of Public Interest)**

93.     All of Plaintiff's claims against Defendants arise from Defendants' exercise of each of their right of free speech, or acts in furtherance of that right, in connection with an issue of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot meet her burden of demonstrating a probability that she will prevail on each of her claims (or any claim) (including her burden of showing that the challenged statements or implications are material false, or that Defendants acted with the requisite degree of fault), the claims must be stricken, and Defendants must be awarded their attorneys' fees and costs incurred in defending against those claims.

### TENTH AFFIRMATIVE DEFENSE
**(Violation of Anti-SLAPP Provisions as to
Defendants' Right of Petition)**

94.     All of Plaintiff's claims against Defendant Kiselev and Defendant Burtsev arise from said Defendants' exercise of each of their right of petition (including, but not limited to: political asylum under the laws of the United States of America, petition for citizenship, defending unjust accusations in foreign jurisdictions) and/or defense of , or acts in furtherance of that right, and thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot meet

her burden of demonstrating a probability that she will prevail on each of her claims (or any claim), the claims must be stricken, and Defendants must be awarded their attorneys' fees and costs incurred in defending against those claims.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Defendants' Lack of Intent)

95.     Plaintiff's claims are barred, in whole or in part, because Defendants, and each of them, have not acted with the requisite degree of knowledge, intent, or fault.

### TWELFTH AFFIRMATIVE DEFENSE
### (Conduct Not Attributable to Defendants)

96.     Plaintiff's claims are barred, in whole or in part, to the extent that they arise from conduct not attributable to the Defendants including, but not limited to, statements and/or conduct of persons interviewed by Defendants, persons who reported complaints to Defendants and/or persons who provided information to Defendants concerning the issues raised by Plaintiff in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Alleged Comments Not "of and Concerning" Plaintiff)

97.     Plaintiff's claims are barred, in whole or in part, because some or all of the allegedly defamatory statements and/or alleged implications that form the basis for Plaintiff's claims are not "of and concerning" Plaintiff (i.e., claims in the Complaint that refer to alleged comments and/or actions pertaining to, *inter alia,* Valeriy Katkov, Vladimir Putin, The Modern Law Group, Kateryna Panova) and thus cannot give rise to a claim by Plaintiff against Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Alleged Comments Not Susceptible to Defamatory Meaning)

98.     Plaintiff's claims are barred, in whole or in part, because some or all of the allegedly defamatory statements and/or alleged implications that form the basis for Plaintiff's claims are not reasonably susceptible to a defamatory meaning and thus cannot give rise to any claim against Defendants.

///

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Public Figure Plaintiff Required to Plead and Prove Actual Malice)

99.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is a public figure and Plaintiff did not adequately allege, and cannot prove, that Defendants published any false statement or implication about Plaintiff with constitutional actual malice.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Defamation *Per Se*)

100.    Plaintiff's claims are barred, in whole or in part, because the statements or alleged implications that form the basis for her claims are not defamatory per se (or on their face), such that Plaintiff must plead and prove special damages which she has failed and/or cannot do.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Defamation *Per Quod*)

101.    Plaintiff's claims are barred, in whole or in part, because the statements or alleged implications that form the basis for her claims are not defamatory *per quod*; that is the alleged statements cannot, through interpretation, innuendo or the consideration of extrinsic evidence become defamatory.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Cal.Civ. Code §48a)

102.    Plaintiff's claims are barred, in whole or in part, , and her damages (if any) limited by California's retraction-demand statute, Civil Code § 48a, because Plaintiff failed to properly demand a retraction under California law, has not alleged special damages with sufficient particularity, and cannot prove special damages resulting from any actionable statement about the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Single Publication Doctrine)

103.    Plaintiff's claims are barred, in whole or in part, by the Uniform Single Publication Act, Cal. Civil Code § 3425.3 such that to the extent the "September Video", the "March Video" the "May Video" the "Instagram Post" (as those items are defined in the Complaint) as well as Plaintiff's allegations Defendants accused her of being "part of a criminal network" a "Russian spy"

and/or disclosing information to the Russian government are repetitions of a claim asserted, they

may not serve as the basis for multiple claims or for additional claims for damages.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Neutral Reportage Doctrine)

104.    Plaintiff's claims are barred, in whole or in part, by the doctrine of neutral reportage

because Plaintiff is a public figure (or a limited public figure) and, to the extent Plaintiff's claims are

based on statements made by persons or entities other than Defendants, Defendants have merely

reported those statements and, thus, cannot be held libel for defamation as to those alleged

statements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Equitable Defenses)

105.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

waiver, estoppel, and unclean hands because Plaintiff has engaged in public discourse on the issues

upon which her claims are based, has engaged in the same kind of actions against Defendants of

which she complains and has contributed to the controversy by consistently, prominently and

without ceasing continued to bring into the public arena the very matters on which she bases her

allegations of defamation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Allege Damages)

106.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any

are vague, uncertain, and speculative in that Plaintiff has failed to allege facts and/or failed to allege

them with sufficient specificity as to, *inter alia*,  how her reputation has been damaged and/or any

negative impact on her earning capacity and the any fact finder would be required to engage in

speculation in order to impose damages with regard to whether, how, and the extent of damages to

Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Exclusivity of Workers' Compensation)

107.    To the extent Plaintiff's alleged harm includes claims for mental and emotional

1    distress, or other physical, emotional, or mental injury, those claims are barred by the exclusive

2    remedy provisions of the California Workers' Compensation Act (Cal. Lab. Code §§ 3600(a) *et seq.*)

3    and/or Section 29(6) of the New York Workers' Compensation Law (*see also*, *Siegel v. Garibaldi*,

4    158 A.D.3d 1049 (3rd Dep't 2018)) as Plaintiff's claims arise from actions and/or events that

5    occurred in the course and scope of her employment with The Modern Law Group.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Lack of Proximate Cause)

8    108.    Plaintiff's claims are barred, in whole or in part, because any damages allegedly

9    suffered by Plaintiff, if any, were not proximately caused by Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

12    109.    Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to

13    mitigate her alleged damages, if any in that she consistently, prominently and without ceasing

14    continued to bring into the public arena the very matters on which she bases her allegations of

15    defamation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Plaintiff's Contributory Fault)

18    110.    Plaintiff's claims are barred, in whole or in part, because any damages allegedly

19    suffered by Plaintiff were the result, in whole or in part, of Plaintiff's own legal fault, and any

20    recovery should be reduced in proportion to Plaintiff's fault in that her own negligent and/or

21    deliberate conduct exposed her to criticism with regard to her business practices and, thereafter,

22    Plaintiff consistently, prominently and without ceasing continued to bring into the public arena the

23    very matters on which she bases her allegations of defamation.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Plaintiff's Damages, If Any, Are Fault of Others)

26    111.    Defendants, and each of them, deny that Plaintiff suffered any damages as a

27    consequence of any actionable conduct by Defendants.  If, however, Plaintiff has suffered any

28    damages, any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of

persons, firms, corporations, or entities other than Defendants, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Plaintiff's Conduct Bars Recovery)

112.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's misrepresentation, fraud, deception, and/or deceptive conduct, and by misrepresentations and/or actionable omissions made by Plaintiff in connection with matters related to or arising out of Plaintiff's relationship and dealings with Defendants, and/or events and allegations referenced in the Complaint including, but not limited Plaintiff as the origin of the controversy, Plaintiff continually bringing into the public arena the very matters on which she bases her allegations of defamation, and Plaintiff engaging in the activities of which she complains

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Unfair / Anti-competitive Conduct)

113.    Plaintiff's claims are barred, in whole or in part, or limited, to the extent that Plaintiff and/or its partners, agents, employers and/or others acting in concert with Plaintiff or under her direction has or have engaged in unfair and/or anti-competitive conduct including the institution of this lawsuit seeking to eliminate the competition posed by Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Unfair / Anti-competitive Conduct)

114.    Plaintiff's claims are barred, in whole or in part, or limited, to the extent that Plaintiff and/or its partners, agents, employers and/or others acting in concert with Plaintiff or under her direction has or have engaged in unfair and/or anti-competitive conduct including the institution of this lawsuit seeking to eliminate the competition posed by Defendants.

### THIRTIETH-FIRST AFFIRMATIVE DEFENSE
#### (Punitive Damages Barred Due to Lack of Requisite Fault)

115.    Plaintiff is not entitled to punitive or exemplary damages because the statements and/or alleged implications that form the basis for Plaintiff's claims involve matters of public concern and no statement or implication about Plaintiff was published with the requisite degree of

fault and Defendants at all times made a good faith effort to comply with the law, and any actions taken with respect to Plaintiff were done without malice, conscious disregard or reckless indifference to Plaintiff's rights, .

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Punitive Damages Barred by Constitutional Considerations)**

116.    Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants', and each of their, rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the California Constitution because, among other things, (1) of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; (2) there is no legitimate state interest in punishing Defendants' allegedly unlawful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery; (4) any punitive damage award would be grossly out of proportion to the alleged wrongful conduct at issue here; (5) imposition of punitive damages violates Defendants', and each of their, rights to protection from "excessive fines"; and (6) imposition of punitive damages against Defendants would deny equal protection of the laws

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Cal.Civ. Code §3294 is Unconstitutional)**

117.    To the extent that the Complaint seeks punitive damages authorized under Civil Code § 3294 or any other California law, no punitive damages may constitutionally be awarded because that statute is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 and Article IV, § 16 of the California Constitution because neither it, nor any other law of California, establishes the maximum punitive damages award which may be imposed in this case. Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

///

///

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Barred)

118.    Plaintiff's request for injunctive relief is barred, in whole or in part, because the request is overbroad and, even if not overbroad, because any such injunction would be an unconstitutional prior restraint on speech in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, § 2(a) of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

119.    Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. Defendants, and each of them, reserve their right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.  Defendants, and each of them, further reserve the right to supplement, amend, or modify their separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

## PRAYER

WHEREFORE, Defendants TEACHBK, INC., ILYA KISELEV and ANDREY BURTSEV pray that:

1.    The Court deny Plaintiff's prayer for relief;

2.    The Court dismiss Plaintiff's Complaint in its entirety with prejudice;

3.    That judgment be entered in favor of each of the Defendants and against Plaintiff;

4.    Defendants be awarded cost of suit incurred in this action, including reasonable attorney's fees to the fullest extent allowed by law; and

5.    The Court grant such other further relief as may be deemed just and proper.

DATED:  March 20, 2025                    LAW OFFICES OF ALLA V. VOROBETS

                                          /s/ Alla V. Vorobets_____
                                          Alla V. Vorobets, Attorney for Defendants
                                          TEACHBK, INC., ILYA KISELEV and
                                          ANDREY BURTSEV

//

//

1

## **DEMAND FOR JURY TRIAL**

2

Defendants TEACHBK, INC., ILYA KISELEV and ANDREY BURTSEV hereby demand a

3

trial by jury of all issues triable of right by jury in connection with the above-captioned action,

4

including, without limitation, the Plaintiff's Complaint and the claims and causes of actions alleged

5

therein, and Defendants' Answer and affirmative defenses to the foregoing.

6

7

DATED:  March 20, 2025                    LAW OFFICES OF ALLA V. VOROBETS

8
                                          /s/ Alla V. Vorobets
9                                         Alla V. Vorobets, Attorney for Defendants
                                          TEACHBK, INC., ILYA KISELEV and
10                                        ANDREY BURTSEV

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586

2

9270 Madison Avenue
Orangevale, CA 95662

3

Tel:  (916) 966-8529

4

Fax:  (916) 966-8527

5

<u>**PROOF OF SERVICE BY EMAIL**</u>

6

     I am a resident of the State of California, over the age of eighteen years, and not a party to

7

the within action.  My business address is 9270 Madison Avenue, Orangevale, CA 95662.  On
**March 20, 2025** I served the within documents:

8

**FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR DEFAMATION**

9

10

( X ) By Email Transmission
By transmitting by facsimile a true and correct copy thereof to the person and at the email

11

address indicated below, and by verifying sending of email to the recipient by checking the sent
folder; and / or

12

ETHAN JACOBS LAW CORPORATION

13

Ethan Jacobs, Esq.
ethan@ejacobslaw.com

14

100 Pine Street, Suite 1250
San Francisco, CA 94111

15

16

SLATER LEGAL PLLC
James M. Slater, Esq.

17

james@slater.legal
2296 Henderson Mill Rd. NE #116

18

Atlanta, GA 30345

19

     I declare under penalty of perjury under the laws of the State of California that the above is

20

true and correct.

21

     Executed on **March 20, 2025** at Orangevale, California.

22

23

                  /s/ Alla V. Vorobets
                   Alla V. Vorobets

24

25

26

27

28