1 | **LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail*.com
9270 Madison Avenue
Orangevale, CA 95662
Tel:  (916) 966-8529
Fax:  (916) 966-8527

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV,
and ANDREI BURTSEV

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>        Plaintiff,<br><br>    vs.<br><br>TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV<br><br>        Defendants. | **Case No.: 3:24-cv-4525**<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    June 3, 2025<br>Time:    2:30 p.m.<br>Dept.:    Courtroom G, 15th Fl (by Zoom)<br>Judge:  Hon. Lisa J. Cisneros<br><br>TRIAL DATE:   October 19, 2026<br>ACTION FILED: July 26, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 3, 2025, at 2:30 p.m. or as soon thereafter as counsel may be heard in Courtroom G, 15th Floor, of the United States District Court for the Northern District of California, San Francisco Division, the Law Offices of Alla V. Vorobets ("Vorobets Firm" or "Movant") will, and hereby does, move this Court for an order permitting the Vorobets Firm to withdraw as counsel of record for defendants, TEACHBK, INC., ILYA KISELEV and ANDREI BURTSEV (collectively "Defendants") in the above-entitled action.

1    This Motion is made pursuant to Local Rule 11-5 and California Rule of Professional

2   Conduct, Rule 1.16(a)(4), (b)(4), (b)(5), (b)(6), and (b)(10), and is based on the grounds that:

3    1.    Defendants have breached an agreement with the Vorobets Firm regarding, *inter*

4   *alia*, (a) payment of expenses and fees, (b) cooperation with counsel, (c) the provision of requested

5   information and/or documents, (d) informing counsel of developments of which clients were or

6   became aware and (e) failure to follow counsel's legal advice;

7    2.    Defendants have made it unreasonably difficult for the Vorobets Firm to carry out its

8   representation of Defendants effectively; and

9    3.    The Vorobets Firm's withdrawal as counsel of record will cause no substantial

10  prejudice to Defendants or any party to the litigation.

11   This Motion is based on this Notice of Motion and Motion, the accompanying

12  Memorandum of Points and Authorities, the Declaration of counsel served and filed herewith, and

13  any additional evidence and argument that may be presented at the hearing on this motion.

14  DATED: April 24, 2025                    LAW OFFICES OF ALLA V. VOROBETS

15

16                                          /s/ *Alla V. Vorobets*
                                            Alla V. Vorobets
17                                          Attorneys for Defendants
                                            TEACHBK, INC., ILYA KISELEV and
18                                          ANDREY BURTSEV

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

The Vorobets Firm seeks to be relieved as counsel of record for Defendants because Defendants have breached multiple provisions of the Legal Services Agreement entered into between Defendants and the Vorobets Firm, have represented to a third party that they terminated the Vorobets Firm's representation and because Defendants have rendered it unreasonably difficult for the Vorobets Firm to carry out its employment.

In order to abide by its professional and ethical responsibilities, the Vorobets Firm provides facts in general terms disclosing only such information as may be divulged without compromising the attorney-client privilege or the duties of confidentiality and loyalty. (Vorobets Decl. ¶10.)  In the event this Court desires further information to ascertain the good faith basis for this Motion and for withdrawal, it is respectfully requested that the Court have an *in camera* hearing outside of the presence of all other parties so that the specific facts demonstrating good cause for this withdrawal may be demonstrated to the Court.

### A.    Procedural Background

Plaintiff, MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya ("Goldberg" or "Plaintiff") filed the Complaint (ECF 14) in this matter on July 26, 2024, alleging Defendants defamed her and seeking damages based thereon.  (Declaration of Alla V. Vorobets ("Vorobets Decl."), ¶5.)  The Vorobets Firm was retained by Defendants on August 30, 2024.  (*Id.*, ¶6.)  Defendants filed their Answer to the Complaint on September 30, 2024 (ECF 25), thereafter amending the Answer on March 20, 2025 (ECF 49).  (*Id.*, ¶7.)

The Court ordered this matter to mediation on February 28, 2025, and appointed Warren Metlitzky as Mediator on March 7, 2025.  (Vorobets Decl. ¶8.)  On April 2, 2025, both Plaintiff's counsel and the Mediator were advised that the Vorobets Firm would be withdrawing from representation of Defendants.  (*Id.*, ¶9.)

### B.    Factual Background

By March of 2025, based upon multiple interactions, discussions and communications with Defendants, as well as certain actions taken by Defendants, the Vorobets Firm reached the conclusion that the trust and cooperation necessary for an attorney-client relationship had broken

1  down, making it unreasonably difficult for the Vorobets Firm to continue representing Defendants.

2  (Vorobets Decl., ¶11-12.)

3      On March 26, 2025, the Movant met with Defendants to discuss the issues which included

4  failure to fully cooperate with counsel in defense of the case, failure to timely provide requested

5  information and/or documents, failing to inform the Vorobets Firm of new developments Defendants

6  had become aware of, and failure to follow counsel's legal advice. (Vorobets Decl., ¶13.)

7      During this meeting, Defendants were notified that TeachBK could not be self-represented,

8  would be required to retain new legal representation, and could not be represented by neither

9  Defendant Burtsev nor Defendant Kiselev because they are not licensed attorneys.  (*Id.* ¶14.)

10     At the meeting on March 26, 2025, Defendants assented to the termination of representation

11 by the Vorobets Firm.  (Rule 1.16(b)(6); Vorobets Decl.., ¶15.)  The Movant understood that

12 Defendants intended to procure new counsel within two weeks.  However, as of the date of filing of

13 this Motion, no information concerning Defendants' new counsel has been provided to the Vorobets

14 Firm.  (*Id.*, ¶16.)

15     Defendants have also repeatedly breached the agreement with the Vorobets Firm concerning

16 payment of fees although the Firm made every accommodation possible to facilitate Defendants'

17 payment of the fees due and owing.  (Vorobets Decl., ¶17.)

18     On March 31, 2025, the Movant sent a detailed letter to Defendants memorializing the

19 substance of the March 26, 2025 conference, strongly encouraging all Defendants to obtain new

20 counsel, and again notifying Defendants that the corporate Defendant, TeachBK, could appear only

21 through licensed counsel.  (Vorobets Decl., ¶18.)  The Vorobets Firm was subsequently advised by

22 Plaintiff's counsel that Defendants had improperly communicated directly with him stating that

23 Defendants had "fired" the Vorobets Firm.  (Rule 1.16(a)(4); Vorobets Decl., ¶19.)

24     The Vorobets Firm also took reasonable steps to avoid foreseeable prejudice to Defendants

25 by providing a list of all upcoming deadlines to Defendants in writing and obtaining from Plaintiff a

26 30-day extension of time for Defendants to respond to Plaintiff's recently propounded discovery.

27 (*Id.*, ¶20.)  Other than discovery responses and the court-ordered mediation, there are no deadlines in

28 this case for the remainder of 2025. (*Id.*, ¶21.)

1

### C.     Legal Standard

2        United States District Court, Northern District of California, Local Rule 11-5 ("LR") permits

3   withdrawal of counsel upon order of the Court, after reasonable notice to the client(s) and all other

4   parties to the case.  (Vorobets Decl. ¶22.)  Withdrawal of counsel is governed by the standards of

5   professional conduct required of California State Bar members.  LR 11-4(a) (incorporating the

6   California Rules of Professional Conduct (the "Rules"); *see, Frazier v. Am. Credit Resolution, Inc.*,

7   (N.D. Cal., No. 18-cv-07729-TSH) 2019 U.S.Dist.LEXIS 130756, at *3), citing *Nehad v. Mukasey*,

8   535 F.3d 962, 970 (9th Cir. 2008) (applying the Rules to attorney withdrawal).

9        The Rules set forth the grounds <u>requiring</u> withdrawal as well as those upon which counsel

10   may properly seek to withdraw from a representation ("permissive" withdrawal).  In particular,

11   counsel may seek permission to withdraw from a case in which the client "renders it unreasonably

12   difficult for the member to carry out the representation effectively" and/or "breaches a material term

13   of an agreement with, or obligation to, the lawyer relating to the representation."  (Rule 1.16(b)(4)

14   and (b)(5); *see also, Schueneman v. 1st Credit of Am., LLC* (N.D.Cal., No. C 05-4505 MHP) 2007

15   U.S.Dist.LEXIS 48981 at *23–24 (motion to withdraw granted for breach of agreement to pay legal

16   fees).)  Furthermore, counsel is *required to* withdraw when the client discharges the lawyer.  (Rule

17   1.16(a)(4).)

18        Granting withdrawal is within the court's discretion.  (*See, United States v. Carter,* 560 F.3d

19   1107, 1113 (9th Cir. 2009).)  A client's consent to the motion "is not dispositive", but the Court may

20   consider (1) the reasons for withdrawal, (2) whether withdrawal would work a prejudice to other

21   litigations, (3) whether harm to the administration of justice would result, and (4) the extent, if any,

22   to which withdrawal would delay resolution of the case.  (*Robinson v. Delgado*, (N.D. Cal.) 2010

23   U.S. Dist.LEXIS 92924, at *2; *Atkins v. Bank of Am., N.A.* (N.D. Cal.) 2015 U.S. Dist.LEXIS 89360

24   at *1.)

25

### D.  Argument

26        The Vorobets Firm advised Defendants and all other litigants of its intention to withdraw

27   and, subsequently, served this Motion in accordance with the rules of procedure.  (Vorobets Decl.,

28   ¶¶ 2, 13, 18 and 22.)

The facts set forth in support of this Motion are sufficient to establish: (1) Defendants have breached material terms of the "agreement with, or obligation to" the Firm, (2) Defendants' conduct has rendered it "unreasonably difficult" for the Vorobets Firm "to carry out the representation effectively", (3) Defendants "knowingly and freely" assented to the termination of the Vorobets Firm's representation, and (4) the Defendants have positively expressed that they terminated the Vorobets Firm's representation.

This matter will not be delayed, nor will there be prejudice to the Plaintiff or harm to the administration of justice by the granting of this Motion in light of the efforts taken by Movant to protect Defendants' interests until new counsel has been retained and since, other than mediation and recent discovery, there are no deadlines for the remainder of 2025.  (Vorobets Decl. ¶24.)

Based on the foregoing, the Vorobets Firm respectfully requests that this Court issue an order approving its withdrawal as counsel of record for Defendants in this action.


DATED: April 24, 2025                                        Respectfully submitted,
                                                            LAW OFFICES OF ALLA V. VOROBETS


                                                            /s/ Alla V. Vorobets
                                                            Alla V. Vorobets
                                                            Attorneys for Defendants
                                                            TEACHBK, INC., ILYA KISELEV and
                                                            ANDREY BURTSEV