**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.*com
9270 Madison Avenue
Orangevale, CA 95662
Tel: (916) 966-8529
Fax: (916) 966-8527

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV,
and ANDREI BURTSEV

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>    Plaintiff,<br><br>vs.<br><br>TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV<br><br>    Defendants. | Case No.: 3:24-cv-4525<br><br>**DECLARATION OF ALLA V. VOROBETS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Date:   June 3, 2025<br>Time:  2:30 p.m.<br>Dept.:  Courtroom G, 15th Fl (by Zoom)<br>Judge:  Hon. Lisa J. Cisneros<br><br>TRIAL DATE:   October 19, 2026<br>ACTION FILED: July 26, 2024 |

I, ALLA V. VOROBETS, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am admitted to practice before the United States District Court, Northern District of California.

2. I am an attorney with The Law Offices of Alla V. Vorobets ("Vorobets Firm" or "Movant"), counsel of record for Defendants TeachBK, Inc., Ilya Kiselev and Andrei Burtsev (collectively "Defendants") in the above referenced matter.

3. This declaration is submitted in support of the Vorobets Firm's Motion to Withdraw

as Counsel for Defendants. I have personal knowledge of the facts set forth herein, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called as a witness to testify upon the matters stated herein, I would be competent to do so.

4. The Vorobets Firm seeks to be relieved as counsel of record for Defendants because Defendants have breached multiple provisions of the Legal Services Agreement entered into between Defendants and the Vorobets Firm, have represented to a third party that they terminated the Vorobets Firm's representation, and because Defendants have rendered it unreasonably difficult for the Vorobets Firm to carry out its employment.

5. Plaintiff, MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya ("Goldberg" or "Plaintiff") filed her Complaint (ECF 14) on July 26, 2024, alleging Defendants defamed her and seeking damages based thereon.

6. The Vorobets Firm was retained by Defendants on August 30, 2024.

7. Defendants filed their Answer to the Complaint on September 30, 2024 (ECF 25), thereafter amending the Answer on March 20, 2025 (ECF 49).

8. The Court ordered this matter to mediation on February 28, 2025, and appointed Warren Metlitzky as Mediator on March 7, 2025.

9. On April 2, 2025, I advised both the Plaintiff's counsel and the Mediator that the Vorobets Firm would be withdrawing from representation of Defendants.

In order to abide by my professional and ethical responsibilities, the following facts are provided in general terms, disclosing only such information as may be divulged without compromising the attorney-client privilege or the duties of confidentiality and loyalty required of me. In the event this Court desires further information to ascertain the good faith basis for this Motion and for withdrawal, I am prepared to provide the specific facts demonstrating good cause for this withdrawal in an *in camera* hearing outside of the presence of all other parties.

10. By March of 2025, based upon multiple interactions, discussions and communications with Defendants, as well as certain actions taken by Defendants, the Vorobets Firm reached the conclusion that the trust and cooperation necessary for an attorney-client relationship had broken down, making it unreasonably difficult for the Vorobets Firm to continue representing Defendants.

11. Defendants' failure to cooperate, inform Movant of information or developments that came to their attention and provide information as requested also violated the legal services agreement entered into between the parties.

12. On March 26, 2025, I met with the Defendants to discuss issues which included failure to fully cooperate with counsel in defense of the case, failure to timely provide requested information and/or documents, failing to inform the Vorobets Firm of new developments Defendants had become aware of, and failure to follow counsel's legal advice.

13. During this meeting, Defendants were notified that TeachBK could not be self-represented, would be required to retain new legal representation, and could not be represented by neither Mr. Burtsev nor Mr. Kiselev because they are not licensed attorneys.

14. At the meeting on March 26, 2025, Defendants assented to the termination of representation by the Vorobets Firm.

15. I understood that Defendants intended to procure new counsel within two weeks, however, as of the date of filing of this Motion, I have not been provided any information concerning that new counsel.

16. Defendants have also repeatedly breached the agreement with the Vorobets Firm concerning payment of fees although the Firm made every accommodation possible to facilitate Defendants' payment of the fees due and owing.

17. On March 31, 2025, I sent a detailed letter to Defendants memorializing the substance of the March 26, 2025 meeting, strongly encouraging all Defendants to obtain new counsel and again notifying Defendants that the corporate Defendant, TeachBK, could appear only through licensed counsel.

18. On April 15, 2025, the Vorobets Firm was advised by Plaintiff's counsel that Defendants had improperly communicated directly with him stating that Defendants had "fired" the Vorobets Firm. (Rule 1.16(a)(4).)

19. My office also took reasonable steps to avoid foreseeable prejudice to Defendants by providing a list of all upcoming deadlines to Defendants in writing and obtaining from Plaintiff a 30-day extension of time for Defendants to respond to Plaintiff's recently propounded discovery.

20. Other than discovery responses and the court-ordered mediation, there are no deadlines for the remainder of 2025.

21. The Vorobets Firm advised Defendants and all other litigants of its intention to withdraw as stated herein and, subsequently, served this Motion in accordance with the applicable rules of procedure.

22. The facts set forth by Movant are sufficient to establish: (1) Defendants have breached material terms of the "agreement with, or obligation to" the Vorobets Firm, (2) Defendants' conduct has rendered it "unreasonably difficult" for the Vorobets Firm "to carry out the representation effectively", (3) Defendants "knowingly and freely" assented to the termination of the Vorobets Firm's representation, and (4) the Defendants have positively expressed that they terminated the Vorobets Firm's representation.

23. This matter will not be delayed, nor will there be prejudice to the Plaintiff or harm to the administration of justice by the granting of this Motion in light of the efforts taken by my firm to protect Defendants' interests until new counsel has been retained, and since, other than mediation and recent discovery, there are no deadlines in this case for the remainder of 2025.

24. There is no retainer or unearned fees to be returned to Defendants.

25. My firm is willing and able to promptly release to Defendants, upon their request, all client materials and property as required by Cal. Rules of Professional Conduct, Rule 1.16(e)(1).

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct, and that this declaration was executed in Orangevale, California on April 24, 2025.

/s/ Alla V. Vorobets_____
Alla V. Vorobets
Attorneys for Defendants
TEACHBK, INC., ILYA KISELEV and
ANDREY BURTSEV