1  **LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
2  *avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
3  *cbernal.vorobetslaw@gmail.*com
4  9270 Madison Avenue
Orangevale, CA 95662
5  Tel:  (916) 966-8529
Fax:  (916) 966-8527
6
7  Attorney for Defendants
TEACHBK, INC., ILYA KISELEV,
8  and ANDREI BURTSEV

9

10                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
11

12 | MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya, | ) | **Case No.: 3:24-cv-4525** |
13 | | ) | |
14 |          Plaintiff, | ) | **[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |
   |     vs. | ) | |
15 | | ) | Date:     June 3, 2025 |
16 | TEACHBK, INC., ILYA KISELEV, and ANDREI BURTSEV | ) | Time:     2:30 p.m. |
17 | | ) | Dept.:    Courtroom G, 15th Fl (by Zoom) |
   |          Defendants. | ) | Judge:    Hon. Lisa J. Cisneros |
18 | | ) | |
   | | ) | TRIAL DATE:   October 19, 2026 |
19 | | ) | ACTION FILED: July 26, 2024 |

20         This matter is before the Court on the Law Offices of Alla V. Vorobets' ("Vorobets Firm" or

21  "Movant") Motion to Withdraw as Counsel for Defendants TEACHBK, INC., ILYA KISELEV and

22  ANDREI BURTSEV (collectively "Defendants"). ECF No. ____.   Having carefully reviewed the

23  parties' written and oral arguments, and good cause appearing, the motion is hereby GRANTED for

24  the reasons set forth below.

25                              **LEGAL STANDARD**

26         In this district, the California Rules of Professional Conduct (the "Rules") govern motions to

27  withdraw as counsel.  United States District Court, Northern District of California, Local Rule

28

("LR") 11-5; LR 11-4(a) (incorporating the California Rules of Professional Conduct (the "Rules"); *see, Frazier v. Am. Credit Resolution, Inc.*, (N.D. Cal., No. 18-cv-07729-TSH) 2019 U.S.Dist.LEXIS 130756, at *3), citing *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying the Rules to attorney withdrawal).

Rule 1.16(b)(4) allows withdrawal when a client "breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."

Rule 1.16(b)(6) allows withdrawal when the client knowingly and freely assents to termination of the representation.

Rule 1.16(a)(4) requires withdrawal when the client discharges the lawyer.

Finally, Rule1.16(d) provides that a "lawyer "shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel and complying with paragraph (e) [regarding return of papers]."

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See, United States v. Carter,* 560 F.3d 1107, 1113 (9th Cir. 2009). A client's consent to the motion "is not dispositive", but the Court may consider: (1) the reasons for withdrawal, (2) whether withdrawal would work a prejudice to other litigations, (3) whether harm to the administration of justice would result, and (4) the extent, if any, to which withdrawal would delay resolution of the case. *Robinson v. Delgado*, (N.D. Cal.) 2010 U.S. Dist.LEXIS 92924, at *2; *Atkins v. Bank of Am., N.A.* (N.D. Cal.) 2015 U.S. Dist.LEXIS 89360 at *1.

**CONCLUSION**

The Court finds that:

a. The Vorobets Firm advised Defendants and all other litigants of its intention to withdraw and served this Motion in accordance with the rules of procedure.

b. The facts provided by Movant are sufficient to establish: (1) Defendants breached material terms of the "agreement with, or obligation to" the Vorobets Firm, (2) Defendants' conduct

has rendered it "unreasonably difficult" for the Vorobets Firm "to carry out the representation effectively", (3) Defendants "knowingly and freely" assented to the termination of the Vorobets Firm's representation and (4) the Defendants have positively expressed that they terminated the Vorobets Firm's representation.

      c.      Defendants were advised that TeachBK is required to have qualified legal counsel for purposes of defending the within litigation.

      d.      This matter will not be delayed, nor will there be prejudice to the Plaintiff or harm to the administration of justice by the granting of this Motion in light of the efforts taken by Movant to protect Defendants' interests until new counsel has been retained and since, other than mediation and recent discovery, there are no deadlines for the remainder of 2025.

## IT IS THEREFORE ORDERED AS FOLLOWS

1. The Law Offices of Alla V. Vorobets, and all of its attorneys, are hereby permitted to withdraw as counsel of record in the above-captioned action for Defendants TEACHBK, INC., ILYA KISELEV and ANDREI BURTSEV effective immediately upon issuance of this Order.

2. Corporate Defendant TeachBK is to retain new counsel within _____ days and said counsel is to file notice of appearance within _____ days of retention.

3. Individual Defendants Burtsev and Kiselev are to either (1) retain new counsel within _____ days or (2) advise the Court in writing that they intend to proceed *pro se* within _____ days.

4. Pursuant to LR 11-5, filings in this matter will continue to be served on The Law Offices of Alla V. Vorobets *for forwarding purposes only* until _____ (the deadline for Defendants to obtain new counsel or proceed *pro se*.)

//

//

Dated _____, 2025:             _____
                                          LISA J. CISNEROS
                                          United States Magistrate Judge