UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TEACHBK, INC., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-04525-LJC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Re: Dkt. No. 50 |

Before the Court is the motion of the Law Offices of Alla V. Vorobets ("Vorobets Firm") to withdraw as counsel for Defendants TeachBK, Inc., Ilya Kiselev, and Andrei Burtsev. ECF No. 50. Plaintiff Miriam Goldberg takes no position on this motion except as to state that Defendant TeachBK may not proceed *pro se*. ECF No. 51. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without oral argument. Upon consideration of the applicable authority, the papers submitted, and the record in the case, the Vorobets Firm's motion is GRANTED and the hearing scheduled for June 3, 2025 is VACATED.

Civil Local Rule 11-5(a) establishes that counsel "may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." The California Standards of Professional Conduct apply to requests to withdraw as counsel of record. *See* Civ. L.R. 11-4; *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). California Rule of Professional Conduct 1.16(b) provides that counsel "may withdraw from representing a client," when, as relevant here, "the client…renders it unreasonably difficult for the lawyer to carry out the representation effectively." In ruling on a motion for withdrawal, courts consider "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm

that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, No. 15-cv-00051, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015). It is within the trial court's discretion to grant or deny counsel's request to withdraw from representation. *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Counsel "shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," releasing all client materials and property to the client, and refunding the client for any fee or expense "paid in advance that the lawyer has not yet earned or incurred." Cal. Prof. Conduct Rule 1.16(d)-(e).

The Vorobets Firm has met these requirements. Defendants' counsel Alla Vorobets attests that Defendants have failed to "cooperate" with the Vorobets Firm in the defense of their case, failed to "timely provide requested information and/or documents," failed to inform the Vorobets Firm of new factual developments in the case, and failed to follow its legal advice. ECF No. 50-1 (Vorobets Decl.) ¶¶ 10, 12. The Court accordingly finds that the Vorobets Firm has established that Defendants have rendered it "unreasonably difficult" for the Vorobets Firm to continue representing Defendants effectively. Cal. Prof. Conduct Rule 1.16(b). Given the posture of the case, the Court also finds that granting the motion to withdraw will not prejudice the other litigants, harm the administration of justice, or delay the resolution of the case. *See Atkins*, 2015 WL 4150744, at *1. The next court-imposed deadline, for the parties to complete mediation, is not until July 31, 2025, and the following deadline, for the parties to complete document discovery, is not until January 2026. ECF Nos. 46, 53. There is sufficient time for Defendants to obtain new counsel without delaying the case schedule or prejudicing other litigants.

Additionally, the Vorobets Firm has taken "reasonable steps to avoid reasonably foreseeable prejudice to Defendants," including giving Defendants nearly one month's notice that it intended to file a motion to withdraw, repeatedly advising Defendants that TeachBK could only appear through licensed counsel and encouraging Defendants to obtain new counsel, obtaining an extension for Defendants to respond to discovery requests, providing Defendants "a list of all upcoming deadlines" in the case, and obtaining a continuation of the deadline to complete

1    mediation.  Cal. Prof. Conduct Rule 1.16(d)-(e); Vorobets Decl. ¶¶ 12-13, 17, 19; *see* ECF No. 52.
2    As required by Civil Local Rule 11-5(a), the Vorobets Firm provided advanced notice to
3    Defendants and Plaintiff regarding its intention to withdraw.  Vorobets Decl. ¶¶ 9, 17.
4         The Court according GRANTS the Vorobets Firm's motion to withdraw, subject to the
5    following conditions:
6    1.  Pursuant to Civil Local Rule 11-5(b), because no substitution of counsel has been filed
7        and Defendants Ilya Kisilev and Andrei Burtsev have not filed a notice that they will
8        be proceeding *pro se*, papers shall continue to be served on the Vorobets Firm for
9        forwarding purposes, unless and until either Defendants appear by other counsel or
10       Defendants Kisilev and Burtsev file a notice that they will appear *pro se* and Defendant
11       TeachBK appears by other counsel.
12   2.   The Vorobets Firm shall serve a copy of this order on Defendants and file a proof of
13       service confirming that it has served Defendants.
14   Furthermore, Defendant TeachBK is ORDERED to endeavor to obtain new counsel no
15   later than June 23, 2025.  As Defendant TeachBK is a corporation, it may only appear through
16   licensed counsel and may not proceed *pro se*.  *See D-Beam Ltd. P'ship v. Roller Derby Skates,*
17   *Inc.*, 366 F.3d 972, 973 (9th Cir. 2004).  Defendant TeachBK shall file a status report regarding its
18   efforts to retain new counsel no later than June 26, 2025.

20   **IT IS SO ORDERED.**
21   Dated: May 9, 2025

                                                                    _____
                                                                    LISA J. CISNEROS
                                                                    United States Magistrate Judge