

June 25, 2025

Honorable Lisa J. Cisneros                                                                    *Via CM/ECF*
450 Golden Gate Avenue
San Francisco, California 94102

        **Re: *Goldberg v. TeachBK, Inc., et al.*, N.D. Cal. Case No. 3:24-cv-4525**

Dear Judge Cisneros:

      Pursuant to Section F(5) of Your Honor's standing order, plaintiff Miriam Goldberg submits this letter regarding a discovery dispute. In short, Goldberg complains that Defendants (1) have produced an incomplete version of an email conversation with the FBI, which they allege pertains to her and failed to produce any additional surrounding correspondence; and (2) failed to produce documents and correspondence used in connection with or relating to creating the allegedly defamatory videos and social media posts referenced in the complaint.

      Goldberg's counsel asked Defendants for availability to meet and confer during the two-week period of June 9-20, 2025 on these two issues and a separate one—Defendants' overdue responses to Goldberg's second set of written discovery. On all such correspondence, counsel copied Alla Vorobets for forwarding purposes. [*See* ECF No. 54 at 3]. Having received no response to efforts to confer, on June 20, Golberg's counsel transmitted a draft joint letter for Defendants' positions. On June 22, Defendants responded by providing their written responses to Goldberg's second set of discovery. Goldberg's counsel has invited Defendants to confer on deficiencies with respect to those responses. On that same date, Defendants also provided a statement about the FBI communications and production, which is reproduced below, but did not otherwise respond to the letter. Goldberg's counsel circulated an updated letter early on June 23, which removed issue no. 3, and requested Defendants' positions by 3 p.m. pacific on June 24 or Goldberg would be required to submit a unilateral letter. Defendants failed to respond.

      Pursuant to Your Honor's standing order, the requested discovery dates and case management deadlines are:

| | |
|---|---|
| Fact discovery cut-off: | March 27, 2026 |
| Expert discovery cut-off: | June 12, 2026 |
| Last day to file dispositive motions: | June 2, 2026 |
| Last day to hear dispositive motions: | July 10, 2026 |
| Pretrial conference: | October 9, 2026 |
| Trial: | October 19, 2026 |

**Issue 1:**

      On March 19, 2025 Goldberg's counsel emailed defense counsel that "[t]he email bates stamped 18 only includes the response from Jason Fuller [of the FBI] but does not include the message sent by Mr. Burtsev. Please provide the complete communication and any other communications between defendants and Mr. Fuller and/or his office." This is the email:



Defendants' counsel did not meet and confer on that issue before she withdrew. Goldberg's counsel emailed Defendants about the issue on May 12, who responded on May 19 that Defendants would "provide a full and appropriate response through our counsel once representation is finalized." Goldberg's counsel granted Defendants an extension of time to June 9 to respond to outstanding discovery requests and to address this issue. On June 22, Mr. Burtsev wrote in response to a follow-up email:

> Thank you very much for your recommendations. We have sent you the information in the form and volume that we deem necessary. Thank you very much for reminding us about the conversation with the FBI, but at the request of the FBI itself, the details of the conversation cannot be disclosed to you. You can request a report of the conversation with the FBI yourself, and if they decide to respond, you will receive the necessary information, which we highly doubt! We are not obliged to acknowledge or reject any information if it does not relate to our defamation case. Before reminding us and demanding court costs and fees from us, you still need to win the case. And we would like to remind you that exactly the same requirements and obligations may apply to your client. Thank you for your attention.

    <u>Plaintiff's position</u>: The Court should compel defendants to produce the full email exchange with Jason Fuller and other communications with him or his office.

    <u>Defendants' position</u>: [_____]

**Issue 2:**

    Defendants' March 3, 2025 document production did not include documents and correspondence used in connection with or relating to creating the videos and posts referenced in the complaint. Goldberg's first set of document requests sought those documents in request nos. 1-7 and 21-24, which Defendants responded to in February by agreeing to produce their responsive, non-privileged documents. *See* Exhibit A.

    <u>Plaintiff's position</u>: Defendants agreed to produce these matters in February. The Court should order them to produce responsive documents within two weeks or attest that none exist.

    <u>Defendants' position</u>: [_____]

        Respectfully submitted,

        */s/ James Slater*
        James Slater (admitted *pro hac vice*)
        Slater Legal PLLC
        2296 Henderson Mill Rd NE #116
        Atlanta, Georgia 30345
        Tel. (404) 458-7283
        james@slater.legal

**Copies to:**

Andrey Burtsev, via email

Ilya Kiselev, via email

Alla Vorobets, via email for forwarding purposes

**Exhibits:**

Exhibit A: [excerpt of RFPs with objections and responses for request nos. 1-7 and 21-24]