# Exhibit A

**LAW OFFICES OF ALLA V. VOROBETS**
Alla V. Vorobets, SBN 258586
*avorobets@vorobetslaw.com*
Celia R. Bernal, SBN 150063
*cbernal.vorobetslaw@gmail.com*
9270 Madison Avenue
Orangevale, CA 95662
Tel:  (916) 966-8529
Fax:  (916) 966-8527

Attorney for Defendants
TEACHBK, INC., ILYA KISELEV,
and ANDREI BURTSEV

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>        Plaintiff,<br><br>    vs.<br><br>TEACHBK, INC., ILYA KISELEV, and ANDREY BURTSEV<br><br>        Defendants. | **Case No.: 3:24-cv-4525**<br><br>**DEFENDANTS TEACHBK, INC., ILYA KISELEV, AND ANDREY BUTSEV'S RESPONSES TO PLAINTIFF MARIAM GOLDBERG'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:   PLAINTIFF MIRIAM GOLDBERG

RESPONDING PARTY:     DEFENDANTS TEACHBK, INC., ILYA KISELEV, and

ANDREY BURTSEV

SET NUMBER:              ONE

Defendants TeachBK, Inc., Ilya Kiselev, And Andrey Burtsev ("Defendants") herein

respond to Plaintiff Miriam Goldberg's Request for Production of Documents, Set One.

## PRELIMINARY STATEMENT

Defendants have not yet completed investigation of the facts relating to this case, has not

completed discovery and has not completed preparation for trial.  Accordingly, the following

responses are based upon present recollection, knowledge, information and belief, and are given

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

1

without prejudice to Defendants' right to produce subsequently discovered evidence and facts, and to add to, modify or otherwise change or amend the responses herein.

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

The responses herein are made on the basis of information and writings presently available to and located by Defendants upon reasonable investigation. Defendants reserve their rights to modify or enlarge their responses herein as a result of subsequently discovered information. Further, these responses are made without prejudice to the Defendants' use or reliance at trial on subsequently discovered information, or on information omitted from these responses as a result of good faith oversight, error, or mistake.

Each response is made without waiver of any objections as to competence, relevance, materiality, propriety and admissibility and to any and all other objections on any grounds which would require the exclusion from evidence of any statement herein if any request were asked of, or any statements contained herein were made, the witness present and testify in court, all of which objections and grounds are expressly reserved and may be interposed at trial.

No incidental or implied admissions are intended by the responses herein. The fact that Defendants have responded or objected to any request or part thereof shall not be deemed an admission that the Defendants accept or admit to the existence of any facts set forth or assumed by such request, or that such response or objection constitutes admissible evidence. The fact that Defendants have answered part or all of any request is not intended to and shall not be construed as a waiver by Defendants of any part of any objection to any request.

The following responses are subject to the objections set forth below:

1.    Defendants object to each and every individual request to the extent that it is interpreted to call for information protected by any privilege, including but not limited to the attorney-client privilege, the attorney work product doctrine, and/or similar privileges or immunities. To the extent this discovery may be construed as seeking privileged or protected information, Defendants hereby claims such privileges and invokes such protection. The facts that there may be no objection to an individual discovery request on the ground that it seeks such privileged information shall not be deemed a waiver of the protection of non-disclosure afforded by the applicable privilege or protection. Inadvertent production of privileged information by the

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

2

Defendant shall not constitute waiver of any applicable privilege or doctrine.

2.     Defendants object to each and every individual request to the extent that it is not reasonably calculated to lead to discovery of admissible evidence and seeks documents and information that is not relevant to the subject matter of this action.

3.     Defendants object to each and every individual request to the extent it seeks confidential information protected by constitutional, statutory, or common law, including, but not limited to, the right of privacy and associational privacy.

4.     Defendants generally object to each and every individual request to the extent that it requires the identification of documents or communications dated prior to January 2023 and after May 2024, on the grounds that such requests are overly broad, unduly burdensome, and not relevant or proportional to the needs of the case. Notwithstanding this objection, and without prejudice thereto, certain responses may identify documents or communications dated prior to January 2023 and after May 2024, to the extent that Defendants have knowledge of their existence.

5.     Defendants object to each and every individual request to the extent that it calls for information to which Plaintiff has equal or greater access than Defendants.

6.     Defendants object to these requests, and to every definition and instruction therein, to the extent that they purport to impose duties and obligations which exceed or are different than those imposed by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules, if any.

For the sake of economy, Defendants incorporate these objections into each of the foregoing responses.  Subject to and without waiving any objections, Defendants respond to Plaintiff's Request for Production of Documents, Set 1 as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the September Video (as defined in the Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v.

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

3

<u>Lando</u>, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 256 F.R.D. 151, 157 (E.D. Pa. 2009); <u>accord</u>, <u>Lopez v. Don Herring Ltd.</u>, 327 F.R.D. 567, 575 (N.D. Tex. 2018); <u>Mailhoit v. Home Depot USA, Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); <u>see also</u>, Fed. R. Evid. §501; <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (<u>See</u>, <u>Abbott v. United States</u>, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (<u>Brown v. Eli Lilly & Co.</u>, 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (<u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 618 (1984); <u>Thomas v. Collins</u>, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to the research, drafting, editing, publication, and distribution TeachBK website post located at the following hyperlink regarding the September Video: https://teachbk.com/2023/09/08/svyaz-mariny-sokolovskoj-iz-ssha-s-vlastyu- vrossii-komu-slivaet-dannye-immigraczionnyj-konsultant/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P.

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

5

26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: The link provided is incorrect and does not work, and therefore Responding Parties are unable to respond to this request as posed.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the May Video (as defined in the Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000). "'All-encompassing demands' that do not allow a reasonable person to ascertain which

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

6

documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows:  Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to the research, drafting, editing, publication, and distribution TeachBK website post located at the following hyperlink regarding the May Video: https://teachbk.com/2024/05/18/grazhdanki-ssha-rabotayut-s-moskvoj-kremlna-svyazi/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

7

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609,

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

8

618 (1984); <u>Thomas v. Collins</u>, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: The link provided is incorrect and does not work, and therefore Responding Parties are unable to respond to this request as posed.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the March Video (as defined in the Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir. 2000.  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 256 F.R.D. 151, 157 (E.D. Pa. 2009); <u>accord</u>, <u>Lopez v. Don Herring Ltd.</u>, 327 F.R.D. 567, 575 (N.D. Tex. 2018); <u>Mailhoit v. Home Depot USA, Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

9

calls for disclosure of Defendants' thought processes and strategy in this case. (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); <u>see also</u>, Fed. R. Evid. §501; <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning. (<u>See</u>, <u>Abbott v. United States</u>, 177 F.R.D. 92 (N.D.N.Y 1997).) Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit. (<u>Brown v. Eli Lilly & Co.</u>, 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.) This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy. (<u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 618 (1984); <u>Thomas v. Collins</u>, 323 U.S. 516, 530 (1945).) This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy. (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to the research, drafting, editing, publication, and distribution TeachBK website post regarding the March Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information. (Fed.R.Civ.P. 26(b)(1); <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative. (Fed.R.Civ.P. 26(b)(2).) Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues. (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir.

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

10

2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).) This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the Instagram post depicted in paragraph 48 of the Complaint (the "Instagram Post").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time.  The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 256 F.R.D. 151, 157 (E.D. Pa. 2009); <u>accord</u>, <u>Lopez v. Don Herring Ltd.</u>, 327 F.R.D. 567, 575 (N.D. Tex. 2018); <u>Mailhoit v. Home Depot USA, Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); <u>see also</u>, Fed. R. Evid. §501; <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (<u>See</u>, <u>Abbott v. United States</u>, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (<u>Brown v. Eli Lilly & Co.</u>, 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (<u>Roberts v. United States Jaycees</u>, 468 U.S. 609,

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

12

618 (1984); <u>Thomas v. Collins</u>, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications supporting your claims in the March Video summary on YouTube that the Federal Bureau of Investigation is investigating Goldberg or any "network" or "struktura" related to Goldberg.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time.  The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 256 F.R.D. 151, 157 (E.D. Pa. 2009); <u>accord</u>, <u>Lopez v. Don Herring Ltd.</u>, 327 F.R.D. 567, 575 (N.D. Tex. 2018); <u>Mailhoit v. Home Depot USA, Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

13

R. Civ. P. §34(b)(1)(A); <u>De Saracho v. Custom Food Mach., Inc.</u>, 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 256 F.R.D. 151, 157 (E.D. Pa. 2009); <u>accord</u>, <u>Lopez v. Don Herring Ltd.</u>, 327 F.R.D. 567, 575 (N.D. Tex. 2018); <u>Mailhoit v. Home Depot USA, Inc.</u>, 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); <u>see also</u>, Fed. R. Evid. §501; <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (<u>See</u>, <u>Abbott v. United States</u>, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (<u>Brown v. Eli Lilly & Co.</u>, 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (<u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 618 (1984); <u>Thomas v. Collins</u>, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

    Subject to and without waiving the foregoing objections, Responding Parties state as follows: There are no documents responsive to this request that are not privileged.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the YouTube video titled "Marina Sokolovskaya i ee isk protiv TeachBK" located at https://www.youtube.com/watch?v=aSEAZMaarCI.

//

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

29

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time.  The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the public designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case. (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit. (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).)  This request also

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

30

constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the YouTube video titled "Marinu Sokolovskuyu v sud. My pobedim. Vash TeachBK" located at https://www.youtube.com/watch?v=2zKartQS6lI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Further this request seeks documents that are public records that are readily available to the Propounding Party. (Bleecker v. Standard Fire Insurance Co., 130 F. Supp. 2d 726 (E.D.N.C. 2000); Baum v. Village of Chittenango, 218 F.R.D. 36 (N.D.N.Y. 2003).)  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

31

those persons associated or known solely to Plaintiff. Calls for speculation given that Defendants will be amending their Answer in this matter. Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case. (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning. (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).) Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit. (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.) This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy. (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).) This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy. (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Apart from publicly available pleadings on file in this case, there are no other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the YouTube video titled "Marina Sokolovskaya protiv TeachBK. Marina ne otritsayet" located at https://www.youtube.com/watch?v=e3xk_aOn_04.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information. (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative. (Fed.R.Civ.P. 26(b)(2).) Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

32

issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Further this request seeks documents that are public records that are readily available to the Propounding Party. (Bleecker v. Standard Fire Insurance Co., 130 F. Supp. 2d 726 (E.D.N.C. 2000); Baum v. Village of Chittenango, 218 F.R.D. 36 (N.D.N.Y. 2003).)  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

33

follows: Responding Parties will produce all responsive, non-privileged documents currently in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications relating to the research, drafting, editing, publication, and distribution of the YouTube video titled "Sokolovskuyu Marinu v sud / Pomosch' TeachBK / Otvetim na isk" located at https://www.youtube.com/watch?v=XNoIeVnA9ms&t.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir. 2000).  "'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." In re Asbestos Prods. Liab. Litig. (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009); accord, Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575 (N.D. Tex. 2018); Mailhoit v. Home Depot USA, Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).  Further this request seeks documents that are public records that are readily available to the Propounding Party. (Bleecker v. Standard Fire Insurance Co., 130 F. Supp. 2d 726 (E.D.N.C. 2000); Baum v. Village of Chittenango, 218 F.R.D. 36 (N.D.N.Y. 2003).)  Calls for speculation given that Defendants cannot know of all possible persons with knowledge of all facts relevant to any issue involved in this lawsuit, particularly those persons associated or known solely to Plaintiff.  Calls for speculation given that Defendants will be amending their Answer in this matter.  Seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine because it calls for

Defendants TeachBk, Inc., Ilya Kiselev, and Andrey Burtsev's Verified Responses to Plaintiff Mariam Goldberg's Request for Production of Documents, Set One

34

disclosure of Defendants' thought processes and strategy in this case.  (Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(3); see also, Fed. R. Evid. §501; Hickman v. Taylor, 329 U.S. 495, 507 (1947) (work product). Calls for Responding Party to state legal arguments, conclusions, or opinions, or to state legal reasoning.  (See, Abbott v. United States, 177 F.R.D. 92 (N.D.N.Y 1997).)  Defendants further object to this request for production to the extent that it seeks information protected by third party privacy rights, not subject to this suit.  (Brown v. Eli Lilly & Co., 131 F.R.D. 176 (DC Neb. 1990); Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)  This interrogatory is also objected to the extent it seeks information in violation of Defendants' constitutional right to associational privacy.  (Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984); Thomas v. Collins, 323 U.S. 516, 530 (1945).)  This request also constitutes an invasion of Responding Party's right to personal and/or financial privacy.  (Fed. R. Civ. P. 26(c); Fed. R. Evid. §501.)

Subject to and without waiving the foregoing objections, Responding Parties state as follows: Apart from publicly available pleadings on file in this case, there are no other documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning your belief, knowledge, or awareness of the falsity or truth of any statements, allegations, or representations in the March Video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  This request seeks information/documents not relevant or reasonably calculated to lead to the discovery of admissible information.  (Fed.R.Civ.P. 26(b)(1); Herbert v. Lando, 441 U.S. 153, 177 (1979).) This request is also premature, unreasonably cumulative or duplicative.  (Fed.R.Civ.P. 26(b)(2).)  Vague, ambiguous, and overly broad as to scope and time. The burden or expense of responding outweighs the request's likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues and the importance in resolving the issues.  (Fed. R. Civ. P. 26(b)(2).) This request fails to designate the documents and/or tangible things to be inspected either by specifically describing the individual item, or by reasonably particularizing each category of items, in violation of Fed. R. Civ. P. §34(b)(1)(A); De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 881 (9th Cir.