

July 30, 2025

Honorable Lisa J. Cisneros                                                                 *Via CM/ECF*
450 Golden Gate Avenue
San Francisco, California 94102

        **Re:** ***Goldberg v. TeachBK, Inc., et al.****, N.D. Cal. Case No. 3:24-cv-4525*

Dear Judge Cisneros:

      Pursuant to Section F(5) of Your Honor's standing order and following conferral via videoconference on July 10, 2025, plaintiff Miriam Goldberg submits this discovery letter. Goldberg complains that (1) Defendants have produced an incomplete version of an email conversation with the FBI, which they allege pertains to her and failed to produce any additional surrounding correspondence; and (2) Defendant Kiselev has not provided appropriate responses to plaintiff's first request for admissions, specifically Requests Nos. 1-7. Following conferral, the undersigned endeavored to obtain Defendants' approval to jointly submit this letter to the Court. Defendants explained they will only work towards finalizing this letter after the undersigned "explains [Goldberg's] behavior" and "actions" concerning a video she posted. Accordingly, Goldberg again provides a unilateral letter to the Court because Defendants refuse to finalize this letter. Defendants' positions outlined below are as provided during the videoconference.

      Per the standing order, the requested discovery dates and case management deadlines are:

| | |
|---|---|
| Fact discovery cut-off: | March 27, 2026 |
| Expert discovery cut-off: | June 12, 2026 |
| Last day to file dispositive motions: | June 2, 2026 |
| Last day to hear dispositive motions: | July 10, 2026 |
| Pretrial conference: | October 9, 2026 |
| Trial: | October 19, 2026 |

**Issue 1:**

      On March 19, 2025 Goldberg's counsel emailed defense counsel that "[t]he email bates stamped 18 only includes the response from Jason Fuller [of the FBI] but does not include the message sent by Mr. Burtsev. Please provide the complete communication and any other communications between defendants and Mr. Fuller and/or his office." This is the email:



Defendants' counsel did not meet and confer on that issue before she withdrew. Goldberg's counsel emailed Defendants about the issue on May 12, who responded on May 19 that Defendants would "provide a full and appropriate response through our counsel once representation is finalized." Goldberg's counsel granted Defendants an extension of time to June 9 to respond to outstanding discovery requests and to address this issue. On June 22, Mr. Burtsev wrote in response to a follow-up email:

> Thank you very much for your recommendations. We have sent you the information in the form and volume that we deem necessary. Thank you very much for reminding us about the conversation with the FBI, but at the request of the FBI itself, the details of the conversation cannot be disclosed to you. You can request a report of the conversation with the FBI yourself, and if they decide to respond, you will receive the necessary information, which we highly doubt! We are not obliged to acknowledge or reject any information if it does not relate to our defamation case. Before reminding us and demanding court costs and fees from us, you still need to win the case. And we would like to remind you that exactly the same requirements and obligations may apply to your client. Thank you for your attention.

Since then, the parties have met and conferred, and their positions are narrowed as follows:

<u>Plaintiff's position</u>: At least one of the statements at issue in the complaint accuses Goldberg of participating in a criminal scheme, which is being investigated by the FBI. Defendants have produced this screenshot in support of this claim, but it lacks any context. The Court should compel defendants to produce the full email exchange with Jason Fuller and other communications with him or his office.

<u>Defendants' position</u>: At the videoconference, Defendants have taken the position that they are not allowed to release any substance of any communications with the FBI without a court order.

**Issue 2:**

On March 13, 2025, Goldberg propounded a series of requests for admissions to Defendant Kiselev. Requests Nos. 1-7 seek confirmation that Defendant Kiselev authored Instagram posts identified in the complaint concerning Mr. Katkov, whom Defendants assert was a member of the Russian government at the time Goldberg is alleged to have contacted him. Contrary to Defendants' position in the lawsuit, those posts acknowledge that Mr. Katkov was no longer a government official prior to Defendants alleged defamatory publications. In response to those requests, Defendant Kiselev asserts that they "unrelated to the current case."

<u>Plaintiff's position</u>: These requests are relevant to Defendants' assertion that their statements were true or substantially true that Goldberg allegedly leaked information to the Russian government. The Court should order Defendant Kiselev to provide better responses.

<u>Defendant Kiselev's position</u>: At the videoconference, Defendant Kiselev took the position that these requests are not relevant to the case.

        Respectfully submitted,

        */s/ James Slater*
        James Slater (admitted *pro hac vice*)
        Slater Legal PLLC
        2296 Henderson Mill Rd NE #116
        Atlanta, Georgia 30345
        Tel. (404) 458-7283
        james@slater.legal

**Copies to:**

Alla Vorobets, via email for forwarding purposes

Ilya Kiselev, via email

Andrey Burstev, via email

**Exhibit A:**

Plaintiff's First Request for Admissions and Defendant Kiselev's Response to Plaintiff's First Request for Admissions