Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel.: (415) 275-0845

James M. Slater (admitted *pro hac vice*)
james@slater.legal
SLATER LEGAL PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel.: (404) 458-7283

*Attorneys for Plaintiff
Miriam Goldberg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>Plaintiff,<br><br>v.<br><br>TEACHBK, INC., ILYA KISELEV and ANDREI BURTSEV,<br><br>Defendants. | Case No.: 3:24-cv-04525-LJC<br><br>**DECLARATION OF JAMES M. SLATER IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT ILYA KISELEV** |

1

I, James M. Slater, declare as follows:

1. My name is James M. Slater. I am over the age of 18, and I have personal knowledge of the facts set forth in this declaration.

2. I am lead counsel for Plaintiff Miriam Goldberg in the above-referenced case. The purpose of this declaration is to provide factual support for the assertions in Plaintiff's Motion for Sanctions against Defendant Ilya Kiselev concerning his noncompliance with the Court's Discovery Order. [ECF No. 63].

3. That Discovery Order required Defendants Ilya Kiselev and Andrey Burtsev to provide complete communications with the Federal Bureau of Investigation by September 19, 2025. [*See id.*]. It also required Mr. Kiselev to provide better answers to Requests for Admissions Nos. 1-7 by the same date. [*See id.*].

4. Previously, on September 20, 2025, I provided a verified notice of Mr. Kiselev's noncompliance with the Discovery Order. [ECF No. 65]. I affirm that the statements I made in that notice are true and correct.

5. On December 8, 2025, the parties mediated this dispute, resulting in an impasse.

6. Immediately following mediation, I emailed Defendants and explained to Mr. Kiselev that he had failed to (1) confirm that he had provided a complete production with respect to any communications with the FBI (previously Mr. Burtsev provided additional communications in the thread that was already produced, by Mr. Kiselev had ignored requests for him to confirm that there were no other communications in his possession), and (2) provide better answers to Requests for Admissions Nos. 1-7, as required by the Discovery Order. I also invited him to meet and confer with me by telephone on that week.

7. Mr. Kiselev responded that same day, informing me that he had provided all written communications in his possession.

8. I immediately responded by email that he had still not provided the answers to the requests for admissions.

9. On the same date, Mr. Kiselev responded to that email with a list of hyperlinks, asking me to confirm whether my client made certain statements on a video.

10. In that email Mr. Kiselev did not respond to the matter of the requests for admissions.

11. On the same date, I responded to Mr. Kiselev's email and informed him that if we did not meet and confer that I would need to proceed with Court intervention.

12. Mr. Kiselev did not respond to that email.

13. On the following date, December 9, 2025, I emailed Mr. Kiselev asking whether we could meet and confer on the requests for admissions, explaining that otherwise Plaintiff would need to file a motion for sanctions.

14. Mr. Kiselev responded that same day asking if I planned to respond to his questions about whether my client made certain statements about him, his family, and their apparent departure from the United States to Serbia. He indicated that if I did not plan to respond to these questions, he would inform the Court that I was ignoring his questions.

15. I explained that same date that I was not required to respond to inquiries unrelated to the case.

16. Mr. Kiselev responded the same date explaining that he disagreed with my position that the video did not relate to the claims in this case, asking whether I would respond to them.

17. On December 17, 2025, I emailed Mr. Kiselev again, copying Alla Vorobets, inviting him once again to meet and confer, explaining that this was our last effort to schedule a meet and confer on the issue, and stating that if we could not meet and confer by the end of the week, that Plaintiff would file a motion for sanctions against him on Monday, December 22, 2025.

18.     As of the date of signature below, Mr. Kiselev has not provided any further responses by email or otherwise and has not provided supplemental responses to Requests for Admissions Nos. 1-7, as ordered by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 22, 2025 in Atlanta, Georgia.

_____
James M. Slater

DECLARATION OF JAMES M. SLATER IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT ILYA KISELEV