ETHAN JACOBS LAW CORPORATION
Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

SLATER LEGAL PLLC
James M. Slater (*admitted* pro hac vice)
james@slater.legal
2296 Henderson Mill Rd. NE #116
Atlanta, GA 30345
Telephone: (404) 458-7283

*Attorneys for Plaintiff
Miriam Goldberg*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Miriam Goldberg,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TeachBK, Inc., *et al*.,<br><br>　　　　Defendants. | Case No.: 3:24-cv-4525<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>Date: February 12, 2026<br>Time: 1:30 p.m.<br>Courtroom: Via Zoom<br>Judge: Hon. Lisa J. Cisneros |

Pursuant to Northern District Local Rule 16-9, the Court's Civil Standing Order, and the Court's Order Setting Case Management Schedule [ECF No. 46], Plaintiff Miriam Goldberg submits the following Case Management Statement.[1]

Briefly put, the case stands as follows: Following denial of Defendants' anti-SLAPP motion, defense counsel withdrew. Following withdrawal, Defendant TeachBK, Inc. failed to

---

[1] Pursuant to Section (D)(1) of the Court's Civil Standing Order, because Defendants are unrepresented, Plaintiff files this case management statement unilaterally.

obtain counsel, and Plaintiff intends to seek a default and default judgment against it contemporaneously with a motion for summary judgment against the individual defendants on liability. The individual defendants, now pro se, have failed to meet their discovery obligations, necessitating Court intervention and now a motion for monetary and/or terminating sanctions against Mr. Kiselev for his continued failure to comply with the Court's order. Plaintiff intends to obtain the individual defendants' depositions prior to the discovery cutoff in March, but anticipates that she may require additional Court intervention to compel the same, given the difficulties in obtaining cooperation from the individual defendants. While the individual defendants have not sought any discovery, Plaintiff believes that she will be able to complete her obligations under the scheduling order if the individual defendants cooperate, and if not, will advise the Court through letter or motion, as applicable under the Standing Order.

I.   **JURISDICTION AND SERVICE**

No issues exist regarding jurisdiction, venue, or service.

II.  **STATEMENT OF FACTS**

A.   **Plaintiff's Statement**

This case involves Defendants' continued false and defamatory attacks against Plaintiff, in which they accused her—an employee at a U.S. immigration law firm—of unlawfully acting as an agent of the Russian Federation, including by sending the personal information of potential clients of her employer law firm to the Russian government.

Defendants' campaign of lies began in or around January 2023, when they began posting attack videos about Plaintiff on their YouTube channel and posting negative comments through Telegram and other social media channels. Relevant to the claims in this lawsuit are various YouTube videos and associated materials published by Defendants.

As an example from the Complaint, Defendants posted a video on their YouTube channel titled *Connection between Marina Sokolovskaya from the US and the Russian government. Who does the immigration consultant leak information to?* The title of the video and its cover image—which says that Plaintiff has a "connection with the Kremlin, what does she leak and to whom"—falsely portrays Plaintiff as an agent of the Russian government who

leaks information from prospective clients to the Russian Federation government apparatus. Within the video, Defendants make various false and defamatory statements against Plaintiff, including, for example: "Is it normal for a Russian citizen, being in the United States and working for an American attorney at the Modern Law Group, to receive protection from the American government and then provide personal data to the Russian authorities about people who immigrate to the United States?" And: "It means there is some connection between [Plaintiff] and the current Russian authorities, where there is a channel through which information goes in both directions. It means that the phone is answered, listened to, and then hung up. It means the phone is not thrown away when [Plaintiff] calls from the U.S. to Russia. This is simple logic; no need to speculate. […] How she violates all personal data laws, international and others, leaking all the information to a hostile state of one country or another? Maybe she is a double agent." The other videos, statements, and imagery posted and published by Defendants contains the same or similar false statements accusing Plaintiff of being a Russian spy and providing her law firm's client information to the Russian government.

### III.   LEGAL ISSUES

Whether Defendants acted negligently and/or with reckless disregard for the truth.

Whether Defendants are entitled to any privileges.

Plaintiff's entitlement to damages.

### IV.   MOTIONS

Plaintiff's Motion for Sanctions against Defendant Ilya Kiselev remains pending resolution.

Plaintiff also anticipates filing an affirmative motion for summary judgment on liability against Defendants Ilya Kiselev and Andrey Burtsev. Further, given that Defendant TeachBK, Inc., did not obtain counsel, contemporaneously with such affirmative summary judgment motion against the individual defendants, Plaintiff will move for default and default judgment against TeachBK, Inc.

V.   **AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate amending the complaint to add additional parties or causes of action, but may seek possible amendment to assert continued defamatory conduct she alleges Defendants engaged in during the pendency of this action.

VI.  **EVIDENCE PRESERVATION**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and is aware of and are taking reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

VII. **DISCLOSURES**

The parties exchanged initial disclosures.

VIII. **DISCOVERY**

Plaintiff has served several rounds of written discovery to Defendants. Defendants have not served any discovery. Plaintiff plans to set the individual defendants' depositions in February or early March, before the discovery cutoff.

Plaintiff presently does not foresee the need for any modification or limitation of the standard discovery rules.

IX.  **CLASS ACTION**

Not applicable.

X.   **RELATED CASES**

There are no related cases in this district or before another court.

XI.  **RELIEF**

The relief sought by Plaintiff is fully set forth on page 20 of her Complaint. [ECF No. 1]. The bases on which damages for Defendants' tort may be calculated, depending on what information is revealed through discovery, include the following:

(1) defamation per se damages are presumed. "[N]o standard or method of calculation is prescribed by law" nor is evidence of actual harm required for defamation per se claims.

*Wallace v. Henderson*, 2010 WL 1290911, at *4 (S.D. Cal. Mar. 30, 2010) (quoting *Sommer v. Gabor*, 40 Cal.App.4th 1455, 1472-73, 48 Cal.Rptr.2d 235 (1995)).

(2) defamation per quod requires Plaintiff to show special damages. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 694 (9th Cir. 1998).

Plaintiff also seeks an injunction requiring Defendants to remove all of the defamatory materials and issue a retraction.

## XII. SETTLEMENT AND ADR

The parties participated in a mediation by a mediator on the Court's panel pursuant to ADR Local Rule 6. That mediation resulted in an impasse.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented to magistrate judge jurisdiction.

## XIV. OTHER REFERENCES

The case is not suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

None at this time.

## XVI. EXPEDITED TRIAL PROCEDURE

Plaintiff does not intend to proceed under the Expedited Trial Procedure.

## XVII. SCHEDULING

The Case Management Order includes the following remaining deadlines/dates:

- Fact Discovery Cutoff:                              March 27, 2026
- Opening Expert Reports:                            April 17, 2026
- Rebuttal Expert Reports:                            May 15, 2026
- Expert Discovery Cutoff:                            June 12, 2026
- Last Day to File Dispositive/*Daubert* Motions:     June 2, 2026
- Last Day to Hear Dispositive/*Daubert* Motions:     July 10, 2026
- Pretrial Conference:                                October 9, 2026
- Trial:                                              October 19, 2026

## XVIII. TRIAL

Plaintiff and Defendants have each demanded a trial. Plaintiff estimates that a trial will take no more than between 4-5 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed her Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15. The following are the persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

Plaintiff: none.

## XX. PROFESSIONAL CONDUCT

All counsel of record for Plaintiff has reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

None.

Dated:   January 28, 2026          Respectfully submitted,

SLATER LEGAL PLLC

By: */s/ James M. Slater*
     James M. Slater (admitted *pro hac vice*)

*Attorney for Plaintiff Miriam Goldberg*

**CERTIFICATE OF SERVICE**

I, James M. Slater, certify that on the date below, I served a true and correct copy of this Case Management Statement to Defendants Ilya Kiselev and Andrey Burtsev via email, copying Alla Vorobets for forwarding purposes.

Dated:   January 28, 2026                    SLATER LEGAL PLLC

By: */s/ James M. Slater*
James M. Slater (admitted *pro hac vice*)