UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG,<br><br>    Plaintiff,<br><br>v.<br><br>TEACHBK, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-04525-LJC<br><br>**ORDER GRANTING MOTION FOR SANCTIONS AGAINST DEFENDANT ILYA KISELEV**<br><br>Re: Dkt. No. 69 |

Before the Court is Plaintiff Miriam Goldberg's motion for discovery sanctions against Defendant Ilya Kiselev. ECF No. 69. Plaintiff contends that Defendant Kiselev failed to comply with the Court's prior discovery order requiring Defendants to produce all "communications between Defendant and the FBI regarding Plaintiff" and requiring Kiselev to "serve amended responses substantively responding to RFA Nos. 1 through 7." ECF No. 63 (the Prior Order) at 2-3. Plaintiff requests that the Court sanction Kiselev pursuant to Federal Rule of Civil Procedure 37(b) by deeming the seven RFAs admitted or rendering a default judgment against Kiselev. Plaintiff also requests that the Court award her attorney's fees. Having considered Plaintiff's arguments, the record in this case, and the relevant legal authority, Plaintiff's request for attorney's fees and request that the seven RFAs be deemed admitted are GRANTED. Plaintiff's request for terminating sanctions is DENIED.

**I.    BACKGROUND[1]**

Plaintiff sued Ilya Kiselev, Andrei Burtsev, and their now-defunct corporation TeachBK,

---

[1] The Court assumes the parties' familiarity with the factual background of the case and provides the following summary of the procedural history to contextualize the instant motion.

Inc., for defamation.  ECF No. 1.  Although initially represented by counsel, Defendants' counsel withdrew in May 2025.  The Court referred Kiselev and Burtsev to the Court's resources for pro se litigants, and ordered that filings be served on their prior counsel for forwarding purposes until Defendants obtained new counsel or filed a notice that they would appear pro se.  *See* ECF Nos. 54; 56.  Defendants have not yet obtained new counsel.

In July 2025, Plaintiff filed a unilateral discovery brief regarding Defendants' allegedly deficient responses to Plaintiff's Request for Production of Documents No. 8 and to Plaintiff's Requests for Admissions Nos. 1-7 served on Kiselev.  ECF No. 59.  RFP No. 8 asked for all documents supporting Defendants' claims that the FBI was investigating Plaintiff.  *See* ECF No. 55-1.  In response, Defendants produced a brief email from FBI agent Jason Fuller responding to Burtsev, but did not produce Defendants' initial communication with the FBI or Burtsev's response to Fuller's email.  *See* ECF No. 59 at 1.  Plaintiff demanded that Defendants produce the "complete communication and any other communications between defendants and Mr. Fuller and/or his office." *Id.* at 1-2.  Plaintiff's RFA Nos. 1-7 ask Kiselev to confirm that he authored a series of Instagram posts in 2022.  ECF No. 59-1 at 2-3.  Kiselev responded that the posts at issue were "unrelated to the current case" and did not admit or deny the RFAs.  *Id.* at 10.  Plaintiff demanded that Kiselev be ordered to "provide better responses" to these RFAs.  *Id.* at 10, ECF No. 59 at 2.

As Plaintiff had filed the discovery brief unilaterally, the Court provided Defendants with an opportunity to respond.  *See* ECF No. 61.  Defendants did not file a response, and the Court proceeded to grant Plaintiff's requests.  ECF No. 63.  In relevant part, the Court determined that the RFP and RFAs at issue sought relevant information, ordered Defendants to "produce the full email exchange between Mr. Burtsev and FBI Agent Jason Fuller as well as all other communications between Defendants and the FBI regarding Plaintiff," and ordered Kiselev to "serve amended responses substantively responding" to the RFA Nos. 1 through 7.  ECF No. 63 at 2-3.  Defendants were ordered to provide amended responses no later than September 19, 2025.  A copy of this Prior Order was served via email to Kiselev, Burtsev, and their former counsel.  *See* ECF No. 64.  On September 20, 2025, Plaintiff filed a notice informing the Court that Burtsev had

1    provided three additional files containing "the complete substance of the email conversation with
2    Special Agent Fuller," but that Kiselev had not provided amended responses to either the RFP or
3    RFAs. ECF No. 65 at 2.
4        The parties attended mediation on December 8, 2025. The case did not settle. *See* ECF
5    No. 71. Plaintiff's counsel then emailed Mr. Kiselev and Mr. Burtsev requesting that Mr. Kiselev
6    provide amended responses to the RFP and RFAs, as ordered at ECF No. 63. *See* ECF No. 69-1
7    (Slater Decl.) ¶ 6. Mr. Kiselev responded that "he had provided all written communication in his
8    possession" regarding the communications with the FBI but did not provide amended responses to
9    the RFAs. *Id.* ¶¶ 7, 10. On December 9, 2025, Plaintiff's counsel emailed Mr. Kiselev, asking to
10   "meet confer on the requests for admissions, explaining that otherwise Plaintiff would need to file
11   a motion for sanctions." *Id.* ¶ 13. Mr. Kiselev apparently responded, asking if Plaintiff had made
12   statements "about him, his family, and their apparent departure from the United States to Serbia,"
13   but did address Mr. Slater's request to meet and confer. *Id.* ¶¶ 14-15. Mr. Slater emailed Plaintiff
14   on December 17, 2025, again asking Mr. Kiselev to meet and confer and warning him that
15   Plaintiff file for sanctions if Plaintiff did not comply with the Prior Order. *Id.* ¶ 17. Per Mr.
16   Slater, Mr. Kiselev did not respond to this email.
17       Plaintiff filed the instant motion on December 22, 2025. Mr. Kiselev did not file an
18   opposition by his January 5, 2026 deadline. The Court then ordered Mr. Kiselev to show cause
19   and provided him a further opportunity to oppose the sanctions motion by January 22, 2026. ECF
20   No. 73. A copy of the Order to Show Cause was served on Mr. Kiselev via email. *See* ECF No.
21   74. Mr. Kiselev did not file an opposition or any response to the Order to Show Cause by January
22   22, 2026. Instead, he apparently emailed Plaintiff's counsel a statement, addressed to "Your
23   Honor," explaining that he opposed Plaintiff's motion for sanctions and his failure to timely file an
24   opposition was due to his "misunderstanding of the procedural requirements, language barriers,
25   and [his] location outside the United States." *See* ECF Nos. 75-1 ¶ 4; 75-4. Plaintiff's counsel
26   filed a copy of Mr. Kiselev's purported statement to the Court on the docket. To date, Mr. Kiselev
27   has not filed an opposition to the sanctions motion or a response to the Order to Show Cause, and
28   there is no indication that he has served amended RFA responses.

3

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that the court may sanction a party that "fails to obey an order to provide or permit discovery."  Sanctions "may include the following:"

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.*  "The imposition and selection of particular sanctions are matters left to the sound discretion of the trial court."  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983).  However, there are two general limits on the court's discretion to order non-monetary sanctions under Rule 37(b)(2)(A).  "First, any sanction must be just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

"Instead of or in addition to the orders above," courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey the discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "The party to be sanctioned under Rule 37(b) carries the burden of demonstrating the existence of mitigating factors."  *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 111 (S.D. Cal. 2024) (citing *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981)).

Thus, under Rule 37(b), courts "*must* order the disobedient party" to pay reasonable expenses caused by the failure to obey a discovery order, unless the disobedient party demonstrates that their noncompliance was substantially justified or the imposition of fees would otherwise be unjust.  Courts may also impose non-monetary sanctions that are "just" and related to the discovery order that the disobedient party did not follow.  Fed. R. Civ. P. 37(b)(2)(C)

(emphasis added); *Ins. Corp. of Ireland*, 456 U.S. at 707.

## III. ANALYSIS

Plaintiff requests an award of attorney's fees incurred in litigating this discovery dispute, requests that RFA Nos. 1 through 7 be deemed admitted, and requests that default judgment be rendered against Mr. Kiselev. These requests are addressed in turn.

### A. Request for Attorney's Fees

Rule 37(b)(2)(C) mandates that courts impose reasonable attorney's fees caused by a disobedient party's failure to comply with a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Determining whether Plaintiff is entitled to attorney's fees is a two-step process: (1) Did Mr. Kiselev fail to comply with a discovery order? (2) If yes, was his failure substantially justified or do other circumstances exist that would make an award unjust?

Plaintiff argues that Mr. Kiselev failed to comply with the Prior Order by not producing the full email exchange with FBI Agent Jason Fuller and not providing amended answers substantively responding to RFA Nos. 1 to 7 by the September 19, 2025 deadline. *See* ECF Nos. 69 at 7-8; 63. The Court disagrees that Mr. Kiselev's failure to produce the full email exchange by September 19, 2025 constitutes a failure to comply with a discovery order. Mr. Kiselev's co-defendant, Mr. Burtsev, provided the documents at issue by the deadline, and Mr. Kiselev subsequently informed Plaintiff that he did not have any further documents. Given Mr. Kiselev's pro se status, the Court concludes that this was adequate compliance with its order regarding the FBI correspondence.

However, the Court agrees with Plaintiff that Mr. Kiselev's failure to provide amended RFA responses qualifies as a failure "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The Prior Order unambiguously ordered Mr. Kiselev—rather than Defendants as a whole—to "serve amended responses substantively responding to RFAs Nos. 1 through 7." ECF No. 63 at 3. Mr. Kiselev did not do so by the September 19, 2025 deadline, and, despite repeated requests from Plaintiff, still has not provided amended responses. The Court next considers whether Mr. Kiselev's failure to provide amended RFA responses in compliance with the Prior

5

Order was substantially justified or if other circumstances exist that make an award unjust. It is Mr. Kiselev's burden to show these mitigating factors. *See Liew*, 640 F.2d at 1050. Mr. Kiselev has not set forth any arguments showing that his failure was substantially justified or that other circumstances exist that would make awarding attorney's fees unjust. Mr. Kiselev's purported statement in response to the Court's Order to Show Cause, which he apparently emailed to Plaintiff's counsel and candcrd@cand.uscourts.gov, was not filed and is not properly before the Court. *See* ECF No. 75-1 ¶ 4. But even considering Mr. Kiselev's emailed statement, Mr. Kiselev only explained why he did not timely oppose the sanctions motion and provides no explanation why he has not provided amended RFA responses. *See* ECF No. 75-4. The record before the Court reflects that Mr. Kiselev was served with a copy of the Prior Order, engaged in email communications with Plaintiff's counsel regarding his amended responses, and refused to provide amended RFA responses. *See* ECF No. 69-1 ¶¶ 6-10. There is no indication that his refusal to provide amended responses was substantially justified or that other circumstances warrant the imposition of a reasonable award unjust. Plaintiff's request for attorney's fees is accordingly granted.

Plaintiff shall file a supplemental statement, declaration, and necessary billing records in support of her request for attorney's fees no later than February 20, 2026.

### B. Request for Non-Monetary Sanctions

In addition to attorney's fees, Plaintiff requests that the Court sanction Mr. Kiselev by deeming the RFAs admitted and rendering a default judgment against Kiselev.

Trial courts have broad discretion in shaping non-monetary sanctions, other than terminating sanctions, as long as they are just and related to the discovery order that was disobeyed. *See Falstaff Brewing*, 702 F.2d at 784. Rule 37(b)(2)(A) authorizes courts to sanction parties for noncompliance with a discovery order in a variety of manners, including by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and courts regularly deem matters admitted as a sanction for noncompliance with a court order regarding RFAs under Rule 37(b)(2)(A). *See, e.g., Zhou v. Chai*, No. 21-cv-06067 2023 WL 3409460, at *5 (N.D. Cal. May

11, 2023), *recommendation adopted,* 2023 WL 4991859 (N.D. Cal. June 14, 2023); *Pompeian, Inc. v. Mill at Kings River, LLC*, No. 24-cv-00766, 2025 WL 3004742, at *16 (E.D. Cal. Oct. 27, 2025). Here, deeming RFA Nos. 1 through 7 admitted is both fair and related to the discovery order that Mr. Kiselev failed to follow. *See Ins. Corp. of Ireland*, 456 U.S. at 707. Although Mr. Kiselev is proceeding pro se, "this is not a case in which a pro se litigant attempted to comply with his discovery obligations but failed due to a misunderstanding of the law." *Durant v. Lowe's Companies, Inc.*, No. 24-cv-01215, 2025 WL 2428469, at *3 (C.D. Cal. Apr. 25, 2025) (deeming RFAs admitted to sanction pro se plaintiffs for discovery misconduct). Rather, the Court ordered Mr. Kiselev to provide substantive responses to the RFAs at issue, Mr. Kiselev received the Court's order and subsequently corresponded with Plaintiff's counsel regarding his amended responses but apparently refused to provide amended responses to the RFAs. As Mr. Kiselev has failed to provide responses as ordered, deeming the matters at issue is an appropriate remedy for his misconduct. Moreover, this is not a situation where deeming the RFAs will effectively decide the case. *Cf. Colutions, LLC v. Ventura Seed Co.*, LLC, No. 22-cv-00818, 2024 WL 4738214, at *8 n.7 (C.D. Cal. July 23, 2024) (declining to deem matters admitted where doing so would conclusively prove "all of the necessary elements" of plaintiff's claim and amount to an effective "terminating sanction"). Deeming the RFAs admitted will, at most, establish that Kiselev made two Instagram posts in 2022. *See* ECF No. 59-1 at 2-3. While this may support Plaintiff's claim that certain statements by Defendants were knowingly false, this does not definitely prove Plaintiff's defamation claim and does not impose a de facto terminating sanction.

Plaintiff's request for terminating sanctions is denied. Although courts generally have discretion in fashioning non-monetary sanctions, "[w]here the sanction results in default, the sanctioned party's violations must be due to the 'willfulness, bad faith, or fault' of the party." *Jorgensen*, 320 F.3d at 912 (quoting *Hyde & Drath*, 24 F.3d 1162, 1167). If a violation is due to "willfulness, bad faith, or fault," courts may only impose terminating sanctions after considering the "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen.*

*Life Ins.*, 482 F.3d at 1096.  "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."  *Id.*  "These factors are 'not serious conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  *White v. Gonzales*, No. 21-cv-04221, 2024 WL 1659896, at *3 (N.D. Cal. Apr. 16, 2024) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 159 F.3d 1051, 1057 (9th Cir. 1998)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990).

Here, Mr. Kiselev's failure to provide amended RFA responses has not necessitated any changes to the scheduling order or overly burdened the Court's docket.  The first two factors accordingly do not weigh in favor of issuing terminating sanctions.  *Cf. White*, 2024 WL 1659896, at *5.  As to the third, because Mr. Kiselev's conduct has not delayed the case and the Court has ordered the RFAs deemed admitted, the prejudice to Plaintiff is minimal.  As to the fourth, public policy strongly "favors disposition of cases on their merits," which weighs against terminating sanctions.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  Lastly, less drastic sanctions are available.  The Court has deemed the RFAs admitted and granted Plaintiff's request for attorney's fees.  Jumping straight to terminating sanctions when such intermediate steps are available is improper.  *See U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988) (endorsing courts imposing a "natural progression" of sanctions).  The fifth factor thus weighs heavily against terminating sanctions.  As the first three factors are neutral to marginally in favor of issuing terminating sanctions, and the last two are strongly against issuing terminating sanctions, imposing terminating sanctions against Mr. Kiselev is not warranted.  Plaintiff's request for terminating sanctions is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for an award of reasonable attorney's fees is granted.  Plaintiff's request that RFAs Nos. 1 through 7 to Mr. Kiselev be deemed admitted is granted.  Plaintiff's request for terminating sanctions against Mr. Kiselev is denied.  Plaintiff shall

8

file supplemental materials in support of her request for attorney's fees no later than February 20, 2026.

The Court again encourages Mr. Kiselev to use the Northern District's resources for pro se litigants, available online at: https://cand.uscourts.gov/representing-yourself.  Instructions on how to register to file documents electronically are available online at: https://cand.uscourts.gov/cases-e-filing/cmecf-information/setting-your-cmecf-account.

The Court admonishes Mr. Kiselev, underscoring that, though he is proceeding pro se, he is still required to comply with the applicable rules and all Court orders.  Failure to comply with future orders may warrant additional sanctions, including terminating sanctions.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge