Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel.: (415) 275-0845

James M. Slater (admitted *pro hac vice*)
james@slater.legal
SLATER LEGAL PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel.: (404) 458-7283

*Attorneys for Plaintiff
Miriam Goldberg*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG,<br>a/k/a Marina Sokolovskaya,<br><br>    Plaintiff,<br><br>v.<br><br>TEACHBK, INC., ILYA KISELEV and ANDREI BURTSEV,<br><br>    Defendants. | Case No.: 3:24-cv-04525<br><br>**PLAINTIFF MIRIAM GOLDBERG'S SUPPLEMENTAL STATEMENT ON ATTORNEY'S FEES** |

Plaintiff Miriam Goldberg, through her undersigned counsel, and pursuant to the Court's Order Granting Motion for Sanctions Against Defendant Ilya Kiselev ("Sanctions Order") [ECF No. 80], files this supplemental statement on attorney's fees, which appends the undersigned's supporting declaration and necessary billing records.

### I.     Efforts to Confer with Defendant Ilya Kiselev on Resolving Fees

Following issuance of the Court's Sanctions Order, on January 29, 2026, the undersigned forwarded a copy of the same to Mr. Kiselev. [ECF No. 81]. In that email, the undersigned (1) informed Mr. Kiselev that the Court had granted Plaintiff's request for sanctions and awarded monetary sanctions in an amount to be determined, and (2) invited him to negotiate a resolution of counsel's fees. *See* Declaration of James Slater ("Slater Decl.") ¶¶ 12–15 & Exhibit B, which is filed herewith.

The following day, on January 30, Mr. Kiselev responded (in Russian), "James, I already wrote to you in my last letter about the direction you should take! Don't forget to include this in your new video along with Madame Sokolovskaya))) And yes, I don't owe you anything." *See id.* ¶ 13. The undersigned understood Mr. Kiselev's "the direction you should take" comment to refer to his earlier invitation that the undersigned "go to hell" (which is commonly understood more graphically in Russian, as set forth in the undersigned's declaration in connection with Mr. Kiselev's effort to serve a response to the Court's order to show cause, *see* ECF No. 75-1). *See id.* ¶ 14.

Accordingly, Plaintiff has not been able to resolve the matter of amount of fees to be awarded without Court intervention.

### II.     Statement of Services Rendered and Summary of Time Spent

The fees sought by Plaintiff here pertain to her motion for sanctions against Mr. Kiselev under Rule 37, as well as "fees on fees" for work performed in obtaining the award.[1]

---

[1] While Plaintiff's counsel expended considerable time and effort prior to filing the motion for sanctions, Plaintiff recognizes that courts have not found such time compensable under Rule 37. *Pythagoras Intellectual Holdings, LLC v. Stegall*, 2009 WL 10674788, at *2 (C.D. Cal. Feb. 25, 2009); *Berryhill v. Johnson*, 2012 WL 13020328, at *2 *(C.D. Cal. July 19, 2012) ("[U]nder the Court's construction of Rule 37(a)(5)(A), the time expended by plaintiff's counsel in connection with his meet and confer efforts is not compensable. Rather, only the time expended ... in actually preparing the moving papers here is compensable[.]").

Reasonable fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Such calculation applies in the Rule 37 context. *Bird v. Wells Fargo Bank*, 2017 WL 4123715, at *1 (E.D. Cal. Sep. 18, 2017) ("[D]istrict courts have applied lodestar when sanctions are appropriate under Rule 37."). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

Here, under the "loadstar" method, Plaintiff seeks $4,772.50 in fees, which are broken down as follows below. *See* Slater Decl. ¶¶ 10–11 & Exhibit A.

| Task | Hours | Timekeeper | Rate | Total |
|---|---|---|---|---|
| Prepare motion for sanctions (incl. research, declaration preparation) | 6.5 | James Slater | $395 (2025 discounted) | $2,567.50 |
| Prepare supplemental statement (incl. research, declaration preparation, time review) | 4.9 | James Slater | $450 (2026 discounted) | $2,205.00 |

**A. The number of hours is reasonable.**

First, using the lodestar method, the Court must determine a reasonable number of hours for which the prevailing party should be compensated. *See, e.g., Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Courts look to "reasonable[ness]" to mean an amount that "could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted).

Here, 6.5 hours for research and drafting the motion for sanctions, as well as preparing the supporting declaration outlining the course of the parties' communications and procedural background, is reasonable, and in fact, was billed to Plaintiff, a private client, for such work. An additional 4.9 hours to research, draft, and provide supplemental materials, like the declaration, for this statement is also reasonable. Further, as to these additional post-motion fees, federal courts in

California have concluded that "fees on fees" in this context are compensable. *Nguyen v. Regents of Univ. of Cal.*, 2018 WL 6112616, at *6 (C.D. Cal. May 18, 2018) (quoting *Bark v. Northrop*, 300 F.R.D. 486, 495 (D. Or. 2014) ("A party entitled to attorney fees may also recover additional amounts, or 'fees on fees,' necessarily incurred in obtaining an award.")). Accordingly, the Court should find that 11.4 hours spent in connection with the motion for sanctions and this supplemental statement is reasonable under *Hensley*.

**B. The rate is reasonable.**

Next, the Court should find that Plaintiff's counsel's discounted 2025 and 2026 rates for this matter—$395 and $450, respectively—are reasonable based on the "prevailing market rates in the relevant community." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Indeed, courts in this District have found much higher rates to be reasonable. *See Polee v. Cent. Contra Costa Transit Auth.*, 516 F. Supp. 3d 993, 998 (N.D. Cal. 2021) ($850/hour was "within the prevailing market rates for the San Francisco Bay Area" in 2020); *James v. AT&T W. Disability Benefits Program*, No. 12-CV-06318-WHO, 2014 WL 7272983, at *4 (N.D. Cal. Dec. 22, 2014) ($650/hour reasonable market rate in 2014 in San Francisco).

The Court can also look to rates that Plaintiff's counsel has also been awarded in other cases to evaluate the reasonableness of this request. *See* Slater Decl. ¶ 9 ($550/hour reasonable in rural Florida county in public records litigation; $350/hour reasonable in First Amendment litigation in San Francisco Superior Court in 2022). And, coupled with that, the Court can consider Plaintiff's counsel's experience in litigating media, defamation, and First Amendment cases throughout the country. *Id.* ¶¶ 4–6.

Accordingly, the Court should find that for the San Francisco market, Plaintiff's counsel's rates are reasonable.

## CONCLUSION

For all these reasons, the Court should award Plaintiff attorney's fees against Defendant Ilya Kiselev in the amount of $4,772.50.

Dated: February 2, 2026

>Respectfully submitted,
>
>*/s/ James M. Slater*
>James M. Slater (admitted *pro hac vice*)
>SLATER LEGAL PLLC
>2296 Henderson Mill Rd. N.E. #116
>Atlanta, Georgia 30345
>Tel.: (404) 458-7283
>james@slater.legal
>
>Ethan Jacobs (SBN 291838)
>ETHAN JACOBS LAW CORPORATION
>100 Pine Street, Suite 1250
>San Francisco, California 94111
>Tel.: (415) 275-0845
>ethan@ejacobslaw.com
>
>*Attorneys for Plaintiff Miriam Goldberg*

## CERTIFICATE OF SERVICE

I, James M. Slater, certify that on the date below, I served a true and correct copy of this document to Defendants Ilya Kiselev and Andrey Burtsev via email, copying Alla Vorobets for forwarding purposes.

Dated:   February 2, 2026          SLATER LEGAL PLLC

>By:   */s/ James M. Slater*
>       James M. Slater (admitted *pro hac vice*)