Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel.: (415) 275-0845

James M. Slater (admitted *pro hac vice*)
james@slater.legal
SLATER LEGAL PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel.: (404) 458-7283

*Attorneys for Plaintiff*
*Miriam Goldberg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG, a/k/a Marina Sokolovskaya,<br><br>Plaintiff,<br><br>v.<br><br>TEACHBK, INC., ILYA KISELEV and ANDREI BURTSEV,<br><br>Defendants. | Case No.: 3:24-cv-04525-LJC<br><br>**DECLARATION OF JAMES M. SLATER IN SUPPORT OF ATTORNEY'S FEES** |

I, James M. Slater, declare as follows:

1. I am a partner at Slater Legal PLLC, lead counsel for Plaintiff Miriam Goldberg. I submit this declaration in support of Ms. Goldberg's supplemental statement regarding fees following the Court's entry of the Order Granting Sanctions Against Defendant Ilya Kiselev [ECF No. 80]. I have personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2. I have been a member of the Florida Bar in good standing since 2014. I am also admitted to practice in Georgia and the District of Columbia, and have elected "inactive" status with the bars of Colorado and Washington. I am also admitted to practice in the United States District Courts for the Southern, Middle, and Northern Districts of Florida, the Southern, Middle, and Northern Districts of Georgia, the District of Colorado, the District of the District of Columbia, the Western District of Washington, and the Eastern and Southern Districts of Texas, as well as the United States Court of Appeals for the Second, Fifth, Eleventh, Federal, and D.C. Circuits. I have also been admitted *pro hac vice* in the United States District Courts for the Southern District of New York, District of Vermont, Eastern District of Tennessee, Northern District of Illinois, Eastern District of California, and relevant to this case, the Northern District of California.

3. In 2007, I earned a Bachelor's degree in Russian from the University of Florida, and in 2009 I graduated from the University of North Carolina at Chapel Hill with a Master's degree in Slavic Languages and Literatures. I also completed the National Security Education Program's Russian Overseas Flagship in 2010 in Saint-Petersburg, Russia. Prior to attending law school, I worked throughout Russia as an interpreter and translator and helped administer a U.S. State Department program in Kazan, Russia. In 2014, I graduated *cum laude* with a law degree from the University of Miami School of Law.

4. In July 2021, I launched Slater Legal PLLC, where I handle First Amendment, defamation, civil rights, and intellectual property matters. At Slater Legal PLLC, I have advised clients on First Amendment matters and defended individuals in defamation cases, successfully resolving a cases involving anonymous posts on Glassdoor.com and Facebook posts accused of defamation, obtaining a dismissal in a defamation and tortious interference case brought against a medical provider, successfully resolving a defamation case in federal court involving a YouTuber's videos, and defeating a libel-plaintiff's efforts to unmask an anonymous client's identity in a proceeding in San Francisco Superior Court in connection with a defamation lawsuit brought in Miami, Florida. I also advise on and respond to cease and desist letters involving First Amendment activities, including a recent high-profile engagement where I represented a college student against Taylor Swift over a jet tracking application. *See* Drew Harwell, *Taylor Swift threatens legal action against student who tracks her jet*, WASH. POST (Feb. 6, 2024), https://www.washingtonpost.com/technology/2024/02/06/taylor-swift-jet-tracking-legal-threat/.

5. I also represent activists involving defamation and First Amendment cases. For example, I recently represented a marine mammal activist in the Southern District of Florida in a case involving his criticism of the Miami Seaquarium. After moving to dismiss the Seaquarium's defamation counts in the complaint, the Seaquarium has abandoned those claims. *MS Leisure Company v. Philip Demers*, Case No. 1:23-cv-22834 (S.D. Fla.). I am currently representing Palestinian-American graduate students who have been wrongly accused of material support for a foreign terrorist organization based on their protected First Amendment activities. *See Shnaider v. American Muslims for Palestine*, No. 8:24-cv-01067 (M.D. Fla.).

6. Prior to launching my firm in 2021, I practiced at Shullman Fugate PLLC—a boutique media law firm in Florida—where I litigated intellectual property, First Amendment, and defamation cases. At Shullman, I was counsel for an online

3

investment forum in a pure bill of discovery dispute brought in Florida involving a California businessman's attempt to unmask an anonymous poster who purportedly defamed him. I successfully argued for dismissal of that pure bill of discovery lawsuit. I was also counsel for media and non-media defendants in several other defamation lawsuits in Florida. Some of the high-profile cases I worked on include: *Miller v. Gizmodo Media Grp.*, 994 F.3d 1328 (11th Cir. 2021), *Dershowitz v. Netflix, Inc.*, No. 1:21-cv-21961 (S.D. Fla.), and *Black v Cable News Network, Inc.* (Fla. 17th Jud. Cir. Ct.).

7. Previously, I served as a judicial law clerk to the Honorable Chris M. McAliley of the Southern District of Florida, directed an advocacy program at Legal Services of Greater Miami, and litigated content, intellectual property, and business law matters at other boutique firms.

8. My discounted billing rate in this matter was $395 an hour in 2025 and is currently $450 per hour. My current billing rate ranges from $450 to $550 an hour, depending on the case and client's circumstances. Based on a review of the caselaw as cited in the accompanying statement, and my skills and experience, including my Russian fluency given the nature of the underlying subject matter of the dispute, this rate is lower than typical hourly rates for partners working on First Amendment and defamation matters, including in the prevailing market of San Francisco.

9. I have also been awarded similar rates in other matters. In 2022, I was awarded fees in connection with quashing a subpoena to unmask an anonymous Reddit user in the amount of $350/hour. My local counsel, Ethan Jacobs, was awarded $450/hour in that matter. *See In re Subpoena Issued to Reddit Inc.*, No. CPF-22-517749 (San Francisco Sup. Ct.). Recently, following a bench trial in a public records lawsuit in Palatka, Florida, a rural county, I was awarded a rate of $550/hour representing Human Rights Defense Center, the publisher of *Prison Legal News*. *See Centurion of Florida v. Human Rights Defense Center*, No. 22-CA-357 (Fla. 7th Jud. Cir. Ct.).

10. Relevant to the motion for sanctions, I spent 6.5 hours researching and preparing the motion for sanctions and supporting declaration. I spent additional time following the Court's Sanctions Order in preparing the supplemental statement on fees and this declaration, in the amount of 4.9 hours.

11. Attached hereto as **Exhibit A** is a true and correct copy of a statement of the amount of fees, and the corresponding attorney time, incurred in preparing the motion for sanctions and the fee statement. This billing statement is based upon contemporaneous billing records for this action, and it accurately reflects those records.

12. On January 29, 2026, I emailed Mr. Kiselev a copy of the Sanctions Order and informed him that we could negotiate the amount of fees, if he was interested in that. I wrote to him in Russian as follows:

> См. приложенное постановление о применении санкций против Ильи. Илья будет обязан оплатить услуги. Илья, если вы хотите оплатить судебные издержки путем мирового соглашения, пожалуйста, сообщите. В противном случае мы представим наши документы в суд для решения о сумме денег.

To assist the Court, I inserted this text into Google Translate, which provides the following translation:

> See the attached order regarding the sanctions against Ilya. Ilya will be required to pay for the services. Ilya, if you wish to settle the court costs through a settlement agreement, please let us know. Otherwise, we will submit our documents to the court for a decision on the amount of money owed.

13. On January 30, 2026, Mr. Kiselev responded to me as follows:

> Джеймс,я еще в прошлом письме вам написал в  каком направлении вам двигаться! Не забудьте это включить в свой новый ролик вместе с мадам Соколовской))) И да,я ничего не обязан))

To assist the Court, I inserted this text into Google Translate, which provides the following translation:

> James, I already wrote to you in my last letter about the direction you should take! Don't forget to include this in your new video along with Madame Sokolovskaya))) And yes, I don't owe you anything.

14.     I understood Mr. Kiselev's comment to refer to the one he made after I informed him that he would need to mail his response to the Order to Show Cause to the clerk, which is a more vulgar way to say "go to hell." [*See* ECF No. 75-1 ¶¶ 8–9].

15.     Attached as **Exhibit B** hereto is a true and correct copy of my correspondence with Mr. Kiselev regarding my efforts to settle the amount of fees.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 2, 2026 in Atlanta, Georgia.

_____
James M. Slater