UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG,<br><br>Plaintiff,<br><br>v.<br><br>TEACHBK, INC., et al.,<br><br>Defendants. | Case No. 24-cv-04525-LJC<br><br>**ORDER AWARDING ATTORNEY'S FEES**<br><br>Re: Dkt. Nos. 69, 82 |

The Court previously granted Plaintiff Miriam Goldberg's motion for sanctions against Defendant Ilya Kiselev for violating a discovery order and granted Plaintiff's request for reasonable attorney's fees spent on the motion for sanctions. ECF No. 80. The Court directed Plaintiff to "file supplemental materials in support of her request for attorney's fees." *Id.* at 9. Plaintiff has now done so, requesting an award of $4,772.50. *See* ECF Nos. 82, 82-1, 82-2. Defendant Kiselev has not filed an opposition to Plaintiff's supplemental materials or request for $4,772.50. For the following reasons, Plaintiff's request for an award of $4,772.50 is GRANTED.

Federal Rule of Civil Procedure 37(b)(2) authorizes courts to sanction a party for failing to comply with a discovery order. Unless the disobedient party's misbehavior was "substantially justified or other circumstances make an award of expenses unjust," a court must order the disobedient party to pay "reasonable expenses, including attorney's fees, caused by the failure" to obey the discovery order. Fed. R. Civ. P. 37(b)(2)(C). To determine a reasonable amount of attorney's fees, courts typically employ the "lodestar" method by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Courts employ the lodestar method when calculating attorneys' fees awarded pursuant to Rule 37. *See Finley v. Hartford Life & Acc. Ins. Co.*, 249 F.R.D. 329, 332–

33 (N.D. Cal. 2008). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 936, 941 (9th Cir. 2011)). The lodestar figure is "presumptively reasonable." *Id.* (quoting *Cunningham v. Cty. of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988)).

The Court already determined that Plaintiff is entitled to an award of reasonable attorney's fees for bringing her sanctions motion. *See* ECF No. 80 at 9. Now it must determine if Plaintiff's request for $4,772.50 is reasonable. The Court first addresses the reasonableness of the time spent on this matter and then addresses the reasonableness of counsel's rates.

To assess if counsel spent a reasonable number of hours on a case, courts consider "whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive." *In re Telescopes Antitrust Litigation*, No. 20-cv-03642, 2023 WL 4983178, at *2 (N.D. Cal. Aug. 2, 2023). Plaintiff's counsel, James Slater, attests that he spent 6.5 hours researching and preparing the motion for sanctions, and an additional 4.9 hours researching and preparing his supplemental materials. ECF No. 82-1 (Slater Decl.) ¶ 10. As an exhibit to his declaration, Mr. Slater filed a billing statement with a detailed record of time spent on the matter. *See* ECF No. 82-2 (listing, among other things, 2.1 hours spent on research for the sanctions motion, .6 hours researching whether he could recover "fees on fees," and .8 hours preparing the declaration in support of the fee request). Mr. Slater's hours are adequately documented and none of the time spent appears to be unnecessary, duplicative, or excessive. The Court notes that, as Plaintiff argues, he may properly recover "fees on fees"—that is, he may recover for the time spent preparing his supplemental materials supporting the request for fees, not just the original sanctions motion. *See* ECF No. 82 at 3-4; *Nguyen v. Regents of Univ. of Cal.*, No. 17-cv-00423, 2018 WL 6112616, at *5 (C.D. Cal. May 18, 2018) ("A party entitled to attorney fees may also recover additional amounts, or fees on fees, necessarily incurred in obtaining an award.") (internal quotations omitted). The Court accordingly finds that the 11.4 hours Mr. Slater spent on the sanctions motion and supplemental materials is reasonable.

2

1    To calculate a "reasonable hourly rate," courts consider the "experience, skill, and
2    reputation of the attorney requesting fees" and the "prevailing market rate in the relevant legal
3    community," typically the forum district. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210
4    (9th Cir. 1986). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing
5    fees in the community, and rate determinations in other cases, particularly those setting a rate for
6    the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United
7    Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990). Mr. Slater attests
8    that he billed at $395 per hour in 2025 and $450 per hour in 2026. Slater Decl. ¶ 8. Regarding his
9    experience, he attests that he has been barred in Florida since 2014, when he graduated from law
10   school, and is also admitted to practice in Georgia and the District of Columbia. *Id.* ¶¶ 2-3. He
11   launched his own firm, focusing on First Amendment, civil rights, and intellectual property
12   matters, in 2021, and previously clerked in the Southern District of Florida and practiced at
13   boutique law firms focused on media law and intellectual property. *Id.* ¶¶ 4-7. Mr. Slater is fluent
14   in Russian and previously worked in Russia "as an interpreter and translator." *Id.* ¶ 3. He attests
15   that given his "skills and experience, including [his] Russian fluency given the underlying subject
16   matter of the dispute," billings rates of $395 and $450 are appropriate and "lower that typical
17   hourly rates for partners working on First Amendment and defamation matters, including in the
18   prevailing market of San Francisco." *Id.* ¶ 8. Mr. Slater attests that his local counsel, Ethan
19   Jacobs (barred in 2013), was awarded $450 per hour in 2022 in a case in San Francisco Superior
20   Court regarding online speech and that Mr. Slater was recently awarded $550 per hour in Florida
21   state court. *Id.* ¶ 9.

22   The Court agrees that, given Mr. Slater's experience and the prevailing market rate in the
23   relevant legal community, his rates of $395 and $450 are reasonable. In the Northern District,
24   attorneys with roughly ten years of experience litigating civil cases are routinely awarded over Mr.
25   Slater's requested rates. *See, e.g., Johnson v. City of San Jose*, No. 21-cv-01849-, 2025 WL
26   2374004, at *22 (N.D. Cal. Aug. 15, 2025) (in First and Fourth Amendment case, finding rate of
27   $800 per hour for partner with over eight years of experience reasonable); *Hum. Rts. Def. Ctr. v.
28   Cnty. of Napa*, No. 20-cv-01296, 2021 WL 1176640, at *12 (N.D. Cal. Mar. 28, 2021) (in civil

3

rights case, finding rate of $625 per hour for senior counsel with approximately eleven years of experience reasonable). Accounting for Mr. Slater's years of experience, his rates appear to be in line with rates charged by attorneys handling defamation and First Amendment matters in this and neighboring districts. *See Wynn v. Chanos*, No. 14-cv-04329, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015), *aff'd,* 685 F. App'x 578 (9th Cir. 2017) (approving rate of $750 per hour for attorney with "over thirty-five years of experience" on "First Amendment and media cases"); *Peterson v. Sutter Med. Found.*, No. 21-cv-04908, 2023 WL 5181634, at *7 (N.D. Cal. Aug. 10, 2023), *aff'd,* No. 23-2911, 2025 WL 1823959 (9th Cir. July 2, 2025) (setting hourly rate at $650 for senior counsel with fifteen years of experience who worked on attorneys' fees motion in First Amendment and retaliation case); *Mullan v. Daniels*, No. 19-cv-04058, 2021 WL 4932726, at *3 (N.D. Cal. Apr. 7, 2021) (finding hourly rate of $350 for attorneys with approximately nine years of experience "reasonable" in defamation case); *Monteleone v. Goldberg,* No. CV 25-5557, 2025 WL 3773035, at *4 (C.D. Cal. Dec. 16, 2025), *recommendation adopted,* 2025 WL 3765145 (C.D. Cal. Dec. 23, 2025) (finding hourly rate of $450 reasonable for attorney licensed in Georgia with thirteen years of practice in defamation and anti-SLAPP case); *Gallagher v. Philipps*, No. 20cv00993, 2022 WL 848329, at *3 (S.D. Cal. Mar. 22, 2022) (in privacy and defamation case, finding $500 per hour for lead counsel with fourteen years of experience reasonable).

The Court accordingly concludes that Mr. Slater's requested rates are reasonable and the time he spent on this matter is reasonable, and GRANTS his request for an award of $4,772.50[1] in attorney's fees.

**IT IS SO ORDERED.**

Dated: March 16, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[1] Mr. Slater billed for 6.5 hours at $395 per hour in 2025 and 4.9 hours at $450 per hour in 2026. *See* ECF No. 82-2.  6.5 x $395 = $2,567.50.  4.9 x $450 = $2,205.  $2,567.5 + $2,205 = $4,772.50.