Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
Tel.: (415) 275-0845

James M. Slater (admitted *pro hac vice*)
james@slater.legal
SLATER LEGAL PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, Georgia 30345
Tel.: (404) 458-7283

*Attorneys for Plaintiff*
*Miriam Goldberg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM GOLDBERG,<br>a/k/a Marina Sokolovskaya,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEACHBK, INC., ILYA KISELEV and<br>ANDREI BURTSEV,<br><br>　　　　Defendants. | Case No.: 3:24-cv-04525<br><br>**NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declarations of James Slater and Miriam Goldberg and Proposed Order]<br><br>Date: May 5, 2026<br>Time: 10:30 a.m.<br>Place: Courtroom G, 15th Floor |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2026 at 10:30 a.m., or as soon thereafter as the matter may be heard in Courtroom G, 15th Floor, Ethan Jacobs and James Slater, counsel of record for Plaintiff Miriam Goldberg will, and hereby do, move for an order permitting them to withdraw as counsel of record for Plaintiff.

The grounds for this motion are that good cause exists to justify withdrawal because:

1. Plaintiff has discharged Messrs. Slater and Jacobs, making withdrawal necessary;

2. There is no risk of delay in prosecution; as an individual, Plaintiff may retain new counsel or represent herself pro se;

3. Fact discovery has been completed, and the trial is not scheduled to commence until October 2026;

4. Plaintiff communicated in writing that she does not oppose the request to withdraw; and

5. Plaintiff declined Messrs. Slater and Jacobs' offer to delay moving to withdraw until she had retained replacement counsel and directed them to file the motion to withdraw without delay.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of James Slater, and any oral or documentary evidence which may be presented at a hearing.

Dated:    March 31, 2026                     SLATER LEGAL PLLC

By:_____*/s/ James M. Slater*_____
James M. Slater (admitted *pro hac vice*)

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should permit Ethan Jacobs of Ethan Jacobs Law Corporation and James Slater of Slater Legal PLLC to withdraw as counsel of record for plaintiff Miriam Goldberg after she discharged them.

### II.    PROCEDURAL HISTORY

This lawsuit commenced on July 26, 2024. Dkt. No. 1. Defendants moved to strike the complaint under California's anti-SLAPP statute, which was denied. Dkt Nos. 28 & 41. Plaintiff engaged in discovery and obtained discovery sanctions against one of the defendants. Dkt Nos. 55, 59 & 80. Discovery is now closed. Dkt. No. 46. Trial is scheduled for October 2026. Dkt. No. 46. There are no hearings currently scheduled in this matter.

On March 30, 2026, Plaintiff discharged Messrs. Slater and Jacobs. Slater Decl. ¶ 3. In order to protect client confidences and maintain attorney-client privilege, this Motion does not disclose any additional details, but Plaintiff's counsel will provide more information in camera at the Court's direction. *Id.*

Messrs. Slater and Jacobs offered to continue to represent Plaintiff while she sought to retain new counsel, but she declined and directed them to prepare a motion to withdraw without delay, as she plans to proceed *pro se. Id.* ¶ 4.

### III.    LEGAL STANDARD

Attorney withdrawals are governed by the Local Rule 11-5, the California Rules of Professional Conduct, and case law. The Local Rule explains that (1) withdrawal is

3

only permitted "by leave of court," and (2) counsel must make a written motion and give "written notice ... reasonably in advance, to the client and all other parties who have appeared in the case." N.D. Cal. L.R. 11-5(a). The California Rules of Professional Conduct also require that attorneys seeking to withdraw from representation "take[ ] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including giving the client adequate time to retain alternative counsel. Cal. Rules of Prof'l Conduct ("RPC") r. 1.16(d). RPC rule 1.16(a)(4) provides that counsel must withdraw where "the client discharges the lawyer." "[B]ecause a client's right to discharge his attorney 'with or without cause, is absolute,' [a client] cannot be forced to proceed through the case with counsel [they] want[] to replace." *Russell v. Maman*, 2020 WL 13534011, at *2 (N.D. Cal. Mar. 16, 2020) (quoting *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972)).

Courts often weigh four factors in determining whether to grant or deny a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

An "attorney must 'preserve client confidences even when seeking to be relieved as counsel.' Tuft, Mark L., *et al.*, Cal. Prac. Guide Prof. Resp., Ch. 10-B (Dec. 2019); *see also* Cal. State Bar Form. Opn. 2015-192 (decided under former rule, providing that an attorney may disclose to court only as much as reasonably necessary to demonstrate need to withdraw)." *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd*, 2021 WL

4

927359, at *3 (S.D. Cal. Mar. 11, 2021).

## IV.    PLAINTIFF'S DISCHARGE OF COUNSEL PRESENTS GOOD CAUSE TO PERMIT WITHDRAWAL

Plaintiff's counsel has met the procedural requirements to withdraw. They have sought leave of court by this written motion, gave reasonable advance notice to the parties, and took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights by offering to provide her with time to retain replacement counsel.

And there is good cause for Messrs. Slater and Jacobs to withdraw. Plaintiff has discharged them. Slater Decl. ¶ 3; RPC r. 1.16(a)(4). Plaintiff does not oppose Messrs. Slater and Jacobs' motion to withdraw. Slater Decl. ¶ 4. If the Court finds Mr. Slater's declaration insufficient for purposes of Messrs. Slater and Jacobs being relieved as counsel, Messrs. Slater and Jacobs respectfully request permission to provide additional information during an in camera hearing. *See, e.g., Delux Pub. Charter, LLC v. Cnty. of Orange, California*, WL 6499930, at *2 (C.D. Cal. Nov. 11, 2021) (court ordered counsel seeking to withdraw to submit in camera evidence of circumstances relating to its withdrawal).

Finally, the *Nedbank* factors support granting the motion to withdraw. First, the motion presents a compelling reasons to withdraw: Messrs. Slater and Jacobs cannot represent Plaintiff after being discharged.

Second, Defendants will face little prejudice if Plaintiff's counsel withdraws, as discovery is now closed.

Plaintiff should not face substantial prejudice from changing counsel, either: fact discovery is closed and trial is not for seven months. This leaves plenty of time for

5

Motion to Withdraw

Plaintiff to prepare for trial and for the case to proceed as scheduled. Plaintiff also does not object to the request to withdraw and declined the offer to remain as counsel while she retained replacement counsel, as Plaintiff intends to proceed *pro se*. Slater Decl. ¶ 4.

Finally, withdrawal will not harm the administration of justice, nor will it unreasonably delay the resolution of this case.

## V.    CONCLUSION

For the reasons above, the Court should grant the motion and allow the undersigned to withdraw as counsel for Plaintiff, effective immediately.

Dated: March 31, 2026

> Respectfully submitted,
>
> */s/ James M. Slater*
> James M. Slater (admitted *pro hac vice*)
> SLATER LEGAL PLLC
> 2296 Henderson Mill Rd. N.E. #116
> Atlanta, Georgia 30345
> Tel.: (404) 458-7283
> james@slater.legal
>
> Ethan Jacobs (SBN 291838)
> ETHAN JACOBS LAW CORPORATION
> 100 Pine Street, Suite 1250
> San Francisco, California 94111
> Tel.: (415) 275-0845
> ethan@ejacobslaw.com
>
> *Attorneys for Plaintiff Miriam Goldberg*

Motion to Withdraw

## **CERTIFICATE OF SERVICE**

I, James M. Slater, certify that on the date below, I served a true and correct copy of this document to Defendants Ilya Kiselev and Andrey Burtsev via email, copying Alla Vorobets for forwarding purposes.

Dated:    March 31, 2026                    SLATER LEGAL PLLC

By:_____ */s/ James M. Slater*_____
James M. Slater (admitted *pro hac vice*)

Motion to Withdraw