UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIRIAM GOLDBERG,

Plaintiff,

v.

TEACHBK, INC., et al.,

Defendants.

Case No. 24-cv-04525-LJC

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Re: Dkt. No. 86

Plaintiff Miriam Goldberg's attorneys, Ethan Jacobs and James Slater, filed a motion requesting that they be permitted to withdraw from representation. ECF No. 86. In a supporting declaration, Plaintiff attests that she discharged Messrs. Slater and Jacobs as her attorneys on March 30, 2026, and plans to proceed pro se through trial. ECF No. 86-2 ¶¶ 2-3. Mr. Slater likewise attests that Plaintiff discharged him and Mr. Jacobs as counsel on March 30, 2026. ECF No. 86-1 ¶ 3. He attests that he and Mr. Jacobs "offered to continue to represent Plaintiff while she seeks to retain new counsel, but she declined" as she intended to proceed pro se. *Id.* ¶ 4. Plaintiff's counsel informed Defendants that they intended to withdraw. *Id.* ¶ 5. No opposition to the motion to withdraw has been filed. As this matter may be resolved without oral argument, the hearing set for May 5, 2026 is vacated. *See* Civil L.R. 7-1(b). For the following reasons, the motion to withdraw is GRANTED.

Civil Local Rule 11-5(a) establishes that counsel "may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." The California Standards of Professional Conduct apply to requests to withdraw as counsel of record. *See* Civil L.R. 11-4; *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). California Rule of Professional Conduct

United States District Court
Northern District of California

1.16(a) provides that counsel "shall withdraw from the representation if," as relevant here, "the client discharges the lawyer." Counsel "shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. Prof. Conduct Rule 1.16(d). Once representation has been terminated for any reason, "the lawyer shall release to the client" all client materials and property and "promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred." Cal. Prof. Conduct Rule 1.16(e).

The applicable requirements for withdrawal are met here. As Plaintiff has discharged Messrs. Slater and Jacobs, they are obligated to withdraw as counsel. *See* Cal. Prof. Conduct Rule 1.16(a). Based on Mr. Slater's attestation that he and Mr. Jacobs offered to delay moving to withdraw until Plaintiff could new counsel, Plaintiff's refusal of that offer and her attestation that she plans to proceed pro se, and given the case schedule (fact discovery is complete and trial does not begin until October 2026), the Court is satisfied that counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff. *See* ECF No. 86-1 ¶¶ 4-6. Counsel provided Plaintiff and Defendants notice of their intent to withdraw. *See id.* ¶ 5. Messrs. Slater and Jacobs' request to withdraw as counsel is accordingly granted.

Counsel shall promptly release all client materials and property to Plaintiff and shall refund any part of a fee or expense Plaintiff paid them that counsel has not earned or incurred.

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

2