UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIRIAM GOLDBERG,

Plaintiff,

v.

TEACHBK, INC., et al.,

Defendants.

Case No. 24-cv-04525-LJC

**ORDER GRANTING MOTION TO STRIKE ANSWER AND DIRECT ENTRY OF DEFAULT, MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS, MOTION FOR ORDER TO SHOW CAUSE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT;**

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 92, 93, 95, 98

Before the Court are four motions filed by Plaintiff Miriam Goldberg, now proceeding pro se: a motion to strike the answer of Defendant TeachBK and for entry of default against TeachBK (ECF No. 92); a motion for extension of time to file dispositive motions (ECF No. 93); a motion requesting the Court issue an Order to Show Cause for civil contempt and further sanctions as to Defendant Ilya Kiselev (ECF No. 95); and a motion for leave to file a supplemental complaint (ECF No. 98). Defendants have not opposed the motions. The Court assumes the parties' familiarity with the case history and relevant legal standards, has determined that these matters are suitable for resolution without oral argument,[1] *see* Civ. L.R. 7-1(b), and rules as follows:

Plaintiff's request that the Court direct the Clerk to enter the default of Defendant TeachBK is GRANTED. ECF No. 92. "A corporation must be represented by counsel." *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016); *see* Civ. L.R. 3-9(b) ("A

---

[1] The Court held a status conference on July 20, 2026, to discuss the impact of Plaintiff's motions on the case schedule. *See* ECF No. 99. Defendants did not appear at the status conference.

corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). "When a corporation fails to retain legal representation, entry of default is 'a permissible sanction for failure to comply with local rules requiring representation by counsel.'" *Eagles Nest Outfitters, Inc. v. Taomore, Inc.*, No. 23-cv-00466, 2024 WL 3008866, at *2 (C.D. Cal. Apr. 2, 2024) (quoting *Emp. Painters' Tr. V. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)). Moreover, when a party fails to defend itself, entry of default is proper under Rule 55(a) and the court's inherent power. *See* Fed. R. Civ. P. 55(a) (requiring clerk to enter default when a party has failed to "otherwise defend" itself); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987).

TeachBK is a dissolved corporation. *See* ECF No. 49 (First Am. Answer) ¶ 6. The Court repeatedly warned TeachBK that it cannot proceed pro se and must retain counsel. *See* ECF Nos. 54 at 3, 56 at 1. To date, TeachBK has not retained counsel. The Clerk of Court is accordingly directed to enter default against TeachBK as it has disobeyed the Court's orders and local rules, and, by failing to obtain counsel, failed to defend itself in this action.[2] *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-974 (9th Cir. 2004); *see Zhang v. A-Z Realty & Inv. Corp.*, No. EDCV 19-887, 2022 WL 17366387, at *3 (C.D. Cal. Nov. 18, 2022) (entry of default appropriate under Rule 55(a) where defendant failed to defend himself). Once default has been entered against TeachBK, Plaintiff may move for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Plaintiff's motion for an Order to Show Cause as to Defendant Ilya Kiselev is GRANTED. Plaintiff asks the Court to direct Mr. Kiselev to show cause why he should not be held in civil contempt for refusing to comply with the Court's prior Order at ECF No. 84, which directed him to pay $4,772.50 in attorney's fees. ECF No. 95. Plaintiff requests that the Court impose daily fines as coercive sanctions or, in the alternative, impose further sanctions under Rule 37(b)(2), up to striking Mr. Kiselev's answer and entering default against him. *Id.* at 6. "Civil contempt

---

[2] As TeachBK was represented at the time it filed its First Amended Answer, *see* ECF No. 49, the First Amended Answer will not be stricken.

2

United States District Court
Northern District of California

. . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *accord Epic Games, Inc. v Apple Inc.*, 161 F.4th 1162, 1176 (9th Cir. 2025). Courts have discretion to determine the proper civil contempt sanction. *United States v. Bright*, 596, F.3d 683, 696 (9th Cir. 2010). Based on Plaintiff's explanation that Mr. Kiselev has failed to pay attorney's fees, as required, the Court is persuaded that it may be appropriate to hold Mr. Kiselev in civil contempt.

Mr. Kiselev is accordingly ORDERED TO SHOW CAUSE why the Court should not hold him in civil contempt for failure to comply with the Court's Order at ECF No. 84. Civil contempt sanctions may include the imposition of a daily fine until Mr. Kiselev has paid the attorney's fees in compliance with the Order and, if the Court determines that more severe sanctions are warranted, may include entry of default against Mr. Kiselev. By August 10, 2026, Mr. Kiselev shall either pay attorney's fees as ordered at ECF No. 84 or file a response explaining why the court should not hold him in civil contempt. Failure to take either action by the deadline may result in the Court holding Mr. Kiselev in civil contempt and entering default against Mr. Kiselev for failure to defend himself and comply with the Court's orders.

Plaintiff's motion for an extension of time to file dispositive motions is GRANTED. ECF No. 93. Rule 16(b)(3) requires courts to enter scheduling orders limiting, among other things, the time to "amend the pleadings" and file motions. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Plaintiff argues that there is good cause to continue the June 2, 2026 dispositive motion deadline because she is proceeding pro se, and, after her counsel withdrew, she had to learn how to "navigate federal litigation pro se, . . . reviewing the procedural history of this case and identifying additional motions appropriate to her claims."  ECF No. 93 at 1; ECF No. 93-1 (Goldberg Decl.) ¶¶ 3-4.  The Court is satisfied that withdrawal of Plaintiff's counsel and Plaintiff's corresponding need to orient herself as a pro se litigant is good cause for modifying the case schedule.  *See* Fed. R. Civ. P. 16(b)(4).  As Defendants did not oppose Plaintiff's motion, any arguments they could have made regarding prejudice are waived.  The deadline for filing dispositive motions is hereby continued to October 20, 2026, with hearings set for November 24, 2026.

Lastly, Plaintiff's motion for leave to file a supplemental complaint is GRANTED.  ECF No. 98.  Plaintiff explains that since she filed her Complaint, Defendants "have continued the same pattern of defamatory conduct that gave rise to the lawsuits" and posted additional videos on "YouTube and other platforms" defaming Plaintiff.  *Id.* at 1.  Plaintiff filed her proposed supplemental complaint (ECF No. 98 at 5), which includes descriptions of allegedly defamatory videos and statements Defendants made in March, May, and July 2025.

Federal Rule of Civil Procedure 15(d) provides that courts may:

> [O]n just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Unlike amended pleadings, supplemental complaints do not replace or supersede the original complaint.  *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience. Its use is therefore favored."  *Id.* (internal citation omitted).  Courts must apply Rule 15(d) liberally "absent a showing of prejudice to the defendant."  *Id.* at 475.  When evaluating motions for leave to supplement, courts consider the following factors: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the

United States District Court
Northern District of California

United States District Court
Northern District of California

amendment." *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The second through fifth factors weigh in favor of granting Plaintiff's request to supplement. There is no indication that Plaintiff is acting in bad faith, she has not previously supplemented or amended her complaint, Defendants have not opposed and thus waived any argument as to prejudice, and Plaintiff's proposed supplementation would not be futile. While it is not clear why Plaintiff waited approximately one year from when Defendants made their additional defamatory statements to move to supplement her complaint, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend" or supplement. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Plaintiff's delay does not warrant denying her motion, and her motion to supplement is accordingly GRANTED. Plaintiff shall file her supplemental complaint by July 31, 2026. Defendants Kiselev and Burtsev shall respond to the supplemental complaint by August 21, 2026.

Accordingly, the Court sets the following deadlines:

- Defendant Kiselev's deadline to either file a response to the Order to Show Cause or pay attorney's fees is August 10, 2026.
- Plaintiff's deadline to file her supplemental complaint is July 31, 2026.
- Defendant Kiselev and Burtsev's deadline to respond to the supplemental complaint is August 21, 2026.
- The deadline to file dispositive motions is continued to October 20, 2026, with hearings set for November 24, 2026.

//
//
//
//
//
//
//

5

As discussed at the status conference held on July 20, 2026, given these scheduling changes, the trial date is continued to March 15, 2027. The pretrial conference shall be held on March 5, 2027.

**IT IS SO ORDERED.**

Dated: July 21, 2026

_____

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

6