UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
10/06/2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

MIRIAM GOLDBERG, a/k/a MARINA SOKOLOVSKAYA,
Plaintiff,
vs.
TEACHBK, INC., et al.,
Defendants.

Case No. 3:24-cv-04525-LJC

EMERGENCY MOTION FOR LEAVE TO FILE ELECTRONICALLY AS A REASONABLE DISABILITY ACCOMMODATION

I, Olga Vasilchenko, respectfully move this Honorable Court for an Order granting me leave to register for electronic filing (CM/ECF) in the above-captioned matter to submit my proposed Amicus Curiae filings and formal grievance statements.

In support of this Motion, I state as follows:

1. I am an unrepresented individual seeking to participate as amicus curiae to alert the Court to ongoing fraudulent representations, cyber-defamation, and professional misconduct by Plaintiff.
2. I suffer from a severe physical disability: I am completely bedridden and suffer from advanced Dupuytren's contracture, which severely limits the mobility and function of my hands.
3. Due to my medical condition, I am physically unable to print, package, and mail paper copies of my filings to the Clerk's Office, nor can I physically travel to the courthouse.
4. While Federal Courts are not governed directly by Title II of the ADA, the Judicial Conference of the United States and federal policy dictate that courts must provide reasonable modifications to ensure meaningful access to court proceedings for individuals with disabilities.
5. Under these circumstances, denying access to electronic filing creates an insurmountable barrier that deprives me of meaningful access to the Court.
6. I previously requested this accommodation from the Clerk's Office, but was informed that the clerk lacks the authority to modify Local Rule 5-1 regarding e-filing permissions.

Therefore, only an Order from the presiding Judge can resolve this issue.

WHEREFORE, I respectfully request that the Court grant this Motion and order the Clerk's Office to permit me to register for electronic filing (CM/ECF) for the purpose of submitting my amicus curiae filings.

Respectfully submitted,
/s/ Olga Vasilchenko
2907 Sunset Point Ln, Carrollton, TX 75007
903-650-4918 | ludatx1@gmail.com

================================================================

PROPOSED AMICUS CURIAE BRIEF OF OLGA VASILCHENKO IN OPPOSITION TO PLAINTIFF'S CREDIBILITY

TO THE HONORABLE LISA J. CISNEROS:

Applicant Olga Vasilchenko respectfully submits this Amicus Curiae Statement to alert the Court to severe fraudulent misrepresentations, weaponized cyber-defamation campaigns, and pending disciplinary matters orchestrated by Plaintiff Miriam Goldberg (Marina Sokolovskaya) that directly dismantle her credibility ahead of the October 13, 2026 Sanctions hearing.

1. Applicant has extensive documentary evidence demonstrating that Plaintiff Goldberg operates with a severe lack of candor and engages in deceptive public practices that directly contradict her standing as an aggrieved party before this Court.

2. Applicant has formally filed three comprehensive disciplinary grievances with the State Bar of Texas against Plaintiff Goldberg and her affiliated entities (including Modern Law Group) for the Unauthorized Practice of Law (UPL) and professional misconduct. Notably, the State Bar of Texas, through Royce LeMoine, has formally reviewed, approved, and accepted all three of these grievances. The State Bar has also granted Applicant's official ADA accommodation request, establishing a dedicated electronic intake communication channel via email to receive the full evidentiary packets.

3. Pursuant to 28 U.S.C. § 1746, Applicant declares under penalty of perjury under the laws of the United States of America that all facts, allegations, and statements contained within the three aforementioned Texas Bar grievances including twi addendums are true, accurate, and correct.

4. As documented in the accepted Texas Bar files, Plaintiff Goldberg utilizes internet platforms to launch aggressive extrajudicial campaigns before any factual determination is made by a court. Specifically, Plaintiff Goldberg has published unproven and defamatory statements across multiple online platforms accusing Defendants TeachBK of criminal fraud and fleeing to Serbia to avoid arrest and deportation. Simultaneously, Plaintiff has engaged in a malicious campaign of defamation per se online against the Applicant, falsely publishing that Applicant was "convicted multiple times for theft" and "begs on the streets." In reality, Applicant has zero criminal convictions; ancient arrests from thirty years ago concluded with zero convictions or dismissals.

5. This weaponization of false and unproven criminal histories highlights Plaintiff's bad-faith conduct outside the courtroom. Furthermore, Plaintiff Goldberg orchestrated a highly misleading internet crowdfunding campaign on GoFundMe. To shield her involvement and evade platform security policies, the campaign was formally set up by Plaintiff's associate, Victoria Seid, acting under Plaintiff's direction. The campaign intentionally concealed that the true beneficiary behind the pseudonymous listing "Anya Y." is Hanna Zaborei, a convicted felon sentenced in the Superior Court of California, County of Contra Costa (Case Nos. 01-25-01872 and 01-25-01737) under California Penal Code § 273a(a) for felony Child Endangerment, resulting from operating a motor vehicle under extreme intoxication with a child inside.

6. When questioned by community donors regarding the true destination of the funds, Plaintiff Goldberg made fraudulent representations, claiming the funds were meant for an anonymous "good person" and a private attorney to resolve a Child Protective Services (CPS) matter, utilizing the false pretense of child welfare to intercept public donations.

7. Because this Court is evaluating Plaintiff's claims, motions, and demands for sanctions on October 13, 2026, evidence of Plaintiff's active public deception, systemic defamation, and active UPL investigations provides critical and necessary context regarding her veracity and character.

8. Should this Honorable Court grant the accompanying Motion for Leave to File Electronically, Applicant is prepared to immediately and electronically submit the complete, itemized evidentiary files, certified translations, screenshots of the deceptive fundraising campaign. The copies of the formal Texas Bar filings are attached to this brief as exhibits A,B,C for the Court's review.

CONCLUSION

For the reasons stated above, Applicant respectfully requests that the Court consider these facts regarding Plaintiff's bad faith, public fraud, and active Texas Bar investigations when ruling on matters in the upcoming October 13, 2026 hearing.

Dated: October 1, 2026
Respectfully submitted,
/s/ Olga Vasilchenko
ludatx1@gmail.com