FILED
OCT 30 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **MIRIAM GOLDBERG, a/k/a MARINA SOKOLOVSKAYA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TEACHBK, INC., et al.,**<br><br>**Defendants.** | **Case No. 3:24-cv-04525-LJC**<br><br>**NON-PARTY AMICUS CURIAE APPLICANT'S MOTION TO STRIKE PLAINTIFF'S OPPOSITION FOR FAILURE TO PROVIDE SERVICE** |

**TO THE HONORABLE LISA J. CISNEROS, UNITED STATES MAGISTRATE JUDGE:**

Non-Party Amicus Curiae Applicant, Olga Vasilchenko (the "Applicant"), respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 5(a)(1)(D) and Rule 5(d)(1)(B)(i) to strike Plaintiff's Opposition to Applicant's Motion for Leave to E-File from the formal record. As set forth below, while Applicant was forced to file a timely Combined Reply on October 10, 2026, to preserve her legal rights after independently discovering the filing on the public docket, Plaintiff's complete omission of service remains a fatal procedural defect that warrants striking the document.

## 1. PLAINTIFF'S VIOLATION OF MANDATORY SERVICE REQUIREMENTS AND APPLICANT'S REPLY

On the public docket, Plaintiff recently filed a document styled as an Opposition to Applicant's Motion for Leave to E-File. However, Plaintiff completely failed to serve a copy of said Opposition upon the Applicant, nor did she include a valid Certificate of Service demonstrating delivery to the case participants. Applicant was forced to discover the existence of this opposition independently by manually monitoring the public electronic docket. To protect her procedural rights and ensure the Tribunal was not misled prior to scheduled hearings, Applicant submitted a Combined Reply and Evidentiary Addendum on October 10, 2026 (ECF No. 112). While this Reply remains active and valid to preserve the Applicant's position, Plaintiff's underlying non-service cannot be excused or cured by the Applicant's vigilance.

## 2. LEGAL STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 5

Federal Rule of Civil Procedure 5(a)(1)(D) explicitly mandates that "a written motion, except one that may be heard ex parte, must be served on every party." Furthermore, Rule 5(d)(1)(B)(i) requires that any filing made after the original complaint must include a certificate of service. Litigants proceeding *pro se* are not exempt from these fundamental jurisdictional and procedural rules. A party cannot utilize the Court's filing framework to submit adversarial positions while intentionally maintaining an "information vacuum" to deprive participants of notice.

## 3. STRIKING THE CONCEALED DOCUMENT IS THE PROPER REMEDY

OLGA VASILCHENKO
2907 SUNSET POINT LN
CARROLLTON TX 75007-4307

030800 -1 81 -1
U.S NORTHERN DISTRICT COURT
450 GOLDEN GATE AVE FL 17 PO BOX 36060
SAN FRANCISCO CA 94102-3427

030800

Because Plaintiff failed to comply with the mandatory service rules of this Tribunal, the non-served Opposition is procedurally defective. Striking a non-served document is the appropriate and established mechanism to preserve the integrity of the record and protect the due process rights of participants. The fact that Applicant filed a protective Reply does not waive the fatal defect of Plaintiff's bad-faith concealment.

## CONCLUSION

For the reasons set forth above, Applicant respectfully requests that this Court enter an Order striking Plaintiff's Opposition from the record due to her failure to provide proper service.

Dated: October 23, 2026
Respectfully submitted,

/s/ Olga Vasilchenko
2907 Sunset Point Ln, Carrollton, TX 75007
ludatx1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, a true and correct copy of the foregoing *Motion to Strike Plaintiff's Opposition* was submitted via physical mail to the Clerk of the Court for the United States District Court, Northern District of California, to be electronically served and distributed to all case participants via the Court's CM/ECF system immediately upon manual processing and docketing by the Clerk.

/s/ Olga Vasilchenko

030800

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**MIRIAM GOLDBERG, a/k/a MARINA SOKOLOVSKAYA,**
**Plaintiff,**

**vs.**

**TEACHBK, INC., et al.,**
**Defendants.**

**Case No. 3:24-cv-04525-LJC**

## NON-PARTY AMICUS CURIAE APPLICANT OLGA VASILCHENKO'S MOTION TO STAY PROCEEDINGS PENDING STATE BAR DISCIPLINARY INVESTIGATIONS

TO THE HONORABLE LISA J. CISNEROS, UNITED STATES MAGISTRATE JUDGE:

Non-Party Amicus Curiae Applicant, Olga Vasilchenko (the "Applicant"), respectfully moves this Honorable Court to temporarily stay all proceedings in the above-captioned matter to safeguard the structural integrity of this Tribunal and prevent a manifest abuse of the judicial process.

In support of this Motion, Applicant states as follows:

### 1. PLAINTIFF'S SYSTEMIC PATTERN OF CONCEALING DOCUMENTS AND MANIPULATING PROCESS

As a crucial threshold matter, Applicant alerts the Court that Plaintiff's deceptive practices directly infect her interactions with participants in this action. Plaintiff recently filed an Opposition to Applicant's Motion for Leave to E-File, yet Plaintiff **intentionally failed to serve a copy of said Opposition upon the Applicant**. Applicant was forced to discover the filing independently by manually monitoring the public docket.

This failure to serve copies is not an isolated oversight; it is part of Plaintiff's systemic pattern of behavior designed to orchestrate an "information vacuum." This directly aligns with this Court's verified concerns expressed in the October 13, 2026, Minute Entry (**ECF No. 113**), noting that Plaintiff has failed to ensure the defaulted Defendants receive proper notice of active filings. Plaintiff consistently utilizes non-service and active concealment as a litigation tactic to secure uncontested remedies.

### 2. EVIDENCE OF CRIMINAL FORGERY AND THE UNCLEAN HANDS DOCTRINE

Applicant has submitted into the formal record (**ECF No. 112**) a certified translation of Plaintiff's own public admissions, wherein Plaintiff boasts of intentionally forging official governmental records in the State of New York to manipulate municipal school enrollment frameworks.

Plaintiff's self-documented conduct constitutes severe forgery under New York Penal Law § 170.10 (Forgery in the Second Degree) and violates California Penal Code § 115 (Filing False Documents).

Under the equitable doctrine of "clean hands," a litigant who publicly admits to criminal document falsification and identity manipulation cannot utilize the machinery of a federal court to extract default judgments or financial sanctions. *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945).

**3. PENDING REGULATORY REVIEW BY THE STATE BAR OF TEXAS**

Demonstrating that Plaintiff's fraudulent conduct transcends a private grievance, the State Bar of Texas has formally accepted four (4) independent disciplinary complaints targeting the fraudulent internet crowdfunding and unauthorized practice of law (UPL) managed by Plaintiff's operating network. The Chief Disciplinary Counsel is mandated to issue a formal determination regarding these active files by October 28, 2026.

**4. THE COURT'S INHERENT POWER TO STAY PROCEEDINGS**

A federal court possesses absolute, inherent authority to control its docket and stay civil proceedings when parallel regulatory investigations will directly clarify a primary litigant's lack of candor or active "fraud on the tribunal." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

Because the Court has already vacated the October 20, 2026, dispositive deadline due to notice concerns and the sudden re-appearance of Defendant Andrey Burtsev (**ECF No. 115, 117**), a temporary stay is necessary to prevent Plaintiff from obtaining a fraudulent judgment while her underlying operational network faces an imminent disciplinary timeline.

**CONCLUSION**

For the reasons set forth above, Applicant respectfully requests that this Court enter an Order staying all proceedings and freezing all remaining timelines in this action until the State Bar of Texas issues its formal determinations regarding Plaintiff's fraudulent operations.

Dated: October 22, 2026
Respectfully submitted,

/s/ Olga Vasilchenko
2907 Sunset Point Ln, Carrollton, TX 75007
ludatx1@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a true and correct copy of the foregoing Motion to Stay Proceedings was submitted via physical mail to the Clerk of the Court for the United States District Court, Northern District of California, to be electronically served and distributed to all case participants via the Court's CM/ECF system immediately upon manual processing and docketing by the Clerk.

/s/ Olga Vasilchenko

030800

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE
PAID
PERMIT NO. 634
ZIP CODE 94120

RECEIVED

OCT 30 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

218 JTFHAP1 94102